IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:23-cv-00423-WO-JLW

| | |
|---|---|
| TIMIA CHAPLIN and PAULINO CASTELLANOS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIE R. ROWE, in his official capacity as the Sheriff of Wake County; JOHN DOE SURETY, as surety for the Sheriff of Wake County; BRIAN ESTES, in his official capacity as the Sheriff of Lee County; JOHN DOE SURETY, as surety for the Sheriff of Lee County; TYLER TECHNOLOGIES, INC.; and DOES 1 THROUGH 20, INCLUSIVE, <br><br> Defendants. | **BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT BRIAN ESTES, IN HIS OFFICIAL CAPACITY AS SHERIFF OF LEE COUNTY** |

NOW COMES the defendant Brian Estes, in his official capacity as Sheriff of Lee County, and files this brief in support of his motion to dismiss pursuant to Rule 12(b)(6).

## INTRODUCTION

This is a lawsuit in which the Plaintiffs complain at some length about the State of North Carolina's "rollout of 'eCourts' in four pilot counties" and how the "eCourts launch" by the State of North Carolina and Defendant Tyler Technologies, Inc. has led to problems. (Complaint, pars. 1-4, 28-88 and exhibits thereto). Most of the factual allegations in the Complaint relate to the State of North Carolina, which has not been named as a defendant,

and to Defendant Tyler Technologies, Inc. (see Complaint, pars. 1-4, 28-88 and exhibits thereto).

However, for some reason the Plaintiffs also included, as a defendant, Brian Estes "in his official capacity as Sheriff of Lee County." (Complaint, caption and par. 18). The "official capacity" suit against Sheriff Estes is in reality a suit against the Office of Sheriff of Lee County, since "an official capacity suit is…to be treated a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165-166, 105 S. Ct. 3099, 3105 (1985). See Gantt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. 2002) (holding that an "official capacity" suit against the Sheriff of Davie County was actually a suit against the Office of Sheriff of Davie County), aff'd, 57 Fed Appx. 141 (4th Cir. 2003).

### Factual Allegations in the Complaint Relating to Defendant Estes

The few allegations in the Complaint containing factual content relating to Sheriff Estes are found in paragraphs 18-23 of the Complaint, which state as follows:

> 18. Defendant Brian Estes ("Sheriff Estes") is the elected Sheriff of Lee County, North Carolina, and is sued in his official capacity as the Sheriff of Lee County.
>
> 19. Defendant Sheriff Estes is charged by statute with control and operation of the Lee County's Sheriff's Office, including policymaking, training and supervision relating to the employees of the Lee County Sheriff's Office.
>
> 20. Defendant Sheriff Estes is further responsible for the care and custody of Lee County's detention facilities.
>
> 21. Upon information and belief, Defendant Sheriff Estes oversees the Judicial Services division of Lee County Sheriff's Office. Upon information and belief, the Judicial Services Division is tasked with protecting the Lee County Justice Center and Courthouse and is responsible

2

for ensuring that court papers are properly issued and that court cases are protected efficiently.

22. Upon information and belief, the Judicial Services Division also houses the Warrant unit. This unit is responsible for all criminal process including the issuance of criminal warrants. This unit also processes judicial orders pertaining to criminal summons, restraining orders and warrant services.

23. Upon information and belief, Defendant Sheriff Estes, through Lee County, had, at the time of Plaintiffs' unlawful detentions, waived governmental or sovereign immunity from the state law tort claims in this case pursuant to N.C.G.S. § 153A-435, either by participating in a government risk pool or through purchasing commercial insurance that will indemnify him and his agents for any judgment against him or his agents named in this action.

**Factual Allegations in the Complaint Relating to
Plaintiff Paulino Castellanos**

Plaintiff Paulino Castellanos is a resident of Lee County (Complaint, par. 27) and was arrested in Lee County by an unnamed officer. (Complaint, par. 77). Since Plaintiff Castellanos was arrested in Lee County, Castellanos is presumably intending to sue Sheriff Estes in his official capacity as Sheriff of Lee County.

The specific factual allegations relating to Plaintiff Castellanos appear at paragraphs 27 and 75-88 of the Complaint. In general, Plaintiff Castellanos alleges that he was arrested in Lee County on February 10, 2023, and that he spent 14 days in jail because of the State and Defendant Tyler Technologies, Inc.'s botched transition to eCourts and "purportedly because no electronic monitoring device was available." (Complaint, pars. 75-88). Significantly, however, the allegations in the Complaint relating to Plaintiff Castellanos make <u>no</u> factual allegations relating to or against Sheriff Estes. In fact, the factual

3

allegations in the Complaint dealing with Castellanos (Complaint, pars. 27 and 75-88) do not mention Sheriff Estes at all.[1]

### Claims in the Complaint Asserted Against Defendant Estes

The Plaintiffs have asserted two claims against Sheriff Estes.

The First Claim for Relief is purportedly a claim for violation of 42 U.S.C § 1983 against the "Sheriff Defendants." (Complaint, pars. 97-103). The Plaintiffs' First Claim for Relief contains legal conclusions to the effect that Sheriff Estes "violated Plaintiffs' rights" in unspecified ways (Complaint, par. 100) and that unspecified "customs, policies and practices" of "Sheriff Defendants" somehow "caused Plaintiffs to be searched, seized, and detained without a lawful basis" (Complaint, par. 102); however, Plaintiffs' First Claim for Relief contains no factual matter or specific factual allegations pertaining to Sheriff Estes.

The Third Claim for Relief purports to be a claim for declaratory judgment against the "Sheriff Defendants." (Complaint, pars. 109-113). The Third Claim for Relief includes a conclusory assertion that "Sheriff Defendants, acting under color of state law and with deliberate indifference, have violated the constitutional rights of Plaintiffs and the Class by participating in and proximately causing the constitutional violations described herein…." (Complaint, par. 111). However, the Third Cause of Action, like the rest of Plaintiffs'

---

[1] The allegations in the Complaint relating to Plaintiff Timia Chaplin (who was arrested and charged in Wake County, not Lee County) also make no mention of Sheriff Estes. (Complaint, pars. 66-74).

Complaint, contains no factual allegations regarding any alleged wrongful or illegal action taken by Sheriff Estes or the Lee County Sheriff's Office.

## ARGUMENT

### I. DEFENDANT SHERIFF ESTES IS ENTITLED TO DISMISSAL OF PLAINTIFFS' LAWSUIT AGAINST HIM BECAUSE PLAINTIFFS HAVE NOT PLAUSIBLY PLED ANY CAUSE OF ACTION AGAINST ESTES

#### A. Standard for Rule 12(b)(6) Motions

Under Rule 12(b)(6), a complaint must give each defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). To meet this requirement, the complaint must be supported by factual allegations. "While legal conclusions can provide the framework of the complaint," neither legal conclusions nor conclusory statements are themselves sufficient and such conclusory statements are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-679, 129 S.Ct. 1937, 1949-50 (2009). To survive a motion to dismiss, a plaintiff's complaint must allege "more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. at 678, 129 S.Ct. at 1949. Instead, a complaint will survive a motion to dismiss under Rule 12(b)(6) only if it contains facts sufficient to "state a claim that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Twombly and Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies

allegations that, because they are no more than conclusions, are not entitled to the presumption of truth. Iqbal, supra. at 678, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Id. (Citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Courts do not "accept as true a legal conclusion couched as a factual allegation." Iqbal, supra. at 678, 129 S.Ct. at 1949-50. Twombly and Iqbal require "more than an unadorned, the defendant-unlawfully-harmed-me accusation." Twombly, 550 U.S. at 555. "Although the pleading requirements stated in Rule 8 [of the Federal Rules of Civil Procedure] mark[ ] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era…it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal at 678-79. In other words, while the court may accept factual allegations in a complaint as true and considers the facts in the light most favorable to the plaintiff in ruling on a motion to dismiss, "conclusory" allegations, "naked assertions," Twombly, 550 U.S. at 557, and/or "formulaic recitations," Id. at 555, should be disregarded for purposes of a motion to dismiss. Id. at 555-57. Thus, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Market Incorporated v. J.V. Associates, LP, 213 F.3d 175, 180 (4th Cir. 2000). See Twombly, 550 U.S. at 555 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Thus,

6

conclusory allegations are not entitled to the presumption of truth and must therefore be disregarded when analyzing a motion to dismiss under Rule 12(b)(6).

The next step is for the court to determine whether the remaining well-pleaded facts make out a plausible claim – i.e., whether the factual allegations are "enough to raise a right of relief above the speculative level…on the assumption that all the [well pleaded factual] allegations in the complaint are true…." Twombly at 555. This is because in order for Plaintiffs to withstand a motion to dismiss, the Complaint must contain "enough factual matter" to make out a claim that is "plausible." Id. at 556. Determining whether a complaint contains sufficient facts to state a "plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, supra. at 679. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

    **B.    Plaintiffs' Lawsuit Against Sheriff Estes Must Be Dismissed Because Plaintiffs Have Failed to Allege Any Facts Stating a Plausible Claim for Relief Against Sheriff Estes**

        1.    The conclusory statements and formulaic recitations in Plaintiffs' Complaint are not entitled to the presumption of truth, and should be disregarded for purposes of Sheriff Estes' motion to dismiss

The Plaintiffs' Complaint contains a few conclusory statements, legal assertions, and/or formulaic recitations relating to Defendant Estes. For example, in paragraph 102, Plaintiffs state that the Defendant Sheriffs' unidentified "customs, policies and practices

7

related to the adoption and implementation of eCourts caused Plaintiffs to be searched, seized and detained without a lawful basis." (Complaint, par. 102). However, Plaintiffs have pled no factual matters relating to any "customs, policies, and practices" of Defendant Estes or the Office of Sheriff of Lee County.

Similarly, paragraph 111 of Plaintiffs' Complaint contains a request for a declaration that might arguably be construed as a conclusory allegation directed at Defendant Estes. Thus, in paragraph 111, Plaintiffs "request a declaration that Sheriff Defendants…have violated the constitutional rights of Plaintiffs and the Class by directly participating in and proximately causing the constitutional violations described herein and by failing to rectify these systemic constitutional violations." However, Plaintiffs have pled no factual content showing or indicating that Defendant Estes or the Office of Sheriff of Lee County violated anyone's constitutional rights.

Also, in paragraphs 115-116 of Plaintiffs' Complaint, Plaintiffs state, in conclusory fashion, that "Plaintiffs and the Class" "have suffered and will continue to suffer unconstitutional deprivations of their liberty interests" caused by unspecified "administrative policies" of the "Sheriff Defendants." (Complaint, Doc. 1, pars. 115-116). However, Plaintiffs have pled no factual content relating to these unspecified "administrative policies" of Defendant Estes.

As explained above, these few conclusory statements, conclusory allegations, naked assertions, and/or formulaic recitations are not entitled to the presumption of truth, and

8

Case 1:23-cv-00423-WO-JLW    Document 11    Filed 08/31/23    Page 8 of 13

should therefore be disregarded for purposes of Defendant Estes' motion to dismiss. Iqbal at 678-79; Twombly at 555-557.

> 2. The few factual allegations in Plaintiffs' Complaint relating to Defendant Estes do not state a plausible claim for relief against Estes

As discussed above, the next step in the analysis of Defendant Estes' Rule 12(b)(6) motion is for the court to determine whether the well-pleaded facts in the Complaint make out a plausible claim – i.e., whether the factual allegations are "enough to raise a right of relief above the speculative level…on the assumption that all the [well pleaded factual] allegations in the complaint are true…." Twombly at 555. If the Complaint does not contain "enough factual matter" relating to Estes to make out a claim against Estes that is "plausible," the suit against Estes must be dismissed. Id. at 556. In the instant case, as shown below, the very few factual allegations relating to Defendant Estes do not state a plausible claim for relief against Defendant Estes. Accordingly, Defendant Estes' motion to dismiss should be granted.

As noted above, the only factual allegations in the Complaint relating to Defendant Estes are found at paragraphs 18 through 23, which state as follows:

> 18. Defendant Brian Estes ("Sheriff Estes") is the elected Sheriff of Lee County, North Carolina, and is sued in his official capacity as the Sheriff of Lee County.
>
> 19. Defendant Sheriff Estes is charged by statute with control and operation of the Lee County's Sheriff's Office, including policymaking, training and supervision relating to the employees of the Lee County Sheriff's Office.
>
> 20. Defendant Sheriff Estes is further responsible for the care and custody of Lee County's detention facilities.

9

Case 1:23-cv-00423-WO-JLW   Document 11   Filed 08/31/23   Page 9 of 13

21. Upon information and belief, Defendant Sheriff Estes oversees the Judicial Services division of Lee County Sheriff's Office. Upon information and belief, the Judicial Services Division is tasked with protecting the Lee County Justice Center and Courthouse and is responsible for ensuring that court papers are properly issued and that court cases are protected efficiently.

22. Upon information and belief, the Judicial Services Division also houses the Warrant unit. This unit is responsible for all criminal process including the issuance of criminal warrants. This unit also processes judicial orders pertaining to criminal summons, restraining orders and warrant services.

23. Upon information and belief, Defendant Sheriff Estes, through Lee County, had, at the time of Plaintiffs' unlawful detentions, waived governmental or sovereign immunity from the state law tort claims in this case pursuant to N.C.G.S. § 153A-435, either by participating in a government risk pool or through purchasing commercial insurance that will indemnify him and his agents for any judgment against him or his agents named in this action.

There are no factual allegations in Plaintiffs' Complaint indicating that Sheriff Estes committed any wrongful acts. Indeed, there are no factual allegations in the Complaint stating that Sheriff Estes and/or the Office of Sheriff of Lee County took <u>any</u> action that had any affect on Plaintiffs.

In short, the few factual allegations in the Complaint relating to Sheriff Estes do not contain facts sufficient to state a claim that is "plausible on its face" against Estes under <u>Iqbal</u> and <u>Twombly</u>. As explained above, to survive a motion to dismiss, Plaintiffs must allege "more than an unadorned, the defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, <u>supra</u>. at 678. In this case, the above factual allegations relating to Sheriff Estes do not state that Estes committed any wrongful or illegal acts. Since Plaintiffs have not alleged any wrongful or illegal acts by Sheriff Estes, Sheriff Estes has neither "fair notice" of any

10

claim against him nor notice of the "grounds upon [any] claim against [him] rests." Twombly, supra. at 555. Thus, the facts as pled by Plaintiffs do not permit the Court to infer even the possibility of misconduct by Sheriff Estes. See Iqbal, supra. at 679. Accordingly, under Iqbal and Twombly, all claims against Sheriff Estes should be dismissed.

## CONCLUSION

Based on the foregoing arguments and authorities, the defendant Sheriff Brian Estes, in his official capacity as Sheriff of Lee County, respectfully submits that his motion to dismiss pursuant to Rule 12(b)(6) should be granted.

Respectfully submitted, this the 31st day of August, 2023.

/s/ *James R. Morgan, Jr.*
James R. Morgan, Jr.
N.C. State Bar No. 12496
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3710
Facsimile: (336) 733-8394
E-mail: Jim.Morgan@wbd-us.com
*Attorney for Defendant Brian Estes*

## LOCAL RULE 7.3(d)(1) CERTIFICATION

The undersigned hereby certifies that this brief does not exceed 6,250 words and is therefore compliant with Local Rule 7.3(d)(1). More specifically, the body of the brief, headings, and footnotes comprise 2,636 words.

/s/ James R. Morgan, Jr.
James R. Morgan, Jr.
N.C. State Bar No. 12496
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3710
Facsimile: (336) 733-8394
E-mail: Jim.Morgan@wbd-us.com
*Attorney for Defendant Brian Estes*

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2023, I electronically filed the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT BRIAN ESTES, IN HIS OFFICIAL CAPACITY AS SHERIFF OF LEE COUNTY** with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all Counsel of record.

/s/ *James R. Morgan, Jr.*
James R. Morgan, Jr.
N.C. State Bar No. 12496
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3710
Facsimile: (336) 733-8394
E-mail: Jim.Morgan@wbd-us.com
*Attorney for Defendant Brian Estes*