IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
NO. 1:23-CV-00423

| | |
|---|---|
| TIMIA CHAPLIN and PAULINO CASTELLANOS, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| WILLIE R. ROWE, in his official capacity as the Sheriff of Wake County; JOHN DOE SURETY, as surety for the Sheriff of Wake County; BRIAN ESTES, in his official capacity as the Sheriff of Lee County; JOHN DOE SURETY, as surety for the Sheriff of Lee County; TYLER TECHNOLOGIES, INC.; and DOES 1 THROUGH 20, INCLUSIVE, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS OF WAKE COUNTY SHERIFF
WILLIE ROWE**

NOW COMES defendant Wake County Sheriff, and through undersigned counsel, and pursuant to Local Rule 7.1(d) and 7.2, hereby submits this Memorandum of Law in Support of its Motion to Dismiss filed contemporaneously with this memorandum. In support of the motion to dismiss, the undersigned, moves for a dismissal for the following reasons.

STANDARD OF LEGAL REVIEW

Rule 12(b) authorizes dismissal based on a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319 (1989). For the purposes of a defendant's motion to dismiss, the court must take Plaintiff's factual allegations as true. *Republican Party of North Carolina v. Martin*, 980 F.2d 943 (4th Cir. 1992) (citing *Jenkins v. McKeithen*, 395 U.S. 411 (1969)). However, "[t]he tenet that a

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A motion to dismiss will be granted if there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Quraishi v. Shalala*, 962 F. Supp. 55 (D. Md. 1997) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990); and *Sutton v. Eastern Viavi Co.*, 138 F.2d 959 (7th Cir. 1943) (holding that "no claim for relief is stated if the complaint pleads facts insufficient to show that a legal wrong has been committed, or omits an averment necessary to establish the wrong or fails so to link the parties with the wrong as to entitle the plaintiff to redress").

## NATURE OF THE CASE

Plaintiffs' complaint seeks compensatory and special damages arising out of four (4) Causes of Action. These include claims under 42 U.S.C. § 1983 against sheriff defendants (violations of federal civil rights) [DE 1, ¶¶ 97-103], a negligence claim against Defendant Tyler Technologies, Inc. only [DE 1, ¶¶ 104-108], a claim for declaratory judgment against Sheriff Defendants [DE 1, ¶¶ 109-113] and a claim for injunctive relief against sheriff defendants [DE 1 ¶¶ 114-120]. These claims arise out of the plaintiffs' arrest on what plaintiffs allege were warrants which were "resolved" but did not show as "resolved" in the newly established eWarrants system adopted in four (4) pilot counties which included Wake and Lee Counties.

## STATEMENT OF THE FACTS

Plaintiffs claim that the North Carolina state court's launch of a new "eCourts" electronic court filings "has caused people to spend days or weeks longer than necessary in jail. Others have been arrested multiple times on the same warrant— even after their charges have been dismissed

2

by a judge." [DE 1, ¶ 3]. Plaintiffs bring this action against Sheriff Willie Rowe, the duly elected and serving Sheriff of Wake County arising out of what plaintiffs claim was their wrongful detention as a result of outstanding but defective warrants in the eCourts system.

Plaintiffs allege that Defendant Rowe, as Sheriff, oversees the Judicial Services division of the Wake County Sheriff's Office and that the Judicial Services Division is tasked with protecting the Wake County Justice Center and Courthouse and is responsible for "ensuring that court papers are properly issued and that court cases are processed efficiently." [DE 1, ¶ 14]. Plaintiffs further allege that in 2019 the administrative office of the Courts contracted with defendant Tyler Technologies to, among other things, "develop eWarrants, an online warrant repository bespoke to North Carolina." [DE 1, ¶ 46 – 47]. The rollout of the eCourts electronic court filings was to take five (5) years with four "pilot counties', which included Wake County. [DE 1, ¶ 48].

Plaintiffs further alleged that after the launch on February 13, 2023 in the four pilot counties, "it soon became clear that eCourts was besieged by defects." [DE 1, ¶ 54]. The allegations of the complaint include some individuals spending days or weeks longer in jail than necessary, and some being arrested multiple times on the same warrant. [DE 1, ¶ 60, 61]. As it relates to defendant Rowe, plaintiff Chaplin alleges that she was criminally charged in Wake County, was called to court in Wake County and failed to appear and was arrested on March 4, 2023 for failure to appear. [DE 1, ¶ 67 -69]. Chaplin allegedly appeared in district court for a rescheduled court date during which the charges were dismissed and her case was designated in the Odyssey system as "resolved." [DE 1, ¶ 70]. Chaplin alleges she was rearrested on April 9, 2023 "because, although her case had been 'resolved,' Odyssey did not communicate that resolution to eWarrants, in contravention of the software's intended design. As a result, an arrest warrant remained outstanding for Ms. Chaplin nearly a month after her case had been dismissed."

3

[DE 1, ¶ 72]. Chaplin alleges that she was subject to a traffic stop on April 17, 2023 and she asked the officer whether any warrants remain outstanding against her and the officer informed her that the original warrant was "still active." [DE 1, ¶ 74].

As it relates to the Sheriff defendants, the complaint purports to assert a class action and, as a basis, alleges that the questions of fact and law common to all purported members of the claims:

> Whether the acts or omissions of the Defendant Sheriffs in connection with adopting and implementing eCourts were the proximate cause of the constitutional deprivations of Plaintiffs and the proposed Class and/or whether these Defendants' failure to properly train and supervise their subordinates with respect to eCourts was the proximate cause of the constitutional deprivations of Plaintiffs and the proposed Class; and Whether the Defendant Sheriffs' implementation of their administrative policies amounts to a policy of deliberate indifference and/or inaction to the constitutional rights of Plaintiffs and the proposed Class;

[DE 1, ¶ 91, c & d].

Plaintiffs only remaining allegations against Sheriff Rowe are that he is sued in his official capacity under 42 U.S.C. § 1983, that Rowe violated plaintiffs' rights under the fourth and fourteenth amendments and that the Sheriff's customs, policies and practices related to the adoption and implementation of eCourts caused Plaintiffs to be searched, seized and detained without a lawful basis. [DE 1, ¶ 97 - 102]. In their Third Claim for Relief (declaratory judgment) plaintiffs request "a declaration that the Sheriff Defendants, acting under color of state law and with deliberate indifference, have violated the constitutional rights of Plaintiffs and the Class by directly participating in and proximately causing the constitutional violations described herein and by failing to implement remedial measures to rectify these systematic constitutional violations." [DE 1, ¶ 111].

ARGUMENT

### I. Plaintiffs' Complaint Fails to State a Claim against Defendant Rowe as it contains no factual allegations against Sheriff Rowe, only legal conclusions.

The complaint falls woefully shorts of asserting any factual allegation against Sheriff Rowe which, if true, would support the threadbare allegations of plaintiffs' First and Third Claims for Relief. Put simply, every allegation against Sheriff Rowe is a legal conclusion and there are no factual allegations giving Sheriff Rowe or the court notice of what wrongs plaintiffs believe the sheriff committed. One might surmise that the sheriff or one of his deputies arrested plaintiff Chaplin – one might surmise that there was an outstanding but defective or resolved warrant underlying such an arrest. However, these missing "facts" remain a mystery to this defendant even today. Moreover, plaintiffs have failed to specifically identify one (1) single "custom" or "policy" implemented or followed by Sheriff Rowe which was a "moving force" behind a constitutional right violation. The complaint is absolutely silent as to what agency issued the warrant, what agency arrested the plaintiff, what agency or party was responsible for "calibrating" the eCourts court filing system (aka Odyssey) with the eWarrants software – or more importantly, who should have "resolved" plaintiff Chaplin's outstanding warrant with the eWarrants software. This is particularly important when so many stakeholders were involved in a process this big – such as judges, Court Clerks and the Administrative office of the Court, all parties conspicuously absent from this complaint.

Dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P., is appropriate where the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashscroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain more than "[t]hreadbare recitals of the elements of a cause of action, supported by

5

mere conclusory statements." *Id.* Instead, the complaint must allege facts that plausibly satisfy each element of the claims for which relief is sought. *Id.* at 679. Accordingly, a motion to dismiss must be granted if the complaint does not allege a sufficient factual basis to support a plausible inference that plaintiff is entitled to relief. Here, the complaint does just that - it contains some of the elements of a *Monel* cause of action, supported by mere conclusory statements that defendant Rowe violated the plaintiff Chaplin's right.

Plaintiffs' allegations that two of North Carolina's one hundred Sheriffs would have responsibility for customs, policies or practices related to the adoption of eCourts has stretched plausibility to the breaking point. These could never be a consistent working plan for a statewide rollout of a statewide eCourts and eWarrants systems if every sheriff in North Carolina was empowered to implement his or her own policies. Plaintiffs similarly allege that Sheriff Rowe is responsible for ensuring that court papers are "properly issued and that cases are processed efficiently" [DE 1, ¶ 14] and incredibly alleges that somehow the Sheriffs had some say "in connection with adopting and implementing eCourts." [DE 1, ¶ 91].

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* at 557, 127 S. Ct. 1955; *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Here, plaintiffs' protestations that the Sheriff was

somehow lacking in implementation or adoption of the eCourts pilot program is implausible on its face and does not deserve the assumption of truth for purposes of this motion.

**II.      Plaintiff Chaplin's Complaint Fails to State a Claim against Defendant Sheriff Rowe because as a matter of law the Sheriff has no discretion on whether a warrant is valid and is required by law to serve process when presented to him.**

The office of Sheriff is created by the N.C. Constitution, Article VII, Sec. 2. The North Carolina courts have held that Sheriffs are "the chief law enforcement office of the county." *Southern Railway v. Mecklenburg*, 231 N.C. 148, 56 S.E.2d 438 (1949). North Carolina courts have further held that law enforcement officers are "public officers." *Blake v. Allen*, 221 N.C. 445, 20 S.E.2d 552 (1942). Public officers enjoy no special immunity for unauthorized acts, or acts outside their official duty. *Gallimore v. Sink*, 27 N.C.App. 65, 218 S.E.2d 181 (1975). However, "officers cannot be deemed to act maliciously when they enforce a court order that is valid on its face. They are not to be expected to go behind the face of the order." *Greer v. Broadcasting Co.*, 256 N.C. 382, 124 S.E.2d 98 (1962); *Alexander v. Lindsey*, 230 N.C. 663, 55 S.E.2d 470 (1949). It is generally held that public officers are acting "ministerially," and are qualifiedly immune even when:

> "(A)cting under an unconstitutional statute, which can confer no jurisdiction at all, the courts are being driven slowly to *66 the view that the officer cannot be required to determine legal questions which would often perplex a court, and that if he has acted in good faith he should not be liable."

Prosser, Torts, 1971 Ed., Immunities, s 132, p. 991. *State ex rel. Jacobs v. Sherard*, 36 N.C. App. 60, 65–66, 243 S.E.2d 184, 188 (1978).

Defendant Rowe also contends that when a law enforcement office is in possession of a facially valid warrant, North Carolina law provides the authority to effectuate the arrest. N.C. Gen. Stat. Ann. § 15A-401 provides as follows:

a) Arrest by Officer Pursuant to a Warrant.--

7

(1) Warrant in Possession of Officer.--An officer having a warrant for arrest in his possession may arrest the person named or described therein at any time and at any place within the officer's territorial jurisdiction.

"Every sheriff, by himself or his lawful deputies, shall execute and make due return of all writs and other process to him legally issued and directed, within his county or upon any river, bay or creek adjoining thereto, or in any other place where he may lawfully execute the same." N.C. Gen. Stat. Ann. § 162-14. Thus, when an otherwise valid warrant is presented to a sheriff, his job is not in inquire into its validity – his or her job is to serve it. [1]

In North Carolina, a sheriff has no discretion in whether to serve what otherwise appears to be a valid warrant. In *Lawson v. Lawson*, 241 N.C. App. 399, 775 S.E.2d 36 (2015), the court concluded

> Our appellate courts have recognized the duty of law enforcement officers to serve a properly issued warrant. When a warrant, valid in form and issued by a court of competent jurisdiction, is placed in the hands of an officer for execution, it is his duty to carry out its demands without delay, and he incurs no liability for its proper execution, however disastrous may be the effect on the person against whom it is issued. If it is regular on its face, he is bound to serve it, and failure to do so would be disobedience of a lawful court order, punishable as contempt. *State v. Harvey*, 281 N.C. 1, 9, 187 S.E.2d 706, 712 (1972); see also *Robinson v. City of Winston–Salem*, 34 N.C.App. 401, 406, 238 S.E.2d 628, 631 (1977) ("[A law enforcement officer's] failure to serve [a] warrant may amount to dereliction of duty[.]").

Plaintiffs have not identified any legal authority for the proposition that a sheriff is required to inquire into whether a warrant was "properly issued."

---

[1] The sheriff's eviction of the plaintiffs from a municipal housing project pursuant to an order of ejectment did not constitute a violation of the plaintiffs' Fourth Amendment rights so as to subject the sheriff to a claim for damages under 42 U.S.C.A. § 1983, even assuming that the sheriff had a policy and agreement with the housing authority for the unofficial cancellation of ejectment orders and that the housing authority had notified the sheriff to cancel execution of the ejectment order against the plaintiffs because a violation of an unofficial and informal agreement or policy between the sheriff and the holder of an ejectment judgment was at most a breach of the duty to exercise ordinary care and did not divest the sheriff of authority to execute a valid judicial order. *McDowell v. Davis*, 33 N.C. App. 529, 235 S.E.2d 896 (1977) (overruled on other grounds by, *Johnson v. Ruark Obstetrics and Gynecology Associates, P.A.*, 327 N.C. 283, 395 S.E.2d 85 (1990)).

8

Similarly, federal courts have held that an arrest pursuant to a facially valid warrant does not give rise to liability under 42 U.S.C. § 1983 for violation of the Fourth Amendment. (see *Peacock v. Mayor & City Council of Baltimore*, 199 F. Supp. 2d 306, 310 (D. Md. 2002). ([Plaintiff's] arrest is legally justified in Maryland, even if unbeknownst to the arresting police officer, the warrant is in fact improper. *Id.* (*quoting Ashton v. Brown,* 339 Md. 70, 660 A.2d 447, 472 (1995)). For the reasons stated above regarding the alleged Fourteenth Amendment violations, there is no factual basis for holding members of the Sheriff's Office liable for plaintiff's continued detention. Even so, the continued detention was legally justified. *Peacock v. Mayor & City Council of Baltimore*, 199 F. Supp. 2d 306, 310 (D. Md. 2002).

The Fourth Circuit has similarly held that a County sheriff and clerks of court could not be held liable in civil rights action to arrestee who was arrested pursuant to recalled bench warrant, absent showing that failure to recall warrant was anything more than active negligence or that county had policy of serving invalid warrants. *Mitchell v. Aluisi*, 872 F.2d 577 (4th Cir. 1989). This is the exact claim plaintiffs are making in this case. Again, as to the allegation that Sheriff Rowe had a "policy" in place, this allegation is totally implausible because 1) the sheriff would have no authority to issue his or her own distinct policy for service of warrants in a state wide system of electronic court filings; and 2) plaintiffs allege that the eWarrants system went live and her arrest was two months later.

We may even assume, *arguendo*, that, depending on what procedures the State affords defendants following arrest and prior to actual trial, mere detention pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of "liberty . . . without due process of law." But we are quite certain that a detention of three days over a New Year's weekend does not and could not amount to such a deprivation.

CONCLUSION

In this case, plaintiffs' complaint is devoid of any real factual allegations. Therefore, "the legal conclusions 'are not talismanic' because 'it is the alleged facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage.'" *Jordan v. Alternative Resources Corp.*, 458 F.3d 332 (4th Cir. 2006). The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567 (4th Cir. 2001). Plaintiff Chaplin's few facts if true and provable, would not entitle her to recover from this defendant. Further, the complaint makes the quantum leap that the various Sheriffs have authority to implement eCourts and other policies concerning what will eventually be a statewide rollout of electronic court records which is not plausible and not supported by law. Therefore, the complaint simply fails to state a legally cognizable claim against defendant Wake County Sheriff Willie Rowe and should be dismissed.

For the foregoing reasons, defendant Wake County Sheriff Willie Rowe respectfully requests that the Court dismiss the Plaintiff's Complaint against this defendant with prejudice.

Respectfully submitted this the 6th day of September, 2023.

WAKE COUNTY ATTORNEY'S OFFICE

/s/ *Roger A. Askew*
Roger A. Askew, NCSB # 18081
Senior Deputy County Attorney
Post Office Box 550
Raleigh, North Carolina 27602
Phone: (919) 856-5500
Fax:   (919) 856-5504
*Attorney for Defendant Wake County Sheriff
  Willie Rowe*

/s/ Robert J. Lane
Robert J. Lane, NCSB # 53767
Assistant County Attorney
Post Office Box 550
Raleigh, North Carolina 27602
Phone: (919) 856-5500
Fax:    (919) 856-5504
*Attorney for Defendant Wake County Sheriff*
  *Willie Rowe*

11

**LOCAL RULE 7.3(d)(1) CERTIFICATION**

The undersigned hereby certifies that this brief does not exceed 6,250 words and is therefore compliant with Local Rule 7.3(d)(1). More specifically, the body of the brief, headings, and footnotes comprise 3,199 words.

WAKE COUNTY ATTORNEY'S OFFICE

/s/ *Roger A. Askew*
Roger A. Askew, NCSB # 18081
Senior Deputy County Attorney
Post Office Box 550
Raleigh, North Carolina 27602
Phone: (919) 856-5500
Fax:    (919) 856-5504
*Attorney for Defendant Wake County Sheriff*
  *Willie Rowe*

**CERTIFICATE OF SERVICE**

I, the undersigned attorney for defendant Wake County, hereby certifies that on the day indicated below the foregoing and attached **MEMORANDUM IN SUPPORT OF DEFENDANT SHERIFF ROWE'S MOTION TO DISMISS** was electronically filed with the Clerk of Court using the CM/ECF filing system and served via electronic transmission through the Court's CM/ECF system in accordance with Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure and applicable local rules upon the CM/ECF participants:

This the 6th day of September, 2023.

/s/ *Roger A. Askew*
Roger A. Askew, NCSB # 18081
Senior Deputy County Attorney
Wake County Attorney's Office
P.O. Box 500
Raleigh, NC 27602
Telephone: 919-856-5500
Facsimile: 919-856-5504
E-Mail: Roger.askew@wakegov.com
*Attorney for Defendant Wake County Sheriff
 Willie Rowe*