IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:23-CV-00423-WO-JLW

| | | |
|---|---|---|
| TIMIA CHAPLIN, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM OF LAW** |
| | ) | IN SUPPORT OF PLAINTIFFS' MOTION |
| v. | ) | TO EXTEND THE TIME TO MOVE FOR |
| | ) | CLASS CERTIFICATION UNDER |
| WILLIE ROWE, et al. | ) | LOCAL RULE 23.1 |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs respectfully file this memorandum in support of their motion to extend the time to move for class certification under Local Rule 23.1(b).

## INTRODUCTION

Under the Federal Rules, a court must determine whether to certify a class action "[a]t an early practicable time after a person sues or is sued." Fed. R. Civ. P. 23(c)(1). To that end, this Court's Local Rules provide that a plaintiff "shall file a separate motion for a determination under Rule 23(c)(1)" within ninety days of filing a complaint, "unless this period is extended by court order." LR 23.1(b).

An extension is warranted here for several reasons. This case is in its infancy, so any class certification motion would be premature. Defendants' motions to dismiss are still pending. Plaintiffs have conducted no pre-certification discovery. And Plaintiffs will likely need to amend the Complaint to add new plaintiffs *and* defendants given that the putative class in this matter continues to grow.

Concededly, Plaintiffs filed their Complaint on May 23, 2023—more than ninety days ago. But the failure to move for an extension of Rule 23.1(b)'s deadline was due to simple inadvertence; there is no bad faith or gamesmanship at hand. Counsel calendared the class certification motion deadline as ninety days from the date of *service* of the Complaint—which occurred in mid-August—versus ninety days from the date of *filing* the Complaint. Undersigned counsel acknowledge this misstep and will attend to the Local Rules.

That said—and with this scenario in mind—the Federal Rules empower courts to "extend the time [to move for certification] . . . after the time has expired if the [plaintiff] failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Whether neglect is "excusable" is, "at bottom an equitable [determination], taking account of all relevant circumstances"—including what prejudice (if any) will be suffered by the other parties, the length of and reason for the delay, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Gaskins v. BFI Waste Servs., LLC*, 281 F. App'x 255, 260-61 (4th Cir. 2008) (unpublished).

Under this rubric, courts may "accept late filings caused by inadvertence, mistake, or carelessness" when equitable. *Pioneer*, 507 U.S. at 388. Because the equities here favor a finding of "excusable neglect," Plaintiffs respectfully request that their motion to extend the time to comply with Local Rule 23.1(b) be granted.[1]

**A. An extension is warranted.**

An extension of time to move for class certification is warranted for several reasons.

---

[1] While Defendant Estes and Defendant Tyler Technologies do not consent to this motion pursuant to Local Rule 6.1, Defendant Rowe believes that a scheduling order for class certification should be set out by the Court.

- 2 -

Case 1:23-cv-00423-WO-JLW   Document 24   Filed 10/04/23   Page 2 of 6

First, any class-certification motion would be premature. This case involves civil-rights violations arising from the rollout of the so-called "eCourts" software in North Carolina—a rollout that is still ongoing. The state's largest county, Mecklenburg County, is scheduled to implement the software beginning October 9, 2023.

Plaintiffs intend to amend the Complaint to add additional plaintiffs *and* additional defendants as more counties adopt "eCourts."[2] Denial of the instant motion would have no binding effect on these new parties. Nor would it shield the currently-named Defendants from later certification motions. Rather, denial would merely complicate this litigation—currently-named Plaintiffs could move to certify against some defendants (the new ones), and the new plaintiffs could move to certify against all defendants. This is exactly the kind of morass that the class-action vehicle is designed to prevent. The better approach would be to grant this motion, thereby permitting all plaintiffs (present and future) to move for class certification against all defendants together, as intended under Rule 23.

Second, it would be wasteful for the Court to make a certification determination before ruling on Defendants' pending motions to dismiss. (*See* ECF Nos. 10, 15, 19) Were the Court to grant those motions, certification would be made irrelevant. It would be more economical, therefore, to stay the certification question until after Defendants' motions to dismiss have been resolved.

Last, a certification motion should be informed by class discovery, and this Court has not yet entered a Rule 16 scheduling order. As the Supreme Court has explained, a party seeking class certification "must affirmatively demonstrate his compliance with [Rule 23]—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions

---

[2] Plaintiffs have until October 27, 2023, to amend the Complaint.

of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 530 (2011) (emphasis in original). Because class certification requires a "rigorous analysis" designed to ensure "[a]ctual, not presumed, conformance" with Rule 23, *id.* at 351 (cleaned up), discovery is often needed to present an adequate case for class certification. Accordingly, "courts in this circuit . . . have concluded plaintiffs are generally entitled to pre-certification discovery to establish the record the court needs to determine whether the requirements for a class action suit have been met." *Gibson v. Confie Ins. Grp. Holdings, Inc.*, 2017 WL 2936219, at *12 (D.S.C. July 10, 2017) (quotations omitted).

In short, it would be premature to determine class certification at this early stage. Therefore, Plaintiffs ask that this Court extend the time to move for certification.

**B. The risk of prejudice to Defendants is exceedingly low.**

Plaintiffs admittedly failed to move for certification within the timeframe set forth in Local Rule 23.1(b). However, they respectfully submit that this failure should be excused.

First, this delay is unlikely to prejudice Defendants. Plaintiffs served their complaint in mid-August.[3] All Defendants moved to dismiss, and this Court extended the time for Plaintiffs to respond or amend their complaint until October 27, 2023.[4] There has been no discovery, and no significant briefing or rulings. In short, this case is brand new.

Local Rule 23.1(b) is intended to give effect to the Federal Rules' requirement that class determination should happen at an "early practicable time." But as this Court knows, "time may

---

[3] Defendant Willie R. Rowe was served on August 17, 2023. Defendant Brian Estes was served on August 16, 2023. Defendant Tyler Technologies, Inc. was also served on August 16, 2023. *See* D.E. 22.

[4] Defendant Tyler Technologies also requested, and received, an extension of time to file its motion to dismiss. (ECF No. 9; Text Order 8/30/2023)

- 4 -

be needed to gather information necessary to make the certification decision." Fed. R. Civ. P. 23 advisory committee's note. To that end, this Court routinely extends the time to separately move for class certification—even when a case is well underway, and even when the plaintiffs have missed Rule 23.1(b)'s ninety-day deadline. *See, e.g.*, *Wallace v. Greystar Real Estate Partners, LLC*, No. 1:18CV501, 2021 WL 1169244, at *2 (M.D.N.C. March 26, 2021) (granting LR 23.1(b) extension three years into litigation, and after ninety-day window closed); *Clark v. Wells Fargo Fin., Inc.*, No. 1:08CV343, 2008 WL 4787444, at *7-9 (M.D.N.C. Oct. 30, 2008), *adopted* 2009 WL 10715692 (M.D.N.C. Sept. 8, 2009).

That this case is still nascent means the risk of prejudice to Defendants is low. Indeed, "Defendants are in the exact same position as they would have been had Plaintiffs sought an [earlier] extension of their filing deadline." *Little v. Washington Metro. Area*, 100 F. Supp. 3d 1, 7-8 (D.D.C. 2015) (failure to request extension of time to move for class certification under equivalent local rule was "excusable neglect").

**C. The delay is relatively short and unlikely to impact judicial proceedings.**

Second, Plaintiffs' brief delay is highly unlikely to impact judicial proceedings.

As noted, this Court has extended the time for Plaintiffs to respond to Defendants' motions to dismiss or file an amended complaint until October 27, 2023. Should Plaintiffs elect to file an amended complaint—as Plaintiffs will likely do—it could be months before Defendants answer, or briefing on renewed dismissal motions is complete. Judicial proceedings are therefore unlikely to be impacted by an extension, even accounting for Plaintiffs' delayed request.

In fact, denying class certification on the basis of a Rule 23.1(b) violation could actually complicate, rather than simplify this case. Plaintiffs may choose to bring claims against

- 5 -

Case 1:23-cv-00423-WO-JLW   Document 24   Filed 10/04/23   Page 5 of 6

additional defendants in an amended complaint—including class-action claims. Under that scenario, the Court could end up managing class allegations against some parties, but not others.

D. **The delay is not attributable to bad faith.**

Finally, while Plaintiffs could have moved for an extension under Local Rule 23.1(b) sooner, the delay is due solely to counsel's inadvertence. There is no allegation of bad faith or gamesmanship. Rather, all parties have worked cooperatively to further this litigation.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that this Court grant their motion to extend the time to move for class certification under Local Rule 23.1(b) until the Court implements a scheduling order setting a date by which Plaintiffs must move for class certification.

This the 4th day of October, 2023.

/s/Gagan Gupta
Gagan Gupta
N.C. Bar No. 53119
ggupta@tinfulton.com

Zachary Ezor
N.C. Bar No. 55070
zezor@tinfulton.com

Abraham Rubert-Schewel
N.C. Bar. No. 56863
schewel@tinfulton.com

**TIN FULTON WALKER & OWEN, PLLC**
119 Orange Street
Durham, NC 27701
Tel: (919) 307-8400

Served on all parties: Via ECF