IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:23-cv-00423-WO-JLW

| | |
|---|---|
| TIMIA CHAPLIN and PAULINO CASTELLANOS, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>WILLIE R. ROWE, in his capacity as Sheriff of Wake County; JOHN DOE SURETY, as surety for the Sheriff of Wake County, BRIAN ESTES, in his official capacity as the Sheriff of Lee County; JOHN DOE SURETY, as surety for the Sheriff of Lee County, TYLER TECHNOLOGIES, INC.; and DOES 1 THROUGH 20, INCLUSIVE,<br><br>        Defendants. | **TYLER TECHNOLOGIES, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO EXTEND TIME TO MOVE FOR CLASS CERTIFICATION** |

    This Court's Local Rules provide that a plaintiff must move for class certification within 90 days of filing a complaint. LR 23.1(b). This rule helps ensure that a class complaint has substance behind the allegations and not just the hope of a class action. Here, counsel rushed to the courthouse with only two named plaintiffs and a facially deficient complaint. (*See* ECF No. 1). Plaintiffs chose not to serve Defendants until months after the

1

Complaint was filed. (*See* ECF No. 22). And Plaintiffs did not move for class certification by the Court's deadline. Plaintiffs now make a belated request for an extension of the class certification deadline. (*See* ECF No. 24 at 1-2).

The Court should not grant Plaintiffs' request. First, the request is untimely, and Plaintiffs have offered no excuse for missing the deadline other than inadvertence. Plaintiffs' failure to prosecute this case after filing does not justify an extension.

Second, Plaintiffs' request is futile. As explained in Defendant Tyler Technologies, Inc.'s ("Tyler") motion to dismiss, Plaintiffs' class claims fail as a matter of law. (*See* ECF No. 20 at 22-33). Analyzing each potential class member's arrest or detention will turn on a unique set of facts and will involve distinct legal inquiries. Managing the class action would devolve into a series of mini-trials to determine, among other things, whether a hypothetical class member's arrest or detention was justified under the circumstances, or whether the arrest or detention was in any way related to the eCourts system. As such, Plaintiffs

cannot satisfy the Rule 23 requirements, including commonality, typicality, and predominance. *See id.*

Third, Plaintiffs cannot cure these issues through an amended complaint. Plaintiffs forecast that they plan to amend the Complaint to add new plaintiffs and defendants. (ECF No. 24 at 1). But an amendment cannot cure the individualized inquiries that will be necessary to determine whether any particular class member suffered an injury and thus has a viable legal claim. (Nor can an amendment cure Plaintiffs' failure to state a legal claim against Tyler).

As such, even were this Court inclined to grant Plaintiffs' request to extend the deadline for their motion for class certification, Tyler agrees with Plaintiffs that "it would be wasteful for the Court to make a certification determination before ruling on Defendants' pending motions to dismiss." *Id.* at 3. This Court can hold the instant motion for extension in abeyance until it decides the motions to dismiss because "certification would be made irrelevant" if the Court grants these motions. *Id.* For the same reasons, it also is premature to discuss a case

3

schedule, but Tyler notes that the facial legal deficiencies of the class allegations counsels strongly in favor of deciding class certification before engaging in wide-ranging fact discovery.

For all these reasons, Tyler respectfully requests that the Court deny Plaintiffs' motion or hold it in abeyance pending resolution of the motions to dismiss.

This 19th day of October, 2023.

>s/ Gregory L. Skidmore
>Gregory L. Skidmore
>N.C. Bar No. 35571
>gskidmore@robinsonbradshaw.com
>
>H. Hunter Bruton
>N.C. Bar No. 50601
>hbruton@robinsonbradshaw.com
>
>**ROBINSON, BRADSHAW & HINSON, P.A.**
>101 North Tryon Street, Suite 1900
>Charlotte, North Carolina 28246
>Telephone: (704) 377-2536
>Facsimile: (704) 378-4000
>
>*Attorneys for Defendant Tyler Technologies, Inc.*