# EXHIBIT D

| **From:** | Trosch, Elizabeth T. <elizabeth.t.trosch@nccourts.org> |
|---|---|
| **Sent:** | Tuesday, October 17, 2023 9:56 PM |
| **To:** | Eli Timberg; Tully, Kevin P; Molly Morgan; Dudley, Michael W.; Beebe, Jason R; McFadden, Garry L.; Guise, George |
| **Cc:** | Chinn-gary, Elisa A.; Calloway, Casey L.; Merriweather, Spencer B.; Baxter Sabio, Robin F.; Bazzle, Christopher E.; Beer, Francis G.; Blackwell, Ashley N.; Bowditch, Kristen D.; Brown, Freddie; Carver, Thomasa D.; Dangerfield, Kristen N.; Dangler, Jason W.; Harris, Benjamin D.; Higgs, Patricia P.; Horton, Ethan S.; Ivery, Cheryl M.; Jenkins, Tarita M.; King, Jyraiel N.; Lytle, Penny; Moore, Patricia R.; Moore, Wanda T.; Nelson Jr., Tony R.; Parker, James A.; Peters, Leigh T.; Phifer, April N.; Simmons, Grier M.; Stanley, Shemrico R.; Stokes, Teresa A.; Strang, Barbara C.; Taylor, Antoine R.; Terry, Christopher D.; Weeks, Nathan L.; Wilson, Felicia H.; Blake, Aretha V.; Burke-Hayer, Shante'; Culler, Jena P.; Davis, Roderick G.; Fickling-alvarez, Faith A.; Fleet, Jennifer L.; Hands, Tyyawdi M.; Henderson, Gary L.; Levine, Alyssa M.; Little, C. Renee; Mann, Christy T.; Marvel, Johnathon R.; Mccallum, Karen D.; Mcthenia, Paige B.; Mobley, Samantha C.; Newton, Matthew D.; Oseguera, Cecilia; Patterson, Rhonda L.; Smith, Keith S.; Trosch, Elizabeth T.; Wiggins, Roy H. |
| **Subject:** | Procedure For Reconciling Bond Update Discrepancies Between eWarrants and Odyssey |

Good evening,

We are eight days from the launch of Odyssey in Mecklenburg County and I have become aware of a known integration issue between eWarrants and Odyssey which impacts defendants whose conditions of release are modified in court and should be released. It is important to understand how the integration is designed and expected to perform, what the defect is and our local business practices for correcting it.

Criminal processes (magistrate orders, arrest warrants, summonses) issued in North Carolina are issued in eWarrants. When a process is served, the Magistrate conducts an initial appearance and issues a Release Order in eWarrants. eWarrants will then push the case into Odyssey Case Manager with the criminal process, release order and any other documents attached in eWarrants. The magistrate selects the appropriate court calendar and session in eWarrants which causes the case to be placed on the court session calendar for First Appearance. When a judge modifies conditions of release at first appearance, bond hearing or entry of an order out of court, the Clerk of Superior Court is required to immediately update eWarrants with the new release conditions that have been set by the judge. eWarrants then autogenerates a Release order with the new conditions, the name of the judge who modified the conditions and the signature of the clerk who entered the information into eWarrants. eWarrants should then push the modification into Odyssey Case Manager. This data push should transmit the release order autogenerated in eWarrants and should update the bond conditions in the "bonds" tab of the case in Odyssey Case Manager. This data should then be viewable in Portal. When a defendant is prepared to meet or effectuate conditions of release by posting of a secured bond by surety or accommodation bondsman, custodial release, unsecured bond or Written Promise to Appear, the magistrate must enter the appearance bond and release event into Odyssey Case Manager.

The known defect relates to the integration between eWarrants and Odyssey at the time that modification of release conditions is updated in eWarrants. In some cases, the information does not migrate from eWarrants to Odyssey. This results in situations, like those reported by many of you, in which Odyssey Case Manager and Portal do not reflect the updated conditions of release. In these instances, eWarrants will show a release order modification event and the autogenerated modification order. This results in a discrepancy between the conditions of release documented in eWarrants and Odyssey. For cases in which the judge who modified conditions entered an order in court, the order will appear on the documents tab in Odyssey Case Manager and on Portal, even though the bond information on the case summary and "bonds" tab does not reflect the modification. The information in Odyssey Case Manager must be updated in order to process the appearance bond and release.

There are two workarounds we are implementing to correct these errors. Tyler Technologies provides NCAOC a daily report of eWarrants integration failures which is forwarded to Mecklenburg County Key Court Officials each morning (beginning October 13, 2023). The Clerk of Superior Court is then manually updating release conditions in Odyssey Case Manager to accurately reflect the modification made in court. The second workaround is implemented at the detention center when a defendant is seeking to execute an appearance bond and Odyssey does not have the updated release conditions. When a surety, accommodation bondsman or custodian presents to the public window of the criminal magistrates court at the detention center to effectuate release, the magistrate must check the release conditions in Odyssey Case Manager. If the conditions in Odyssey are inconsistent with the conditions that the person appearing is seeking to fulfill, the magistrate must check the documents tab on the case in Odyssey to review any modification order in the file with a judge's signature and if no order is on the case, check eWarrants for a modification event and autogenerated order. If there is an order that clearly sets modified conditions that the defendant is prepared to meet, the magistrate must manually update the conditions in Odyssey Case Manager and process the appearance bond. If a defendant, his family member or attorney report that conditions were modified in court to an unsecured bond or written promise to appear, then the magistrate in AP should be immediately notified. The magistrate should check the documents tab in the case and/or eWarrants to confirm the modified conditions, manually update Odyssey Case Manager and process the appearance bond.

When a defendant is seeking release because he has met conditions of release, the criminal magistrate on duty should be notified so that the magistrate can verify the modification in Odyssey and/or eWarrants. If there has been a modification, the magistrate should manually update Odyssey Case Manager and the defendant should be presented to the magistrate to complete the appearance bond.

I hope that this explanation of the defect and guidance is helpful. I will defer to Chief Magistrate Moore to provide a point of contact, phone number or email address that attorneys may use to alert the criminal magistrate that a defendant is being held in custody despite meeting conditions of release. Please do not hesitate to contact me with any questions or for assistance with cases in which there is a discrepancy between eWarrants and Odyssey.



**Elizabeth Thornton Trosch**
Chief District Court Judge
26th Judicial District
**North Carolina Judicial Branch**
O  704-686-0367
F  704-686-0364

*Justice for all*
www.NCcourts.org



E-mail correspondence to and from this address may be subject to the
North Carolina public records laws and if so, may be disclosed.