IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:23-cv-00423-WO-JLW

| | |
|---|---|
| TIMIA CHAPLIN; KEVIN SPRUILL; ROTESHA MCNEIL; QIANA ROBERTSON; YOUSEF JALLAL; MESSIEJAH BRADLEY; PAULINO CASTELLANOS; ROBERT LEWIS; and ALLEN SIFFORD, on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> WILLIE R. ROWE, in his official capacity as the Sheriff of Wake County; BRIAN ESTES, in his official capacity as the Sheriff of Lee County; THE OHIO CASUALTY INSURANCE COMPANY, as surety for the Sheriff of Wake County and as surety for the Sheriff of Lee County; TYLER TECHNOLOGIES, INC.; NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS; RYAN BOYCE, in his official capacity as the Executive Director of the North Carolina Administrative Office of the Courts; BRAD FOWLER, in his official capacity as the eCourts Executive Sponsor and Chief Business Officer of the North Carolina Administrative Office of the Courts; BLAIR WILLIAMS, in his official capacity as the Wake County Clerk of Superior Court; SUSIE K. THOMAS, in her official capacity as the Lee County Clerk of Superior Court; JOHN DOE SURETY, as the surety for the Wake County Clerk of Superior Court and the Lee County Clerk of Superior Court; and DOES 1 THROUGH 20, INCLUSIVE, <br><br> *Defendants*. | **REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXTEND THE TIME TO MOVE FOR CLASS CERTIFICATION** |

Plaintiffs respectfully file this reply in support of their motion to extend the time to move for class certification.

## ARGUMENT

Since moving for an extension, Plaintiffs have filed an amended complaint. (ECF No. 30) That complaint adds several new Defendants,[1] as well as new claims and factual allegations against each of the initial Defendants—Tyler Technologies, Sheriff Rowe, and Sheriff Estes. The complaint also features seven additional named Plaintiffs, any of which could move for class certification. In light of these changes, the initial Defendants may choose to revise their previously filed motions to dismiss. And, of course, the newly named Defendants are due to respond, too.

All this is to say that this case is still at its functional beginning—perhaps moreso than when the instant motion was filed. As a result, any class certification motion would be premature.

Defendants' arguments against granting an extension to move for certification are fundamentally arguments against *granting certification itself*.[2] (ECF No. 26 at 2-3; ECF Nos. 27, 28). The best way for this Court to address those arguments is in the context of an actual certification motion.

---

[1] The newly added Defendants are: Ryan Boyce, Executive Director of the North Carolina Administrative Office of the Courts ("NCAOC"); Brad Fowler, NCAOC's Chief Business Officer and eCourts Executive Sponsor; Blair Williams, the Wake County Clerk of Superior Court; and Susie Thomas, the Lee County Clerk of Superior Court.

[2] When Plaintiffs sought the initial Defendants' views prior to filing their extension motion, Defendant Sheriff Rowe agreed with Plaintiffs that this Court should set the time to move for certification via a scheduling order. (ECF 24 fn 1) It appears that Defendant Sheriff Rowe's view has changed, though he offers no explanation as to why. (*See* ECF 28 (incorporating arguments of co-Defendant Tyler Technologies)).

Defendants also suggest that, in the alternative, this Court might hold the instant extension motion in abeyance until ruling on their motions to dismiss.[3] (*Id.*) While Plaintiffs agree that certification "would be made irrelevant" if the Court granted similar motions (at least with respect to the three initial defendants), the better course is to extend the time for Plaintiffs to move for class certification. Doing so would have the same functional effect as abeyance, while preserving all parties' ability to address class certification in earnest in the event the dismissal motions are denied.

As set forth in Plaintiffs' supportive memorandum, the delay in moving for an extension under Local Rule 23.1(b) was solely due to a calendaring error. (ECF No. 24 at 2) The risk of prejudice to Defendants in granting an extension is exceedingly low. (*Id.* at 4-5) And judicial economy counsels in favor of extending the time to move for certification—now that Plaintiffs have filed an amended complaint, the Court could wind up managing class allegations against some parties, but not others. (*Id.* at 3-4)

Accordingly, Plaintiffs respectfully request that this Court grant their motion to extend the time to move for class certification under Local Rule 23.1(b) until the Court implements a scheduling order setting a date by which Plaintiffs must move for class certification.

This the 1st day of November, 2023.

\* \* \* Signature Block Appears on Next Page \* \* \*

---

[3] As acknowledged in this Court's October 30, 2023 order, the filing of Plaintiff's amended complaint rendered the initial Defendants' dismissal motions moot. (ECF No. 31 at 2 (denying ECF Nos. 10, 15, and 19 without prejudice))

/s/Zachary Ezor
Zachary Ezor (NCSB #: 55070)
zezor@tinfulton.com

Gagan Gupta (NCSB #: 53119)
ggupta@tinfulton.com

Abraham Rubert-Schewel (NCSB #: 56863)
schewel@tinfulton.com

**TIN FULTON WALKER & OWEN PLLC**
119 Orange Street
Durham, NC 27701
Telephone: (919) 307-8400

*Counsel for Plaintiffs on behalf of themselves and all others similarly situated*

Served on all parties: Via ECF

## CERTIFICATE OF WORD COUNT

Undersigned counsel certifies that the above reply brief complies with all word-count requirements set forth in the Local Rules, including Local Civil Rule 7.3(d).

Specifically, the brief does not exceed 3,125 words, as determined by the word-count feature of the word processing software used to assemble the brief.

This the 1st day of November, 2023.

/s/Zachary Ezor
Zachary Ezor