IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:23-cv-00423-WO-JLW

| | |
|---|---|
| TIMIA CHAPLIN; KEVIN SPRUILL; ROTESHA MCNEIL; QIANA ROBERTSON; YOUSEF JALLAL; MESSIEJAH BRADLEY; PAULINO CASTELLANOS; ROBERT LEWIS; and ALLEN SIFFORD, on behalf of themselves and all others similarly situated,<br><br>        *Plaintiffs*,<br><br>  v.<br><br>WILLIE R. ROWE, in his official capacity as the Sheriff of Wake County; BRIAN ESTES, in his official capacity as the Sheriff of Lee County; THE OHIO CASUALTY INSURANCE COMPANY, as surety for the Sheriff of Wake County and as surety for the Sheriff of Lee County; TYLER TECHNOLOGIES, INC.; NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS; RYAN BOYCE, in his official capacity as the Executive Director of the North Carolina Administrative Office of the Courts; BRAD FOWLER, in his official capacity as the eCourts Executive Sponsor and Chief Business Officer of the North Carolina Administrative Office of the Courts; BLAIR WILLIAMS, in his official capacity as the Wake County Clerk of Superior Court; SUSIE K. THOMAS, in her official capacity as the Lee County Clerk of Superior Court; JOHN DOE SURETY, as the surety for the Wake County Clerk of Superior Court and the Lee County Clerk of Superior Court; and DOES 1 THROUGH 20, INCLUSIVE,<br><br>        *Defendants*. | **MOTION FOR CLASS CERTIFICATION UNDER LOCAL RULE 23.1** |

Pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure and Local Rule 23.1(b), Plaintiffs provisionally move this Court to certify three classes, as outlined in the accompanying memorandum. In support thereof, Plaintiffs show the following:

1. This Court previously extended the time to move for class certification under Local Rule 23.1(b) until December 15, 2023, noting that its "general preference is to address the class action question after any motion to dismiss is resolved." (ECF No. 36 at 2)

2. Nearly three weeks before the expiration of that deadline, Plaintiffs filed a consent motion to further extend the time to move for class certification. (ECF No. 45 (the "Consent Motion")) In light of this Court's stated preferences, the varying deadlines for different Defendants to move to dismiss or answer, and Plaintiffs' filing of an amended complaint, all parties whose counsel had made an appearance in this case to that point consented to the motion.[1] (*Id.*). The Consent Motion requests that the time to move for certification be set by the Court in a scheduling order after resolution of all motions to dismiss. (*Id.*)

3. This Court has not yet ruled on the Consent Motion.

4. Accordingly, Plaintiffs submit this provisional motion for class certification pursuant to Local Rule 23.1(b) and this Court's prior order establishing a December 15, 2023 deadline to so move. (ECF No. 36)

5. Should this Court ultimately grant the Consent Motion, Plaintiffs respectfully request permission to file a revised class-certification motion within the new timeframe.

---

[1] Since that time, Defendant The Ohio Casualty Insurance Company as surety has made an appearance and filed an answer to the operative complaint. (ECF No. 51)

6. As shown in the accompanying memorandum, the requirements for class certification are satisfied, even at this early stage.

7. That said, precertification discovery would help to establish the record this Court needs to definitively rule on certification.

8. Local Rule 23.1(b) provides that this Court "may order postponement of the determination pending discovery or such other preliminary procedures as appear to be appropriate and necessary in the circumstances." LR 23.1(b).

9. In line with the relief requested in the Consent Motion, Plaintiffs would also welcome postponement of this Court's determination of class certification until after precertification discovery and/or resolution of any pending motions to dismiss.

WHEREFORE, Plaintiffs respectfully request that this Court certify the classes as articulated in the accompanying memorandum or, in the alternative, postpone its determination under Local Rule 23.1(b) until after precertification discovery and/or resolution of any pending motions to dismiss. Plaintiffs further request that, in the event this Court grants the Consent Motion (ECF No. 45), the Court permit Plaintiffs to file a revised class-certification motion.

This the 15th day of December, 2023.

/s/ Zachary Ezor
Zachary Ezor (NCSB #: 55070)
Email: zezor@tinfulton.com
Gagan Gupta (NCSB #: 53119)
Email: ggupta@tinfulton.com
Abraham Rubert-Schewel (NCSB #: 56863)
Email: schewel@tinfulton.com
TIN FULTON WALKER & OWEN PLLC
119 Orange Street
Durham, NC 27701
Telephone: (919) 307-8400

A. Dami Animashaun
Email: dami@animashaun.me

933 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: 929-266-3971

*Counsel for Plaintiffs on behalf of
themselves and all others similarly situated*

Served on all parties: Via ECF