IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:23-cv-00423-WO-JLW

| | |
|---|---|
| TIMIA CHAPLIN, KEVIN SPRUILL, ROTESHA MCNEIL, QIANA ROBERTSON, YOUSEF JALLAL, MESSIEJAH BRADLEY, PAULINO CASTELLANOS, ROBERT LEWIS AND ALLEN SIFFORD, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>WILLIE R. ROWE, in his capacity as Sheriff of Wake County, BRIAN ESTES, in his official capacity as the Sheriff of Lee County, THE OHIO CASUALTY INSURANCE COMPANY, as the surety for the Sheriff of Wake County and as surety for the Sheriff of Lee County, TYLER TECHNOLOGIES, INC., NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS, RYAN BOYCE, in his official capacity as the Executive Director of the North Carolina Administrative Office of the Courts, BRAD FOWLER, in his official capacity as the ecourts Executive Sponsor and Chief Business Officer of the North Carolina Administrative Office of the Courts, BLAIR WILLIAMS, in his official capacity as the Wake County Clerk of Superior Court, SUSIE K. THOMAS, in her official capacity as the Lee County Clerk of Superior Court, JOHN DOE | DEFENDANTS' CONSENT MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR CLASS CERTIFICATION UNDER LOCAL RULE 23.1 |

1

| **SURETY, as the surety for the Wake County Clerk of Superior Court and the Lee County Clerk of Superior Court, and DOES 1 THROUGH 20, INCLUSIVE,** |
| :--- |
| **Defendants.** |

Pursuant to Local Rule 6.1(a) and Rule 6(b) of the Federal Rules of Civil Procedure, Defendants Tyler Technologies, Inc., The Ohio Casualty Insurance Company, Willie R. Rowe, Brian Estes, North Carolina Administrative Office of the Courts, Ryan Boyce, Brad Fowler, Blair Williams, and Susie K. Thomas (collectively "Defendants") move this Court for an extension of time to respond to Plaintiffs' Motion for Class Certification Under Local Rule 23.1 (the "Class Certification Motion").

In light of certain Defendants' upcoming and pending motion to dismiss briefing, all Defendants move to extend the deadline to respond to the Class Certification Motion until thirty (30) days after the Court issues its ruling on the Defendants' motions to dismiss.

In the alternative, Defendants move this Court for a twenty-one (21) day extension of time to respond to the

2

Class Certification Motion through and including January 26, 2024. In support of this motion, Defendants state the following:

1. Plaintiffs filed their original complaint on May 23, 2023. Pursuant to Local Rule 23.1(b), Plaintiffs were required to move for class certification within 90 days of filing a complaint. Plaintiffs did not move for class certification within this 90-day deadline, which was August 21, 2023.

2. On October 4, 2023, Plaintiffs moved for an extension of time to move for class certification. (ECF No. 23). This Court granted Plaintiffs' motion for an extension and extended Plaintiffs' deadline to move for class certification until December 15, 2023. (ECF. No. 36).

3. Plaintiffs filed the First Amended Complaint ("Complaint") on October 27, 2023 (ECF No. 30).

4. Defendants Brian Estes and The Ohio Casualty Insurance Company have filed responses to the Complaint. For all other Defendants, the deadline to respond to the

3

Complaint is January 16, 2024. The remaining Defendants intend to file motions to dismiss the Complaint.

5. On November 28, 2023, Plaintiffs moved to extend the deadline to move for class certification until after the parties conduct a Rule 26 conference. (ECF No. 45). Defendant Tyler consented to this motion and does not oppose the requested relief. The Court has not yet ruled on that motion.

6. Plaintiffs filed the Class Certification Motion on December 15, 2023. The Defendants' response date is January 5, 2024.

7. The time within which Defendants must respond to the Class Certification Motion has not expired.

8. Defendants request that the deadline to respond to the Class Certification Motion be extended until thirty (30) days after the Court has ruled on Defendants' motions to dismiss. An extension will allow the Court and parties to focus on the motion to dismiss briefing, which may narrow the case and/or moot all or parts of Plaintiffs' Class Certification Motion. An extension will allow for more efficient briefing on the Class Certification Motion.

4

9.  In the alternative, Defendants request a shorter extension of time, to and including January 26, 2024, to respond to the Class Certification Motion. Such an extension is justified because (1) Plaintiffs received an extension on their original class certification deadline, (2) the original response date of January 5, 2024 places the response window almost entirely during the Christmas and New Year's holidays, when counsel and clients will be traveling and on vacation, and (3) the original deadline would require most Defendants to file a response on class certification before filing a response to the Complaint.

10. Thus, although Defendants believe an extension of the deadline to respond to the Class Certification Motion to 30 days after a ruling on the motion to dismiss would maximize efficiency and minimize wasted resources, at a minimum Defendants request an extension to and including January 26, 2024.

11. This motion is made in good faith and not for the purpose of undue delay.

5

12. Defendants' counsel has conferred with the Plaintiffs' counsel, and Plaintiffs' counsel consents to the requested extension.

13. Defendants reserve all defenses, claims and arguments.

WHEREFORE, all Defendants respectfully requests the Court extend the deadline by which Defendants must respond to the Class Certification Motion until thirty (30) days after the Court issues its ruling on Defendants' motions to dismiss or, in the alternative, extend by twenty-one (21) days Defendants' deadline to respond to the Class Certification Motion, through and including January 26, 2024.

[Signatures on Following Pages]

This 21st day of December, 2023.

s/ Gregory L. Skidmore
Gregory L. Skidmore
N.C. Bar No. 35571
gskidmore@robinsonbradshaw.com
H. Hunter Bruton
N.C. Bar No. 50601
hbruton@robinsonbradshaw.com

**ROBINSON, BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000

*Counsel for Defendant Tyler Technologies, Inc.*

s/ Elizabeth Curran O'Brien
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Bar No. 28885
eobrien@ncdoj.gov

**N.C. Department of Justice**
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6800
Facsimile: (919) 716-6755

*Counsel for Defendants North Carolina Administrative Office of the Courts, Ryan Boyce, Brad Fowler, Blair Williams, and Susie K. Thomas*

/s/ James R. Morgan, Jr.
James R. Morgan, Jr.
N.C. Bar No. 12496
Jim.Morgan@wbd-us.com

**WOMBLE BOND DICKINSON (US) LLP**
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3710
Facsimile: (336) 733-8394

*Counsel for Defendant Brian Estes*


/s/ Roger A. Askew
Roger A. Askew
N.C. Bar No. 18081
Senior Deputy County Attorney
Roger.Askew@wake.gov

/s/ Robert J. Lane
Robert J. Lane
N.C. Bar No. 53767
Assistant County Attorney
Robert.Lane@wake.gov

**WAKE COUNTY ATTORNEY'S OFFICE**
Post Office Box 550
Raleigh, NC 27602
Phone: (919) 856-5500
Facsimile: (919) 856-5504

*Counsel for Defendant Willie Rowe*

8