IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
NO. 1:23-CV-00423

| | |
|---|---|
| TIMIA CHAPLIN; KEVIN SPRUILL; ROTESHA MCNEIL; QIANA ROBERTSON; YOUSEF JALLAL; MESSIEJAH BRADLEY; PAULINO CASTELLANOS; ROBERT LEWIS; and ALLEN SIFFORD, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| WILLIE R. ROWE, in his official capacity as the Sheriff of Wake County; BRIAN ESTES, in his official capacity as the Sheriff of Lee County; THE OHIO CASUALTY INSURANCE COMPANY, as surety for the Sheriff of Wake County and as surety for the Sheriff of Lee County; TYLER TECHNOLOGIES, INC.; NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS; RYAN BOYCE, in his official capacity as the Executive Director of the North Carolina Administrative Office of the Courts; BRAD FOWLER, in his official capacity as the eCourts Executive Sponsor and Chief Business Officer of the North Carolina Administrative Office of the Courts; BLAIR WILLIAMS, in his official capacity as the Wake County Clerk of Superior Court; SUSIE K. THOMAS, in her official capacity as the Lee County Clerk of Superior Court; SUSIE K. THOMAS, in her official capacity as the Lee County Clerk of Superior Court; JOHN DOE SURETY, as the surety for the Wake County Clerk of Superior Court and the Lee County Clerk of Superior Court; and DOES 1 THROUGH 20, INCLUSIVE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION BY WAKE COUNTY SHERIFF WILLIE ROWE

NOW COMES defendant Wake County Sheriff, and through undersigned counsel, and pursuant to Local Rule 7.3(f), hereby submits this Memorandum in Opposition to Plaintiffs' Motion for Class Certification. Defendant Rowe contends that the issue of class certification is premature and the motion should be dismissed without prejudice.

Defendant Rowe adopts that arguments made in the Brief in Opposition to Plaintiffs' Motion for Class Certification filed by co-defendant Tyler Technologies on January 5, 2024, contemporaneously with our Memorandum, (hereinafter referred to as "Tyler Brief in Opposition") with respect to Arguments I.B. "Plaintiffs cannot show commonality and typicality – Rule 23(a)(2) and Rule 23(a)(3)." [Tyler Brief in Opposition, pp 14 - 18]. Defendant Rowe also joins in and adopts those arguments made in the Tyler Brief in Opposition filed by co-defendant Tyler Technologies Argument II - "Plaintiffs have not carried their evidentiary burden for class certification." [Tyler Brief in Opposition, pp 25 - 31].

At this juncture in the proceeding, Defendant Rowe's responsive pleading to the plaintiffs' Amended Complaint is not yet due until January 16, 2024. Plaintiffs have made no evidentiary showing on the factors under Fed. R. Civ. P. 23. The Fourth Circuit has held that "[i]t is seldom, if ever, possible to resolve class representation questions from the pleadings, and where facts developed during discovery proceedings are inadequate, an evidentiary hearing should be held on the request of the parties or, if necessary for a meaningful inquiry into the requisites of Rule 23, by the court *sua sponte*." *International Woodworkers of America, AFL–CIO v. Chesapeake Bay Plywood Corp*., 659 F.2d 1259, 1268 (4th Cir.1981). The court further emphasized that "it is essential that a plaintiff be afforded a full opportunity to develop a record containing all the facts

pertaining to the suggested class and its representatives." *Id;* see also *Ruggles v. Wellpoint, Inc.*, 253 F.R.D. 61, 66–67 (N.D.N.Y.2008) ("[A] court should delay a certification ruling until information necessary to reach an informed decision is available."). "Indeed a district court may be reversed for premature certification if it has failed to develop a sufficient evidentiary record from which to conclude that the requirements of [Rule 23(a)] have been met." *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir.1982); see also Huff v. N.D. Cass Co. of Ala., 485 F.2d 710, 713 (5th Cir.1973).

This defendant also notes that many of the legal arguments made by the Sheriff Defendants in the Motions to Dismiss filed to the original Complaint are applicable to the plaintiffs' Amended Complaint and Motions to Dismiss on various legal grounds are likely in the Amended Complaint and should be addressed before the issue of class certification is addressed. (By way of factual example, Plaintiff Chaplin was allegedly re-arrested on a "resolved" failure to appear because "Odyssey did not communicate that resolution to eWarrants," [DE 30, ¶ 108] but somehow plaintiff alleges the Wake County Sheriff is at fault). Defendant Rowe contends that defendants should be given the opportunity to have issues of law addressed via any applicable motions to dismiss before the court considers class statue.

In determining the appropriate timing of the certification decision, the comments to Rule 23(c) suggest that the court might need additional time to: (1) gather evidence relevant to the certification decision; (2) determine how the case will be tried; (3) determine whether defendant would prefer "to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified"; and (4) gather information about the appointment of class counsel. Fed.R.Civ.P. 23(c)(1), advisory committee

3

notes, 2003 amend.[1]

Plaintiffs' Amended Complaint was filed sixty-eight (68) days ago and no defendant has yet filed motions or responsive pleadings to the Amended Complaint. The allegations among the nine (9) named plaintiffs varies greatly, (Chaplin was allegedly re-arrested because of a failure of Odyssey and eWarrants to "communicate" [DE 30, ¶ 108]; Spruill was arrested by a police officer ((not identified)) on a warrant marked "active" who allegedly called Wake County Sheriff's Office on the phone to "update" the system but was later re-arrested on the same warrant [DE 30, ¶¶ 93-98]; McNeil had a failure to appear that was "disposed" but was later arrested by a Johnson County Deputy ((not a party)) who allegedly telephoned a Wake Deputy who incorrectly said the warrant was "valid", etc.). [DE 30, ¶¶ 93-98]. This wild disparity of factual allegations does not lend itself to a quick resolution on more complex issues of commonality or predominance as between the named purported representative plaintiffs at this juncture.

This defendant respectfully contends that the Motion for Class Certification is premature and should be dismissed without prejudice until dispositive motions based on issues of law have been adjudicated and some discovery had on numerosity, commonality and predominance of commons questions of law of fact.

## CONCLUSION

For the foregoing reasons, as well as those set out in defendant Tyler Technologies Brief in Opposition to Plaintiffs' Motion for Class Certification Arguments I.B and II, defendant Sheriff Rowe respectfully requests that the Court Deny Plaintiffs' Motion for Class Certification with prejudice.

---

[1] *Boyce v. Wachovia Sec., LLC*, 5:09–CV–263–FL, 2010 WL 1253744 *8 (E.D.N.C. Feb.17, 2010) (noting one factor in timing of class certification is whether a defendant may "win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified") (quoting Fed.R.Civ.P. 23, 2003 Advisory Committee Notes)

4

Respectfully submitted this the 5ʰ day of January 2024.

                                      WAKE COUNTY ATTORNEY'S OFFICE

                                      /s/ *Roger A. Askew*
                                      Roger A. Askew, NCSB # 18081
                                      Senior Deputy County Attorney
                                      Post Office Box 550
                                      Raleigh, North Carolina 27602
                                      Phone: (919) 856-5500
                                      Fax:    (919) 856-5504
                                      *Attorney for Defendant Sheriff Willie Rowe*

                                      OFFICE OF THE WAKE COUNTY SHERIFF

                                      /s/ Robert J. Lane
                                      Robert J. Lane, NCSB # 53767
                                      Assistant County Attorney
                                      Post Office Box 550
                                      Raleigh, North Carolina 27602
                                      Phone: (919) 856-5500
                                      Fax:    (919) 856-5504
                                      *Attorney for Defendant Sheriff Willie Rowe*

# CERTIFICATE OF SERVICE

I, the undersigned attorney for defendant Wake County, hereby certifies that on the day indicated below the foregoing and attached **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** was electronically filed with the Clerk of Court using the CM/ECF filing system and served via electronic transmission through the Court's CM/ECF system in accordance with Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure and applicable local rules upon the CM/ECF participants:

This the 5th day of January 2024.

> /s/ *Roger A. Askew*
> Roger A. Askew, NCSB # 18081
> Senior Deputy County Attorney
> Wake County Attorney's Office
> P.O. Box 500
> Raleigh, NC 27602
> Telephone: 919-856-5500
> Facsimile: 919-856-5504
> E-Mail: *Roger.askew@wakegov.com*