# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No.: 1:23-cv-00423-WO-JLW

| | |
|---|---|
| CHAPLIN, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>ROWE, et al.<br>*Defendants*. | **NCAOC AND CLERK DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

NOW COME Defendants North Carolina Administrative Office of the Courts, Ryan Boyce, in his official capacity as the Executive Director of the North Carolina Administrative Office of the Courts, Brad Fowler, in his official capacity as the eCourts Executive Sponsor and Chief Business Officer of the North Carolina Administrative Office of the Courts ("NCAOC Defendants"), Blair Williams, in his official capacity as the Wake County Clerk of Superior Court, and Susie K. Thomas, in her official capacity as the Lee County Clerk of Superior Court ("Clerk Defendants"), and provide this Response in Opposition to Plaintiff's Motion for Class Certification. [DE 53]

## STATEMENT OF THE CASE

On October 27, 2023, Plaintiffs filed their First Amended Complaint, which added the above named defendants to this action. [DE 30] The above named defendants waived service of the complaint, and their response to the

1

amended complaint is due January 16, 2024.[1] In the Amended Complaint, Plaintiffs assert one claim against the Clerk Defendants: Claim Five is a state negligence claim brought as an action on their official bond. Plaintiffs assert one claim against Defendant Boyce and Defendant Fowler – Claim Six is a 42 U.S.C. § 1983 claim for injunctive relief. While named in the caption of the Amended Complaint, no claims are brought against the North Carolina Administrative Office of the Courts.

On December 15, 2023, Plaintiffs filed their Motion for Class Certification seeking certification of three classes: (1) a "statewide, injunctive relief class"; (2) a "wrongful-arrest or wrongful-detention class"; and (3) an "overdetention class." [DE 53-1, p. 5]

## ARGUMENT

In the interest of judicial economy and because the arguments are nearly identical, the Clerk and NCAOC Defendants incorporate by reference the arguments made by Defendant Tyler Technologies, Inc.'s Brief in Opposition

---

[1] The Clerk and NCAOC Defendants intend to file a motion to dismiss all claims against them. Claim Five against the Clerk Defendants is subject to dismissal because the North Carolina Supreme Court recently there is no cognizable cause of action arising under N.C.G.S. § 58-76-5 against state officers, including clerks; rather it applies only to county officials. *See Wynn v. Frederick*, 314PA21, 2023 N.C. LEXIS 943, *16-18. Claim Six is also subject to dismissal for failure to state a claim because the factual allegations contained in the amended complaint fail to demonstrate a violation of the Constitution, and the alleged facts are insufficient to warrant injunctive relief pursuant to 42 U.S.C. § 1983.

2

to Plaintiff's Motion for Class Certification. [DE 60] In addition, the Clerk and NCAOC Defendants offer the following additional argument.

In both the Amended Complaint and the Class Motion, Plaintiffs allege that this action satisfies the requirements of Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3). A class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). Moreover, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule," *Wal-Mart Stores, Inc.*, 564 U.S. at 350, "and must do so with 'evidentiary proof,'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

Rule 23(a) of the Federal Rules of Civil Procedure sets forth four prerequisites that must be met before "one or more members of a class may . . . be sued as representative parties on behalf of all members": (1) The class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(1)-(4) (2023). Plaintiff is unable to demonstrate any of these prerequisites.

A party must produce enough evidence to demonstrate that class certification is in fact warranted. *See Wal-Mart Stores, Inc.*, 564 U.S. at 350. If one of the requirements necessary for class certification is not met, the effort to certify a class must fail. *See Clark v. Experian Info. Sols., Inc.*, No. CIV.A.8:00-1217-24, 2001 WL 1946329 (D.S.C. Mar. 19, 2001) (citing *Harriston v. Chicago Trib. Co.*, 992 F.2d 697 (7th Cir. 1993)). The court must go beyond the pleadings, take a "close look at relevant matters," conduct "a rigorous analysis of such matters," and make "findings that the requirements of Rule 23 have been satisfied." *See Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 365 (4th Cir. 2004) (cleaned up). While the court should not "include consideration of whether the proposed class is likely to prevail ultimately on the merits," *Id.* at 366 (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974)), "sometimes it may be necessary for the district court to probe behind the pleadings before coming to rest on the certification question." *Id.* (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). Determining whether Plaintiffs can meet the prerequisites of Rule 23(a) in this matter requires a brief look behind the pleadings.

## I. The Amended Complaint

Plaintiffs bring this action pursuant to 28 U.S.C. § 1331 and 1343(a), seeking redress for alleged violations of the United States Constitution, and ask this Court to exercise supplemental jurisdiction over state law claims. [DE

4

Case 1:23-cv-00423-WO-JLW   Document 61   Filed 01/05/24   Page 4 of 12

30, ¶¶ 7-8] The Plaintiffs allege state law negligence claims against Defendants Tyler, the Sheriff Defendants, state law actions on the bond of the Sheriff Defendants and Clerk Defendants,[2] a 42 U.S.C. § 1983 and *Monell* claim against Defendant Rowe, and a claim for injunctive relief pursuant to 42 U.S.C. § 1983 against the Sheriff Defendants, Defendant Boyce and Defendant Fowler.

The Amended Complaint and Class Motion seek this Court's permission to bring a class action on behalf of all individuals who were "unlawfully arrested, detained, or overdetained due to implementation of eCourts, including eWarrants." [DE 30, ¶ 177, DE 53-1, p. 5] The Amended Complaint and Class Motion repeatedly use the conclusory term "unlawful," but fail to allege facts demonstrating a violation of the Constitution.

The Supreme Court has stated that the Fourth and Fourteenth Amendment do not protect against all deprivations of liberty, but rather only against deprivations of liberty accomplished without due process of law. *Baker v. McCollan*, 443 U.S. 137, 145 (1979). In order to establish that an arrest or detention is unlawful, a plaintiff must demonstrate a deprivation of liberty accomplished without due process.

---

[2] *Id.*

Most of the factual allegations in the Amended Complaint involve arrest warrants or orders for arrest that appeared as valid to law enforcement officers, but that were allegedly either recalled or issued in error and appeared but still appeared in eWarrants, allegedly as a result of negligence by all defendants. However, it is well-established that detention pursuant to a facially valid warrant[3] that was later determined to be recalled or issued in error does not violate due process, and thus is not constitutionally unlawful. *See Baker v. McCollan*, 443 U.S. 137 (1979) (noting a three-day detention over a holiday weekend did not amount to a deprivation of liberty for a detainee who was arrested in a case of mistaken identity because the warrant was facially valid); *see also Daniels v. Williams*, 474 U.S. 327 (1986) (stating that negligent conduct by a state official does not constitute a deprivation of the Due Process Clause, even if it causes injury); *Mitchell v. Aluisi*, 872 F.2d 577 (4th Cir. 1989) (finding no due process violation when Plaintiff was arrested, detained, and served with a facially valid bench warrant that had been recalled, unbeknownst to the arresting officers); *Peacock v. Mayor & City Council of Baltimore*, 199 F. Supp. 2d 306, 309 (D. Md. 2002) (finding a man's ten-day detention pursuant to a warrant did not violate the Fourth Amendment

---

[3] There are no allegations that the warrants law enforcement served on the named Plaintiffs were facially deficient. That an arrest warrant or order for arrest was not recalled, or issued in error, does not render it facially deficient.

6

because it was facially valid in the Sherriff's "in house computer system," even though the warrant was actually invalid as the suspect had already served the sentence for which the warrant had been issued).

The inquiry into whether an arrest or detention is constitutionally unlawful is based on the particular facts of the arrest or detention. Accordingly, the Court must conduct an individualized fact-based determination of the constitutionality of each potential class members' detention. Because of the nature of the constitutional violations alleged, Plaintiffs cannot meet the prerequisites of Rule 23(a).

## II. Plaintiff Cannot Demonstrate Commonality and Typicality of the Class as required by Rule 23(a)(2) and (a)(3).

In order to demonstrate commonality, the plaintiff must allege facts demonstrating that the class members have "suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The class members' claims must share common questions, capable of class-wide resolution, and those "common questions must be dispositive and over-shadow other issues." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001).

To demonstrate typicality, a plaintiff must demonstrate that the class claims arise "from the same event or practice or course of conduct" and that the claims "are based on the same legal theory." *Simpson v. Specialty Retail Concepts*, 149 F.R.D. 94, 99 (M.D.N.C. 1993). That is, "a class representative

7

must ... possess the same interest and suffer the same injury as the class members." *General Telephone Co. of Southwest*, 457 U.S. at 156 (cleaned up).

Plaintiffs cannot demonstrate either commonality or typicality because that would require this Court to presume a violation of the detainees' Constitutional rights without any factual content on which to base that presumption. Plaintiffs contend, in conclusory fashion, that the "named Plaintiffs and class members have all suffered (or are suffering, or will suffer again) deprivations of their liberty." [DE 53-1, p. 7] However, a deprivation of liberty is not necessarily established when a person is detained on a warrant that has been recalled, but still appears in eWarrants.

Moreover, Plaintiff makes no mention of any violation of due process, without which a constitutional violation does not exist. *Baker*, 443 U.S. at 145. As explained above, in order to determine whether an arrest or detention is unlawful, this Court must conduct a fact-specific analysis as to whether an arrest or detention was an unlawful deprivation of liberty, or resulted in a violation an individual's due process rights. This fact-specific analysis into the each alleged arrest or detention of a potential class member is inconsistent with a finding of either commonality or typicality required by Rule 23(a).

In addition, the twelve different questions of fact and law alleged to be common to each class member are not even common to the named Plaintiffs. [DE 30, 179] These twelve different questions of fact and law each require a

8

fact-specific analysis as to how they apply to each potential class member's different circumstances. [DE 30, 179]

### III. The classes are not ascertainable and manageable.

Plaintiffs argue that the classes are ascertainable and manageable, and that they can identify class members without extensive and individualized fact-finding or mini-trials. [DE 53-1, p. 11] Setting aside the fact that Court must determine whether each individual suffered a constitutional violation, Plaintiffs' proposed methods of identifying potential class members are not ascertainable or manageable, but instead require extensive fact-finding.

Plaintiffs propose checking databases to see if a warrant is displayed as "active" in one database and not another. However, even doing this would require fact-finding to determine which database was correct, or if the active warrant is actually entered in error. Moreover, if a warrant is active, even if appearing in error, but not served, that individual has suffered no injury, and is not properly a member of the class.

Next, Plaintiffs propose checking when someone was released from jail relative to the time their release was recorded. This also requires extensive fact-finding to determine whether there are any other reasons for a delay or if any alleged delay was constitutionally unreasonable.

Plaintiffs also propose a search of databases to determine whether an arrest was based on a previously resolved charge. This also requires fact-

9

finding. There are several common instances where a case may appear "resolved" but an arrest warrant may be active. For example, an individual may be arrested on a previously resolved charge if they failed to comply with the terms of a deferred prosecution agreement, violate either supervised or unsupervised probation, fail to comply with payment of costs, or if the case was dismissed with leave. See N.C.G.S. § 15A-932(a). Dismissals with leave are a common method of managing court dockets. When a case is dismissed with leave for nonappearance or pursuant to a deferred prosecution, the case is removed from the docket of the court but all process outstanding retains its validity. N.C.G.S. § 15A-932(b). All of the proposed methods suggested by Plaintiffs still require extensive fact-finding and mini-trials.

## CONCLUSION

For all of these reasons, the Clerk and NCAOC Defendants respectfully request the Court deny Plaintiffs' Class Motion with prejudice.

Respectfully submitted this the 5th day of January, 2024.

JOSHUA H. STEIN
Attorney General

/s/Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. State Bar No. 28885
E-mail: eobrien@ncdoj.gov
N.C. Department of Justice

P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6800
Fax: (919) 716-6755
*Counsel for Defendants NCAOC, Boyce, Fowler, Williams and Thomas*

11

Case 1:23-cv-00423-WO-JLW   Document 61   Filed 01/05/24   Page 11 of 12

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing **NCAOC AND CLERK DEFENDANTS' OPPOSITION IN RESPONSE TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** using the CM/ECF system, which will send notification of such filing to all the counsel of record for the parties who participate in the CM/ECF system.

This the 5th day of January, 2024.

/s/ Elizabeth Curran O'Brien
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. Department of Justice