KeyCite Yellow Flag - Negative Treatment
Distinguished by Nationstar Mortgage LLC v. Curry, N.C.App., November 6, 2018

257 N.C.App. 952
Unpublished Disposition
NOTE: THIS OPINION WILL NOT APPEAR
IN A PRINTED VOLUME. THE DISPOSITION
WILL APPEAR IN THE REPORTER.
An unpublished opinion of the North Carolina Court
of Appeals does not constitute controlling legal
authority. Citation is disfavored, but may be permitted
in accordance with the provisions of Rule 30(e)(3)
of the North Carolina Rules of Appellate Procedure.
Court of Appeals of North Carolina.

Clifford Leon **LEE**, II, Plaintiff,
v.
**COUNTY** OF **CUMBERLAND**, a political
Subdivision of the State of North Carolina, Angela
Campbell, Deputy Woody Pait, Deputy XI, Deputy
XII, Sheriff Earl Butler, in his capacity of holding
the Office of Sheriff of Cumberland County, North
Carolina, S. McLaurin, in her capacity as Chief
Magistrate of Cumberland County, et al., Defendants.

No. COA17-446
|
Filed: February 6, 2018

Appeal by Plaintiff from order entered 20 September 2016 by Judge James M. Webb in Cumberland County Superior Court. Heard in the Court of Appeals 14 December 2017. Cumberland County, No. 14 CVS 9502.

**Attorneys and Law Firms**

Clifford Leon Lee, II, plaintiff-appellant, pro se.

Cumberland County's Attorney's Office, by Robert A. Hasty, Jr., for County of Cumberland and Angela Campbell, defendant-appellees.

Office of Legal Counsel for the Cumberland County Sheriff's Office, by Ronnie M. Mitchell, for Sheriff Earl Butler, Deputy Woody Pait, Karen McGhee, Deputy XI, Deputy XII, defendant-appellees.

Attorney General Joshua H. Stein, by Special Deputy Attorney General Grady L. Balentine, Jr., for S. McLaurin, defendant-appellee.

**Opinion**

HUNTER, JR., ROBERT N., Judge.

**\*1** Clifford Leon Lee, II, ("Plaintiff") appeals the trial court's two 20 September 2016 orders granting summary judgment in favor of Sheriff Earl Butler, Deputy Woody Pait, Deputy XI, Deputy XII, and Sargent Karen McGhee (collectively "Sheriff's Office Defendants") and also granting Sheriff's Office Defendants' motion to dismiss. Plaintiff also appeals the trial court's 23 September 2016 order granting motions to dismiss and motions for summary judgment in favor of Defendants Angela Campbell ("Campbell") and Cumberland County (collectively "Cumberland Defendants"). In that same order, the trial court also granted Defendant Harry A. Keating's ("Keating") motion to dismiss. Plaintiff additionally appeals the trial court's order granting Defendant S. McLaurin's ("McLaurin") motion to dismiss.

### I. Factual and Procedural Background

On 14 October 2011, the trial court ordered Plaintiff to appear on 3 November 2011 and show cause for failure to comply with a child support order. The trial court's order stated "Failure to appear or failure to bring these records and information will be grounds for contempt." In response to the order, Plaintiff filed a motion for a continuance on the grounds he had a prior engagement on 3 November 2011. Plaintiff served this motion on the counsel for Cumberland County Child Support.

On 3 November 2011, the trial court directed an order for Plaintiff's arrest because Plaintiff failed to appear in court. This order was signed by District Court Judge Laura Devan [1], and file-stamped on 23 November 2011. The trial court then gave this order to the Sheriff's Office for service.

On 14 November 2011, Plaintiff filed a "Motion Set Aside Order for Arrest." In that motion, Plaintiff stated he was served in the latter part of the week of 17 October 2011 with an Order to Appear and Show Cause. On 16 November 2011, Plaintiff obtained an order recalling the order for arrest. Judge Devan signed an order of recall for Plaintiff's arrest on 16 November 2011, and it was file stamped 18 November 2011.

There is nothing in the record indicating this signed order recalling Plaintiff's arrest was served on any other party or on the appropriate law enforcement agency.

On 30 November 2011, the Sheriff's Office received the written order for arrest which the trial court orally made in open court on 3 November 2011. The Cumberland County Sheriff's Office served Plaintiff with the order for arrest on 9 December 2011. On that day, Sheriff's Deputies arrived at Plaintiff's home, arrested Plaintiff, and took Plaintiff before Cumberland County Magistrate McLaurin.

Deputy Pait ("Pait") of the Cumberland County Sheriff's Office testified via affidavit that he, along with other sheriff's deputies, went to Plaintiff's home on 9 December 2011 to execute the child support order for arrest. Plaintiff claimed the order for arrest had been recalled, and so Pait gave Plaintiff an opportunity to provide a copy of the recall order. Plaintiff was unable to do so. Pait then told Plaintiff the order for arrest would be taken out of the system if Campbell at the Child Support office verified the recall. After about 10 to 15 minutes, one of the other Deputies opened Plaintiff's door and asked if everything was okay. Pait explained he was trying to contact Plaintiff's case worker, and everything was alright. Pait also allowed Plaintiff to attempt to contact the District Court Judge who Plaintiff said would recall the order for arrest. Plaintiff was unable to do so.

*2 Pait then contacted Campbell. Campbell told Pait Plaintiff wrote his own recall order and it was not signed by a judge, and therefore it was invalid. Campbell then asked if Plaintiff was able to pay any money towards his child support obligation. Plaintiff responded he was unable to do so at that time. Campbell then stated Plaintiff would have to bring $1,000 toward his child support obligation in for her to recall the order for arrest, and if Plaintiff was unable to do so, then she wanted Pait to serve the Order for arrest. Pait asked Plaintiff if there was anyone he could call for money, and Plaintiff answered no. Pait asked Plaintiff to secure his residence. Pait then asked Plaintiff if his residence was secure, and Plaintiff said yes. Deputy Siau transported Plaintiff to the Cumberland County Detention Center. After Deputy Siau arrived at the detention center, Pait received a call from Sargent McGhee ("McGhee") [2] stating Plaintiff said he left a propane cooker on in the outside building. Pait returned to Plaintiff's residence, walked around the outside structures and did not see or smell anything.

In his amended complaint [3] Plaintiff alleges McLaurin presided over his first appearance, and Plaintiff advised McLaurin the order for his arrest was withdrawn, and she should contact the Clerk of Court to obtain a copy of the recall order. Plaintiff then alleges McLaurin replied, "that is not my job," and proceeded to process Plaintiff into jail.

In his amended complaint, Plaintiff alleged Pait and the other Defendant deputies should have known the order for Plaintiff's arrest was recalled, and their actions were "tantamount to a false imprisonment, subjecting the Plaintiff to embarrassment, humiliation and other indignities." Plaintiff also alleged Campbell "chose to operate above her pay grade and intellectual level and subjected the Plaintiff to a wrongful arrest, humiliation, embarrassment, attempted extortion, extortion ... false imprisonment, and the intentional infliction of emotional distress by her extreme and outrageous conduct[.]" Plaintiff further alleged Campbell's employer, the Cumberland County Department of Child Support, is also liable for the "contributing contributions to the escalation and culmination of [Campbell's] unlawful actions." Also in his amended complaint, Plaintiff alleged Cumberland County waived its defense of sovereign immunity "by the purchase of liability insurance."

In his second claim for relief, Plaintiff alleged Pait was negligent, *inter alia,* in failing to "seek any guidance" from a superior to see if Campbell "had in fact given him correct information regarding the non-validity ... of the recall Order[.]" Plaintiff additionally alleged Pait negligently failed to "[t]ake any other actions to determine the appropriateness of any of the actions being taken by he and or other members of his posse."

In his third and fourth claims for relief, Plaintiff alleged Deputy "XI," the transporting Officer, and Deputy "XII" were negligent, *inter alia,* in failing to seek guidance from a superior to "see if the non-Attorney co-defendant Angela Campbell ... had in fact given [them] and [their] posse the correct information regarding the non-validity of the recall Order which the Plaintiff had acquired." Plaintiff also alleged these Defendants were negligent in failing to take "any other actions to determine the appropriateness of any of the actions being taken by [them] and or other members of [their] posse." Plaintiff further alleged:

> That the effects of such acts of negligence constituted false

imprisonment, intentional infliction of emotional distress, subjecting the Plaintiff to humiliation, injury to reputation as such conduct on the part of the co-Defendant[s] ... was without legal justification, extreme and outrageous, reasonably calculated to cause harm to the Plaintiff or any other person who would have been similarly situated under the same circumstances of duress and helplessness.

**\*3** Plaintiff repeated these allegations as to McLaurin and Sheriff Earl Butler ("Butler"). Plaintiff also named the County of Cumberland a Defendant, even though Plaintiff did not specifically make any direct allegations against the County.

On 10 November 2015, Cumberland County filed a motion to dismiss Plaintiff's amended complaint. On 22 December 2015 Campbell filed a motion to dismiss Plaintiff's amended complaint. On 25 January 2016, McLaurin filed a motion to dismiss Plaintiff's amended complaint pursuant to Rules 12(b)(1), (2), (5), and (6) of the North Carolina Rules of Civil Procedure. On 23 February 2016, the Sheriff's Office Defendants filed a motion to dismiss Plaintiff's amended complaint pursuant to Rules 12(b)(1), (2), (4), (5), (6), and (7) of the North Carolina Rules of Civil Procedure. On 20 July 2016, Plaintiff issued a Summons naming Keating, Director of Cumberland County Child Support, as a Defendant in this action. Keating received this summons via certified mail. On 3 August 2016, Keating filed a motion to dismiss Plaintiff's complaint. Finally, on 2 September 2016, Defendants Cumberland County and Campbell filed a motion for summary judgment.

On 31 August 2016, Plaintiff filed several "Pretrial Motions." These motions included a motion to amend the complaint, two motions to compel, and a motion to eradicate a conflict of interest.

On 13 September 2016, the trial court conducted a hearing on the Defendants' and Plaintiff's motions. Before the trial court could hear the parties' arguments, Plaintiff stated:

> I'd just like to bring to the Court's attention my understanding of our local rules require that all parties, when they give notice of hearing, in order to have a motion heard they must pay $20. I've paid mine, but I didn't see where they've paid theirs; and, if they haven't, I would object to the Court hearing their motions because they didn't comply with the local rules.

In response, counsel for the Cumberland Defendants stated, "We paid our motion fee. Our paralegal went down with our card that we use in the clerk's office, and that's all I can report on that." Counsel for McLaurin stated, "I did not personally file the notice of hearing, but our office always pays a $20 fee when we file a notice of hearing; and, I can look through the file and make sure that we did, but I don't think it would have been calendared had we not paid." The Court then stated it was ready to hear arguments on the parties' respective motions, but then noticed Plaintiff raised his hand. Plaintiff stated:

> I just want to be careful that I show proper deference to the Court. All the receipts should be in the file. Mine is there; and, if theirs is not there and they don't have a copy, Judge, I'm not responsible for that. I'm just responsible for bringing to the Court's attention when I think is relevant with respect to the local rules and fairness.

The Court replied:

> Thank you. As the local rules are local rules enacted here in Cumberland County, I would just say that counsel —that are present for the respective defendants, at the conclusion of the hearing, please search the file and make sure that—or your records and

make sure that the appropriate fees have been paid; and, if they have not, make sure you pay them.

*\*4* Counsel for the Cumberland Defendants first stated none of the Defendants knew a judge had recalled the order for Plaintiff's arrest, and "we are not sure exactly how that order got done." Counsel continued:

> [I]n any event, on November 22nd, that District Court Judge signed the written order for arrest that then had been prepared and delivered to her—that she had orally requested on November the 3rd; and, pursuant to that order for arrest by the District Court Judge, sheriff's deputies appeared at [Plaintiff's] residence—I believe it was December 9th, 2011—and arrested him. And [Plaintiff's] filed this lawsuit alleging the arrest was improper and was a wrongful arrest false imprisonment, extortion, and negligence and various claims against the defendants.

The Court replied:

> What you're representing to the Court is that a District Court Judge issued an order for the arrest of the plaintiff; and, on November the 16th, 2011, the same District Court Judge struck the order for arrest for the plaintiff; and, on November the 22nd, 2011, the same District Court Judge signed an order for arrest of the plaintiff?

Plaintiff stated, "That's correct, Your Honor." The Cumberland County Defense Counsel then summarized the rest of the facts:

> And, when the deputies went to arrest [Plaintiff], [Plaintiff] has alleged that he informed them of this order recalling the arrest and that one of the deputies, Deputy Pait, phoned Angela Campbell, the child support case worker, to inquire about her knowledge of the recall of the order for arrest. [Plaintiff] was not a party to that conversation, but he's made allegations that Ms. Campbell said to arrest him anyway unless he has $1,000 to pay his child support, but those are facts that are somewhat in dispute; but, in any event, [Plaintiff] was—could not produce the order to recall to the deputy, and Ms. Campbell presented that she was not aware of any recall order; and, so, he was brought down before the magistrate.

Once at the magistrate's office, "[Plaintiff] made his bail." Defense Counsel for the Cumberland Defendants stated, "I think he called a friend and posted the appropriate bond and was released the same day."

The Cumberland Defendant's counsel then stated his "first argument is governmental immunity." Nowhere in his complaint did Plaintiff state he is suing Campbell in her individual capacity, but rather states "that she was in the performance of her duties with Cumberland County during all the events ... and, so, it's really a suit against the entity, Cumberland County, under the case law." Defense Counsel then stated, "We did not waive governmental immunity by the purchase of insurance.... Defendant Cumberland County has not purchased liability insurance to cover a claim such as this nor does it have any insurance coverage in place ..."

Counsel for the Cumberland Defendants next stated:

> [T]here is no viable cause of action against Ms. Campbell or Cumberland County in this case. Ms. Campbell did not order [Plaintiff's] arrest. A judge did that. She did not draft the order or

deliver the order. She did not serve the order.... I just don't see how [Plaintiff] can even meet any of the elements in that case towards [Campbell] because she has nothing to do with his arrest other than that's what he's alleging, that one telephone call; ... She just has no authority to do what I think [Plaintiff] has alleged she could've done as to fix all this[.]

**\*5** Therefore, counsel argued Plaintiff did not have a viable cause of action against Campbell, even if there is no governmental immunity.

As to Keating, the director of Cumberland County Child Support, defense counsel argued he is not a party to this action. Defense counsel explained Plaintiff called defense counsel a few months ago and asked counsel if he would "accept service on [Keating's] behalf." Defense counsel told Plaintiff he could not do so. "There's no allegation against [Keating] and [counsel] didn't think he could be brought in at this late stage."

Counsel for McLaurin argued next. Counsel stated "Plaintiff's allegations against Magistrate McLaurin arise from the actions that she took during [Plaintiff's] initial appearance." Counsel argued "this Court lacks subject-matter jurisdiction over plaintiff's claims for monetary relief over McLaurin as she has been named in her official capacity only. So plaintiff's claims are claims against the state. As such, those claims are barred by sovereign immunity." Counsel also contended Plaintiff failed to properly serve Magistrate McLaurin. "First, she was served at her place of employment instead of the Attorney General's Office; and, she was later served by plaintiff himself by mailing a certified copy. Neither of those methods of service comply with Rule of Civil Procedure 4[.]"

Plaintiff responded to these arguments. The following colloquy occurred:

[PLAINTIFF]: Yes, sir. Judge, historically, I had been in touch with the child support people making payments.... and, prior to October 20 th , when the order to show cause was served upon me, I had been in touch with Child Support Agent Ms. Campbell; and, she told me, at that time ... basically saying, when we talked, you told me the case was not on the calendar. November 3 rd , I have a conflict— and it was a long-standing conflict.... When I got back and heard there was an order for my arrest, I couldn't believe it. You know, I filed the motion for a continuance as soon as I was served. It was properly delivered to them, ... Somehow it was not approved, and [the trial court] did issue the order for arrest. When I found out, I filed a motion to set it aside attaching copies of two payments that I had made in the interim. [The trial court] then recalled the order, all of which was served on the defendant, Angela Campbell.

THE COURT: Was all this done in open court, [Plaintiff], or do you know?

[PLAINTIFF]: It wasn't done in open court. It was served once the order was signed by [the judge]. In other words, once I filed my motion, put it in the box with all my supporting documents, it was later signed.

Plaintiff contended his complaint is "consistent with the facts and the affidavits, the memorandum and everything that I've provided[.]" Plaintiff next contended under the case law, "a judge will be subject to liability only when he acted in clear absence of all jurisdiction. So, you don't have a valid order of arrest, you cannot arrest somebody. You cannot subject him to incarceration, and it wasn't like I didn't tell everybody." Plaintiff also contended governmental immunity did not apply because "nobody was concerned about justice." Rather, Plaintiff contended, "[t]hey were concerned about paperwork and relying on Ms. Angela Campbell to say that the arrest warrant was not valid." As to McLaurin, Plaintiff argued "she can't employ governmental immunity for the same reasons the county can't." Plaintiff then argued:

**\*6** Government immunity—or, judicial immunity in her case, requires that she be doing something she had jurisdiction to do. She didn't have jurisdiction to have the person before her, that was not subject to a valid arrest warrant, and then put them under bond. It was not like she, too, was not told.

The trial court then asked Plaintiff who prepared the recall order, and Plaintiff replied, "I prepared it[.]"

Counsel for the Sheriff's Office Defendants responded:

Sheriff Butler, of course, is protected by sovereign immunity because he is a constitutional officer. He is protected by governmental immunity because, even though the Constitution constitutes the sheriff and creates the office of sheriff, he is also a governmental agent; and, he is protected thereby. He is also protected by public official immunity.

....

Cumberland County does not purchase insurance, does not participate in an interlocal risk fund at all.

....

[T]here was no certificate of service, there was no delivery of any recall order to the Sheriff's Office. There is only the position of the plaintiff that the matter had been recalled. What the deputies were functioning on, however, was a facially valid order signed by a judge after the date of the purported recall signed on November 22 nd .

Additionally, counsel stated "the only potential waiver of sovereign or governmental immunity would be through the purchase of the Sheriff's bond; but, [our courts] have continuously and universally said that in order to ... invoke waiver of immunity to the extent of the bond," it is essential to join the surety as a party to the action. Therefore, counsel contended, "neither the sheriff nor any of his deputies can be held liable in their official capacity in any manner. The failure to join surety becomes an issue not only of in persona jurisdiction, not only a failure to join the necessary party, but also of subject matter jurisdiction." Plaintiff responded to this contention by arguing, "The statute hasn't run as it relates to surety because the surety is included in et. al and has been properly served."

The trial court concluded "The defendant's motion to dismiss, motions to dismiss and for summary judgment are allowed."

Plaintiff timely appealed.

### II. Standard of Review

"On a motion to dismiss ... the standard of review is whether the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory." *Scadden v. Holt,* 222 **N.C**. **App**. 799, 801, 733 **S.E**.**2d** 90, —— (2012) (quoting *Block v. County of Person,* 141 **N.C**. **App**. 273, 277-78, 540 **S.E**.**2d** 415, 419 (2000) ).

"Our standard of review of an appeal from summary judgment is *de novo*; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *In re Will of Jones,* 362 **N.C**. 569, 573, 669 **S.E**.**2d** 572, 576 (2008) (quoting *Forbis v. Neal,* 361 **N.C**. 519, 523-24, 649 **S.E**.**2d** 382, 385 (2007) ).

### III. Analysis

Plaintiff first argues the trial court committed reversible error in hearing Defendants' motions to dismiss and for summary judgment. Specifically, Plaintiff contends the trial court should not have heard the motions because Defendants did not pay the fee required under **N.C**. Gen. Stat. § 7A-305(f). Under this statute, "[T]he sum of twenty dollars ($20.00) shall accompany any filing of a notice of hearing on a motion ... that is filed with the clerk." **N.C**. Gen. Stat. § 7A-305(f) (2017).

**\*7** The record contains receipts for all Defendants indicating they each paid the fee. This contention is without merit.

Plaintiff next contends the trial court committed reversible error by not hearing all of Plaintiff's motions. Plaintiff failed to cite any legal authority in support of this contention. This argument is therefore dismissed. *See Goodson v. P.H. Glatfelter Co.,* 171 **N.C**. **App**. 596, 606, 615 **S.E**.**2d** 350, 358 (2005) ("It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein.").

In his third and fourth assignments of error, Plaintiff contends the trial court committed reversible error when it allowed the Cumberland Defendants' motions to dismiss and for summary judgment. Plaintiff also contends the trial court erred in granting Keating's motion to dismiss. We disagree.

We first address Plaintiff's contention as to Keating. Our review of the record indicates Keating was never a proper party to Plaintiff's action. Plaintiff sent Keating a copy of his amended complaint by certified mail in July 2016. Keating is not named in the caption of Plaintiff's amended complaint. Plaintiff contends his inclusion of "et al." in the caption of his amended complaint meant he was "in effect" including other

defendants to be named later (such as Keating). Plaintiff fails to cite any case law in his brief in support of his argument the inclusion of "et al." in the complaint's caption allows for Plaintiff to later name additional defendants. Plaintiff's contention is meritless.

In *Roberts v. Hill*, 240 N.C. 373, 82 S.E.2d 373 (1954), the plaintiff named a defendant in the complaint's caption, but failed to make any allegations against that defendant in the body of his complaint. Our State Supreme Court directed the defendant's name be stricken from the complaint since there were no allegations against that defendant. *Id.* at 377, 82 S.E.2d at 377. Here, as in *Roberts*, Plaintiff fails to make any allegations against Keating in the body of his complaint, in addition to failing to name Keating in his complaint's caption.

Because Plaintiff failed to name Keating in the caption of his complaint, and because Plaintiff failed to mention Keating in the body of the complaint, we conclude the trial court properly granted the motion to dismiss as to Keating.

As to Defendants Cumberland County and Campbell, the doctrine of governmental immunity bars Plaintiff's claims. Governmental immunity "grants the state, its counties, and its public officials, in their official capacity, an unqualified and absolute immunity from lawsuits." *Dalenko v. Wake Cty. Dep't of Human Servs.*, 157 N.C. App. 49, 55, 578 S.E.2d 599, 603 (2003) (quoting *Paquette v. County of Durham*, 155 N.C. App. 415, 418, 573 S.E.2d 715, 717 (2002) ). Unless waived, the immunity is absolute and unqualified. *Id.* at 55, 578 S.E.2d at 603. "In the absence of some statute that subjects them to liability, the state and its governmental subsidiaries are immune from tort liability when discharging a duty imposed for the public benefit." *McIver v. Smith*, 134 N.C. App. 583, 585, 518 S.E.2d 522, 524 (1999).

 *\*8* At the time Plaintiff initiated this cause of action, Campbell was an employee of the Cumberland County Child Support Department. In his amended complaint, Plaintiff does not specify whether he is suing Campbell in her official or individual capacity. When a complaint's caption does not specify whether a plaintiff sues a public official "in his official capacity" or "in his individual capacity," the court presumes plaintiff is suing the defendant only in his official capacity. *White v. Trew*, 366 N.C. 360, 364, 736 S.E.2d 166, 169 (2013). We therefore conclude Plaintiff's complaint only references Campbell in her official capacity.

A suit against a government employee in his official capacity is a suit against the governmental entity. *Id.* at 363, 736 S.E.2d at 168. "[O]fficial-capacity suits are merely another way of pleading an action against the government entity." *Mullis v. Sechrest*, 347 N.C. 548, 554, 495 S.E.2d 721, 725 (1998). North Carolina Child Support enforcement procedures are a creature of statute. N.C. Gen. Stat. § 110-128 *et seq.* As such, the activities carried out pursuant to statute are governmental by nature. *See Wright v. Gaston County*, 205 N.C. App. 600, 604, 698 S.E.2d 83, 88 (2010) (holding that providing for the health and welfare of the citizens of the county is a legitimate and traditional function of county government); *Dalenko*, 157 N.C. App. at 56, 578 S.E.2d at 603 (holding a social worker whose discretion is created by statutory authority has governmental immunity).

Here, Plaintiff alleged in his amended complaint Cumberland County waived governmental immunity by the purchase of liability insurance. However, a plaintiff who brings claims against a governmental entity must allege and prove that governmental entity waived immunity. *Wright* at 606-07, 698 S.E.2d at 89. In its answer, Cumberland County denied it waived governmental immunity through the purchase of liability insurance. Additionally, the parties further argued this issue at the hearing on Defendants' motions to dismiss and for summary judgment. Because Plaintiff is not able to show Cumberland County waived governmental immunity through the purchase of insurance, we conclude the trial court properly dismissed Plaintiff's action and granted the Cumberland Defendants' motion for summary judgment.

In his fifth and sixth assignments of error, Plaintiff contends the trial court erred in granting the Sheriff's Office Defendants' motions to dismiss and for summary judgment. We disagree.

As discussed *supra*, the doctrine of governmental immunity bars actions against the State, "its counties, and its public officials sued in their official capacity." *Messick v. Catawba County*, 110 N.C. App. 707, 714, 431 S.E.2d 489, 493, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 336 (1993). Here, the trial court properly determined the Sheriff's Office Defendants are public officials sued in their official capacities. These Defendants are therefore shielded from tort liability when discharging or performing a governmental

function.[4] *McIver* at 585, 518 **S.E**.**2d** at 524 (1999). The Sheriff's Office Defendants' acted in the performance of their official duties, and therefore the doctrine of governmental immunity bars Plaintiff's suit. Therefore, the trial court properly granted these Defendants' motions to dismiss and for summary judgment.

*9 In his final assignment of error, Plaintiff contends the trial court erred in granting McLaurin's motion to dismiss. Plaintiff bases his argument on two contentions: (1) McLaurin is not entitled to judicial immunity; and (2) McLaurin received proper service. We conclude McLaurin did not receive proper service, and therefore the trial court properly granted McLaurin's motion to dismiss.[5]

Under our General Statutes, "The complaint and summons shall be delivered to some proper person for service. In this State, such proper person shall be the sheriff of the **county** where service is to be made or some other person duly authorized by law to serve summons." **N.C**. Gen. Stat. § 1A-1, Rule 4(a) (2017). Where a statute provides for service of summons by certain persons by designated methods, a plaintiff must comply with the specified requirements or there is no valid service. *Guthrie v. Ray*, 293 **N.C**. 67, 70, 235 **S.E**.**2d** 146, 148 (1977). A failure to comply with statutory requirements makes service invalid. See *Hunter v. Hunter*, 69 **N.C**. **App**. 659, 662, 317 **S.E**.**2d** 910, 911 (1984) (where failure to serve process in the manner prescribed by statute renders the service invalid, even though defendant had actual notice of the lawsuit).

Here, Plaintiff did not deliver the summons and a copy of the complaint to the sheriff or some other person authorized by law to serve summons. Rather, Plaintiff mailed process to McLaurin herself. Because McLaurin did not receive proper service, the trial court did not acquire personal jurisdiction over McLaurin. See *Glover v. Farmer*, 127 **N.C**. **App**. 488, 490, 490 **S.E**.**2d** 576, 577 (1997), *cert. denied*, 347 **N.C**. 575, 502 **S.E**.**2d** 590 (1998) (absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed). We therefore conclude the trial court properly dismissed Plaintiff's complaint as to McLaurin.

AFFIRMED.

Report per Rule 30(e).

Judges INMAN and BERGER concur.

**All Citations**

257 N.C.App. 952, 809 S.E.2d 407 (Table), 2018 WL 710085

---

## Footnotes

1    The Order states the "date issued" is "November 3, 2011." The date box on the Order for Arrest contains the hand-written date "11/15/11;" but it also contains the hand-written date "11/22/11" above the Judge's signature.

2    McGhee does not remember how she was contacted regarding Plaintiff leaving a propane cooker on outside.

3    This complaint was filed on 15 December 2014.

4    As a matter of law, sheriffs, chief jailors, regular deputies and assistant jailors are public officials entitled to public official immunity. *See e.g.,* *Slade v. Vernon*, 110 **N.C**. **App**. 422, 428, 429 **S.E**.**2d** 744, 747 (1993) (applying public official immunity to a sheriff and chief jailor), *implied overruling based on other grounds*, *Leonard v. Bell*, ––– **N.C**. **App**. ––––, 803 **S.E**.**2d** 445 (2017).

5    Because we conclude the trial court properly dismissed Plaintiff's claims against McLaurin due to insufficient service, we need not reach the issue regarding Plaintiff's contention McLaurin was not entitled to judicial immunity.

**End of Document** © 2024 Thomson Reuters. No claim to original U.S. Government Works.