IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:23-cv-00423-WO-JLW

| | |
|---|---|
| TIMIA CHAPLIN; KEVIN SPRUILL; ROTESHA MCNEIL; QIANA ROBERTSON; YOUSEF JALLAL; MESSIEJAH BRADLEY; PAULINO CASTELLANOS; ROBERT LEWIS; and ALLEN SIFFORD, on behalf of themselves and all others similarly situated,<br><br>                *Plaintiffs*,<br><br>   v.<br><br>WILLIE R. ROWE, in his official capacity as the Sheriff of Wake County; BRIAN ESTES, in his official capacity as the Sheriff of Lee County; THE OHIO CASUALTY INSURANCE COMPANY, as surety for the Sheriff of Wake County and as surety for the Sheriff of Lee County; TYLER TECHNOLOGIES, INC.; RYAN BOYCE, in his official capacity as the Executive Director of the North Carolina Administrative Office of the Courts; BRAD FOWLER, in his official capacity as the eCourts Executive Sponsor and Chief Business Officer of the North Carolina Administrative Office of the Courts; BLAIR WILLIAMS, in his official capacity as the Wake County Clerk of Superior Court; SUSIE K. THOMAS, in her official capacity as the Lee County Clerk of Superior Court; JOHN DOE SURETY, as the surety for the Wake County Clerk of Superior Court and the Lee County Clerk of Superior Court; and DOES 1 THROUGH 20, INCLUSIVE,<br><br>                *Defendants*. | **MOTION FOR LEAVE TO AMEND COMPLAINT** |

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs respectfully move for leave to file a Second Amended Complaint in this action. A copy of the proposed Second Amended Complaint is filed alongside this motion. L.R. 15.1.

In support of this motion, Plaintiffs show the following:

1. This case concerns civil-rights violations arising from the rollout of the so-called "eCourts" software in North Carolina.

2. Plaintiffs initiated this action on May 23, 2023. *See* ECF No. 1. At that time, only four "pilot counties"—Wake, Lee, Johnston, and Harnett—had adopted all components of eCourts.

3. On October 9, 2023, however, eCourts went live in the state's largest county, Mecklenburg County.

4. On October 24, 2023, Plaintiffs moved for an extension of time to file a First Amended Complaint under Rule 15(a)(1)(B), which permits amendment once as a matter of course. ECF No. 29. In seeking an extension, Plaintiffs sought time to "investigate the legal implications" of, and "additional facts relevant to their claims" arising from, the rollout in Mecklenburg County. *Id.* ¶ 5. All defendants consented to that motion. *Id.* ¶ 7.

5. Absent that extension, Plaintiffs had until October 27, 2023 to amend their complaint. This Court did not rule on the consent motion for an extension by that deadline.

6. Accordingly, Plaintiffs filed a First Amended Complaint on October 27, 2023. ECF No. 30. The First Amended Complaint contained factual allegations pertaining to the rollout in Mecklenburg County. *See, e.g., id.* ¶ 77-81 (alleging that, the first four days following the launch in Mecklenburg County, a software "integration issue" caused more than 60 people to be "detained well beyond the point their conditions of release were satisfied"). Given the timing,

however, counsel for Plaintiffs were unable to include plaintiffs or claims related to the Mecklenburg rollout in their First Amended Complaint.

7. On October 30, 2023, this Court granted Plaintiffs' consent motion for an extension of time to file the First Amended Complaint. ECF No. 31. In its order, the Court "deemed" the First Amended Complaint "timely filed" and recognized it as the new "operative pleading." *Id.* at 2. The Court went on to explain that, because the original complaint was "of no legal effect," any pending motions to dismiss had been "rendered moot." *Id.*

8. In the time since filing the First Amended Complaint, counsel for Plaintiffs have worked diligently to:

    a. Investigate the rollout of eCourts in Mecklenburg County and understand its implications;

    b. Refine Plaintiffs' factual and legal allegations in response to Defendants' pending motions to dismiss and new case law from the North Carolina Supreme Court; and

    c. Clarify Plaintiffs' proposed class definitions.

9. Plaintiffs now seek leave to file a Second Amended Complaint. The proposed amendments would:

    a. Add four named Plaintiffs—three from Mecklenburg County, and one from Wake County.

    b. Add as defendants Mecklenburg County Sheriff Gary McFadden, his surety, and Mecklenburg County Clerk of Superior Court Elisa Chinn-Gary.

    c. Revise the Class Action Allegations.

3

      d.      Add two substantive causes of action:

            i.      A 42 U.S.C. § 1983 / *Monell* claim against Mecklenburg Sheriff McFadden; and

            ii.     A state-law false-imprisonment claim against the Clerk Defendants, including Mecklenburg Clerk Chinn-Gary.

      e.      Withdraw the presently alleged cause of action against the Clerk Defendants' official bonds, in light of the North Carolina Supreme Court's recent decision in *Wynn v. Frederick*, 895 S.E.2d 371 (N.C. 2023).

10.     Rule 15 of the Federal Rules of Civil Procedure provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178 (1962) ("[T]his mandate is to be heeded.").

11.     To that end, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

12.     Given the above standard, Plaintiffs respectfully submit that leave should be granted. Specifically: (1) this motion is timely and made in good faith; (2) the proposed amendments are supported by counsel's diligent investigation of the law and the facts, particularly in relation to the recent rollout of eCourts in Mecklenburg County; (3) the two newly proposed claims are not futile and are supported by existing law; (4) no prejudice will result to Defendants, as discovery has not yet begun, and this Court is yet to rule on class certification or any of the pending motions to dismiss; and (5) the proposed Second Amended Complaint strives to clarify the issues for the Court and the parties.

13. Defendants do not consent to this motion. L.R. 6.1(a).[1]

Therefore, Plaintiffs respectfully request that this Court grant leave to file a Second Amended Complaint.

This the 26th day of February, 2024.

/s/ Zachary Ezor
Zachary Ezor (NCSB #: 55070)
Email: zezor@tinfulton.com
Gagan Gupta (NCSB #: 53119)
Email: ggupta@tinfulton.com
Abraham Rubert-Schewel (NCSB #: 56863)
Email: schewel@tinfulton.com
TIN FULTON WALKER & OWEN PLLC
119 Orange Street
Durham, NC 27701
Telephone: (919) 307-8400

A. Dami Animashaun
Email: dami@animashaun.me
933 South Grand Avenue, Suite 2450 Los Angeles, CA 90071
Telephone: 929-266-3971

*Counsel for Plaintiffs on behalf of themselves and all others similarly situated*

Served on all parties: Via ECF

---

[1] In seeking consent from Defendants, Plaintiffs provided a draft of the proposed Second Amended Complaint. Apart from small modifications, the version of the proposed Second Amended Complaint filed herewith is substantially the same as provided to Defendants.