# EXHIBIT 10

North Carolina Pattern Jury Instruction

Civil 802.00 - False Imprisonment

N.C.P.I.—Civil 802.00
FALSE IMPRISONMENT.
GENERAL CIVIL VOLUME
JUNE 2014
------------------------------------

802.00 FALSE IMPRISONMENT.

> *NOTE WELL:* This instruction should not be used when the defendant relies on the merchant's defenses set forth in N.C. Gen. Stat. § 14-72.1. In that situation use N.C.P.I.-Civil 802.01.[1]

The (*state number*) issue reads:

"Did the defendant intentionally and unlawfully detain the plaintiff against *his* will?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant intentionally[2] and unlawfully[3] detained the plaintiff against *his* will.[4]

A person is detained against *his* will if *he* is deprived of *his* liberty; that is, compelled to remain where *he* does not wish to remain, or compelled to go where *he* does not wish to go. Detention can occur through the use of actual force, bodily contact, confinement or physical restraint. Detention can also occur when threatening words or conduct cause a person to have a reasonable apprehension that force will be used against *him* if *he* does not submit.[5]

---

1 The so-called "shopkeeper's privilege" is an affirmative defense. *Redding v. Shelton's Harley Davidson, Inc.*, 139 N.C. App. 816, 534 S.E.2d 656 (2000).

2 For an instruction on intent, *see* N.C.P.I.-Civil 101.46.

3 Illegal or unlawful implies deliberateness in the defendant's actions. *Emory v. Pendergraph*, 154 N.C. App. 181, 185; 571 S.E.2d 845, 848 (2002).

4 *Marlowe v. Piner*, 119 N.C. App. 125, 458 S.E.2d 220 (1995); *Rogers v. T.J.X. Companies, Inc.*, 101 N.C. App. 99, 104, 398 S.E.2d 610, 613 (1990), *review denied*, 328 N.C. 332, 402 S.E.2d 838, *rev'd in part*, 329 N.C. 226, 404 S.E.2d 664 (1991); *Black v. Clark's Greensboro, Inc.*, 263 N.C. 226, 228, 139 S.E.2d 199, 201 (1964); *Hales v. McCrory-McLellan Corp.*, 260 N.C. 568, 570, 133 S.E.2d 225, 227 (1963).

5 "The restraint requirement of this action requires no appreciable period of time, simply sufficient time for one to recognize his illegal restraint. The tort is complete with

In addition to proving that *he* was detained against *his* will, the plaintiff must prove that the detention was unlawful. A detention is unlawful unless it is authorized by a law.

[The detention would be lawful if it was pursuant to an arrest by a law enforcement officer acting under a valid warrant.][6]

[The detention would be lawful if it was by a law enforcement officer making an arrest without a warrant for an offense committed in *his* presence.][7]

[The detention would be lawful if it was by a law enforcement officer making an arrest without a warrant but acting upon reasonable grounds for believing that the individual being arrested committed [the felony of (*name felony*)] outside *his* presence.][8]

[The detention would be lawful if it was by a law enforcement officer making an arrest for (*name misdemeanor*) and the officer had probable cause[9] to believe that the plaintiff committed the offense and (would not be apprehended unless immediately arrested) (may cause physical injury to *himself* or others unless immediately arrested) (may cause damage to property unless immediately arrested).][10]

---

even a brief restraint of the plaintiff's freedom." *West v. King's Dep't Store, Inc.,* 321 N.C. 698, 703, 365 S.E.2d 621, 624 (1988). *See also Wilkerson v. Duke Univ.*, __ N.C. App. __, __, 748 S.E.2d 154, 158 (2013) (quoting *West*).

6 N.C. Gen. Stat. § 15A-401(a).

7 N.C. Gen. Stat. § 15A-401(b)(1).

8 N.C. Gen. Stat. § 15A-401(b)(2)(a).

9 Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the plaintiff had committed the offense. *See State v. Harris*, 9 N.C. App. 649, 651, 177 S.E.2d 445, 447 (1970) (quoting *Henry v. United States*, 361 U.S. 98, 102 (1959)).

10 N.C. Gen. Stat. § 15A-401(b)(2)(b).

[The detention would be lawful if it was by a law enforcement officer making an arrest and the officer had probable cause to believe the plaintiff had committed the offense of (impaired driving) (domestic criminal trespass) (concealment of merchandise in a mercantile establishment).][11]

[The detention would be lawful if it was by a private person assisting a law enforcement officer in making an arrest or preventing an escape from custody when requested to do so by the officer.][12]

[The detention would be lawful if it was by a private person with probable cause to believe the person detained had committed in *his* presence [the felony of (*name felony*)] [a breach of the peace] [a crime involving injury to another person] [a crime involving theft or destruction of property].][13]

(*For other instances of lawful detention, see N.C. Gen. Stat. §§ 15A-401(b)(4); 15A-1113(b).*)

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant intentionally and unlawfully detained the plaintiff against *his* will, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

---

[11] N.C. Gen. Stat. § 15A-401(b)(2)(c) and (d).

[12] N.C. Gen. Stat. § 15A-405.

[13] N.C. Gen. Stat. § 15A-404.