IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
NO. 1:23-CV-00423

| | |
|---|---|
| TIMIA CHAPLIN; SARAH FIELDS; SYELINE NUNEZ; THOMAS HAYWARD; KEVIN SPRUILL; ROTESHA MCNEIL; QIANA ROBERTSON; YOUSEF JALLAL; MESSIEJAH BRADLEY; DENNIS KEITH LASSITER; PAULINO CASTELLANOS; ROBERT LEWIS; and ALLEN SIFFORD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GARY L. MCFADDEN, officially, as the Sheriff of Mecklenburg County; JOHN DOE SURETY, as surety for the Sheriff of Mecklenburg County; WILLIE R. ROWE, officially, as the Sheriff of Wake County; BRIAN ESTES, officially, as the Sheriff of Lee County; THE OHIO CASUALTY INSURANCE COMPANY, as surety for the Sheriffs of Wake County and Lee County; TYLER TECHNOLOGIES, INC.; NORTH CAROLINA ADMINISTRATIVE OFFICE OF THE COURTS; RYAN BOYCE, officially, as the Executive Director of the North Carolina Administrative Office of the Courts; BRAD FOWLER, officially, as the eCourts Executive Sponsor and Chief Business Officer of the North Carolina Administrative Office of the Courts; ELISA CHINN-GARY, individually and officially, as the Mecklenburg County Clerk of Superior Court; BLAIR WILLIAMS, individually and officially, as the Wake County Clerk of Superior Court; SUSIE K. THOMAS, individually and officially, as the Lee County Clerk of Superior Court; and DOES 1 THROUGH 20, INCLUSIVE,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANT SHERIFF ROWE'S REPLY TO PLAINTIFFS'
RESPONSE [DE 102] TO DEFENDANT ROWE'S MOTION TO
DISMISS SECOND AMENDED COMPLAINT [DE 88]**

NOW COMES Defendant, WILLIE L. ROWE, in his official capacity as the Sheriff of Wake County ("Defendant Sheriff Rowe"), and through undersigned counsel, and pursuant to LR 7.3(h) hereby submits this Reply to newly raised issues in the Response of Plaintiffs [DE 102] to Defendant Rowe's Motion to Dismiss [DE 88] and Memorandum of Law in Support of its Motion to Dismiss Second Amended Complaint [DE 89] and says as follows:

STANDARD OF LEGAL REVIEW

The Standard of Legal Review and Nature of the Case has been well set out in the preceding filings leading to this Reply and need not be recapitulated herein.

ARGUMENT IN REPLY

Plaintiffs claim that the North Carolina state court's launch of a new "eCourts" electronic court filings "has caused people to spend days or weeks longer than necessary in jail. Others have been arrested multiple times on the same warrant— even after their charges have been dismissed by a judge." [DE 77, ¶ 3]. Plaintiffs in their response to Defendant Sheriff Rowe's Motion to Dismiss admit in their introduction that these "arrests" occurred "less than a month into the rollout of eCourts." [DE 102, p. 2]. Plaintiffs continue to insist that Defendant Sheriff Rowe has some duty to conduct a "review of their legality." In so arguing, plaintiffs erroneously imbue North Carolina Sheriffs with duties and responsibilities that do not exist and are indeed without legal authority. Plaintiffs' continued insistence that North Carolina Sheriffs "review their [warrants] legality" is totally at odds with the law governing the law enforcement duty to serve criminal (or

2

Case 1:23-cv-00423-WO-JLW   Document 110   Filed 06/06/24   Page 2 of 10

civil for that matter) process.[1]

Furthermore, plaintiffs attempt to create a new class of duties and obligations on Sheriffs when serving criminal process completely ignores an entire statutory framework setting forth the duties of law enforcement and sheriffs in general. For example, conspicuously absent from plaintiffs' response is any reference to N.C.G.S. 15A-301(f) which provides "[a]n officer or other employee designated as provided in subsection (b), and serving process as provided in subsection (b), receiving under this section or under G.S. 15A-301.1 criminal process which is complete and regular on its face may serve the process in accordance with its terms and need not inquire into its regularity or continued validity, nor does he incur criminal or civil liability for its due service." N.C.G.S. 15A-301(f) ("Protection of Process Server"). Plaintiffs do note in footnote 1 that defendants rely on state law to execute facially valid warrants, but they note that "in practice [ ] deputies routinely exercise discretion in warrant execution – including refusing to execute certain warrants, or by allowing individuals to turn themselves in at a later date on an active warrant." [DE 108, p. 8]. These allegations are not a part of plaintiffs' Second Amended Complaint but more importantly, are of no relevance on legal duties in the execution of warrants. In sum, plaintiffs' Second Amended Complaint fails to identify any legal duty on the part of Sheriffs to inquire "behind" otherwise facially valid warrants, review their validity or second guess the judicial process – the complaint should be dismissed.

---

[1] We pointed out in our Memorandum of Law what Defendant Sheriff Rowe believes to be controlling North Carolina law on this question and reiterate it here again. "Our appellate courts have recognized the duty of law enforcement officers to serve a properly issued warrant. When a warrant, valid in form and issued by a court of competent jurisdiction, is placed in the hands of an officer for execution, it is his duty to carry out its demands without delay, and he incurs no liability for its proper execution, however disastrous may be the effect on the person against whom it is issued. If it is regular on its face, he is bound to serve it, and failure to do so would be disobedience of a lawful court order, punishable as contempt. *State v. Harvey*, 281 N.C. 1, 9, 187 S.E.2d 706, 712 (1972); see also *Robinson v. City of Winston–Salem*, 34 N.C. App. 401, 406, 238 S.E.2d 628, 631 (1977) ("[A law enforcement officer's] failure to serve [a] warrant may amount to dereliction of duty[.]").

*Monell* Claim

In their response to Defendant Sheriff Rowe's motion to dismiss, the plaintiffs assert that they have adequately pled a *Monell* claim against Defendant Sheriff Rowe and cite the well-known elements of when a local government entity can be held liable for constitutional deprivations. Those elements include actions which cause violations of rights when made through (1) an express policy; (2) the decisions of a person with final policy making authority; (3) an omission, like failure to train, that shows deliberate indifference to the rights of citizens; or (4) through a "persistent and widespread" practice or custom. *Lytle v. Doyle*, 326 F. 3d 463, 471 (4th Cir. 2003).

Plaintiffs claim that their *Monell* claim should survive because they have sufficiently alleged that Defendant Sheriff Rowe's deputies were "repeatedly executing invalid warrants" and that was enough to constitute a practice or custom. Plaintiffs ask the court to consider these allegations sufficient under *Monell* even though they admit that the period of time involved in the alleged wrongful arrests of plaintiffs Chaplin, Spruill and McNeill was a period from March 4 to October 19, 2023 (approximately seven (7) months). Furthermore, these arrests occurred at the very beginning of the rollout of a major and unparalleled implementation of an all-electronic filing eWarrants system, never before used in the almost 250-year history of the North Carolina courts. No plausible allegation could equate these arrests to a "persistent and widespread practice or custom" sufficient to form the basis of liability under *Monell*. Plaintiffs' allegations in this regard attempt to catapult unfortunate clerical errors into a grave constitutional infirmity.

Plaintiffs argue that Defendant Sheriff Rowe admits that his office could bear liability "if they had a policy of serving invalid warrants." First, for the reasons mentioned above, plaintiffs' allegations are not plausible that any such policy existed. Second, plaintiffs argue *Mitchell v. Aluisi*, 872 F. 2d 577 (1989) for the proposition that a plaintiff with proof of an unconstitutional

4

custom or practice to execute invalid warrants *could* properly allege *Monell* liability. (emphasis theirs). We do not read *Mitchell* so broadly. The court in *Mitchell* parenthetically noted that "[t]here was also no proof of an unconstitutional custom or practice in this case." *Id,* 872 F.2d at 580. Although the court did note that the plaintiff in that case has not produced evidence of service of any other recalled bench warrants by defendants, it did not explicitly hold that "proof of an unconstitutional custom or practice to execute invalid warrants -even if facially vaild' could properly allege *Monell* liability" as plaintiffs suggest in their response. [DE 108, p. 8]. It seems fairly obvious that proof of an "unconstitutional custom or practice" would suffice support a claim under *Monell*. However, plaintiffs as asking the court to make a leap in logic and assume the defendants' actions in serving warrants are unconstitutional in and of themselves. *Mitchell* did not hold that service of warrants from a new electronic system with some errors perhaps known to law enforcement is so widespread and persistent as to be tantamount to an unconstitutional practice.

Moreover, *Mitchell* is not analogous to this case in that the system of issuance of bench warrants was controlled by "court practice" which appeared to be a longstanding practice of having the judge's secretary prepare warrant cancellations, inform the Sheriff, send the cancellation to the Sheriff with a copy of the court file and return the file to the clerk's office. Here, the Sheriff is having to operate with and consult with a brand-new electronic filing system implemented by the North Carolina Administrative Office of the Courts. Plaintiffs' allegations, even if true, do not constitute "widespread and persistent" actions but rather sporadic and isolated errors arising out of the implementation of a nascent newly installed electronic filing system. What options would be available to a law enforcement officer who has a person with an outstanding electronic warrant to verify if it has been recalled or already served? Plaintiffs suggest that law enforcement should delay serving, review and /or inquire into the legal sufficiency of the warrant – all options which

5

would take time to accomplish even if it could be accomplished.

Plaintiffs' Second Amended Complaint never alleges in what way a North Carolina Sheriff could provide a remedy for service of a recalled warrant even if the arrestee maintains to the officer that the warrant is resolved. ("A Sheriff executing an arrest warrant is not required by the Constitution to investigate independently every claim of innocence." *Baker v. McCollan*, 443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)). In their response, plaintiffs claim that Defendant Sheriff Rowe could have "cleared" the invalid warrants without any allegation of how a Sheriff or his deputy could "clear" a warrant or go into a computer system and do anything other than follow what is showing on the electronic system OR speculate as to whether a warrant had been acted upon but not been memorialized in this new system. Furthermore, Plaintiffs never allege who arrested the particular plaintiffs.

Even assuming that a Sheriff had evidence that a few of the many warrants were invalid, the question becomes whether 42 § U.S.C. 1983 imposes municipal liability on a sheriff for assuming all warrants are valid unless proven invalid. Plaintiffs essentially seek to impose *Monell* liability upon a Sheriff for not performing a history check on every warrant they receive. Indeed such an onerous process may take a longer time to complete than the time the several plaintiffs allege they were detained.

Plaintiffs cite a trial court case *McMurray v Sheahan*, 927 F. Supp. 1082 (BN.D. Ill. 1996) in support of their argument that law enforcement who knowingly allowed hundreds of people to be arrested on invalid warrants on a computer system that was "fraught with problems" known to defendants would support a claim for deprivation of constitutional rights for wrongful arrest. We contend that this case is neither persuasive nor informative on the issues in this suit. The computer system in *McMurray*, called LEADS, was maintained by the Illinois state police and apparently

6

was well established. A careful reading of *McMurray* reveals that defendants (or their employing agencies) were subjected to "prior lawsuits filed against them" and that defendants continued reliance on a flawed computer system resulted in an "abundance of litigation" against the Cook County Sheriff. Here, plaintiffs admit that this entire electronic system was introduced in February 2023. To this defendant's knowledge, this is the first (and only) lawsuit raising these issues.

### *Negligence Claim*

Plaintiffs respond that they have sufficiently pled a negligence claim against Defendant Sheriff Rowe and recite the well-worn elements of a state law tort action. The Second Amended Complaint fails on all three elements as a matter of law. Plaintiffs argue that a law enforcement officer is held to the standard of care that a "reasonably prudent person would exercise in the discharge of official duties of like nature under like circumstances." *Citing Prior v Pruett*, 143 N.C. App. 612, 620, 550 S.E.2d 166 (2001). The "reasonable prudent law enforcement officer" has a duty to adhere to North Carolina law when serving a warrant, and this "when a warrant, valid in form and issued by a court of competent jurisdiction, is placed in the hands of an officer for execution, it is his duty to carry out its demands without delay."

Thus, the "duty" imposed by law upon a law enforcement officer is to serve without delay. Furthermore, North Carolina law mandates that an officer who receives "criminal process which is complete and regular on its face may serve the process in accordance with its terms and need not inquire into its regularity or continued validity, nor does he incur criminal or civil liability for its due service." N.C.G.S. 15A-301(f) ("Protection of Process Server"). If that is the state of the law, plaintiffs' negligence claims fail for lack of any duty imposed by law to inquire into "continued validity" of any criminal process.

In their response, plaintiffs again continue to insist that "Sheriff Rowe failed to investigate

7

and determine the legality of the warrants his office was charged with executing and maintaining." [DE 108, p. 10]. This, plaintiffs contend, was a breach of their duty. It is axiomatic that if the sheriff has a duty to execute warrants, his failure to serve them as written when presented to him would be a breach of his duty. In sum, plaintiffs' Second Amended Complaint fails to identify a duty or breach of duty on the part of Defendant Sheriff Rowe's deputies.

## CONCLUSION

For the foregoing reasons, Defendant Sheriff Rowe contends that plaintiffs have failed to sufficiently plead a valid *Monell* claim and plaintiffs' claims for negligence similarly fail as a matter of law for failure to state a claim.

Respectfully submitted this the 7th day of June, 2024.

            WAKE COUNTY ATTORNEY'S OFFICE

            /s/ *Roger A. Askew*
            Roger A. Askew, NCSB # 18081
            Senior Deputy County Attorney
            Post Office Box 550
            Raleigh, North Carolina 27602
            Phone: (919) 856-5500
            Fax: (919) 856-5504
            *Attorney for Defendant Wake County Sheriff*
             *Willie Rowe*

            /s/ *Robert J. Lane*
            Robert J. Lane, NCSB # 53767
            Assistant County Attorney
            Post Office Box 550
            Raleigh, North Carolina 27602
            Phone: (919) 856-5500
            Fax: (919) 856-5504
            *Attorney for Defendant Wake County Sheriff*
             *Willie Rowe*

## LOCAL RULE 7.3(d)(1) CERTIFICATION

The undersigned hereby certifies that this brief does not exceed 6,250 words and is therefore compliant with Local Rule 7.3(d)(1). More specifically, the body of the brief, headings, and footnotes comprise 2,158 words.

WAKE COUNTY ATTORNEY'S OFFICE

/s/ *Roger A. Askew*
Roger A. Askew, NCSB # 18081
Senior Deputy County Attorney
Post Office Box 550
Raleigh, North Carolina 27602
Phone: (919) 856-5500
Fax:    (919) 856-5504
*Attorney for Defendant Wake County Sheriff Willie Rowe*

## CERTIFICATE OF SERVICE

I, the undersigned attorney for defendant Sheriff Willie Rowe hereby certifies that on the day indicated below the foregoing and attached **REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT SHERIFF ROWE'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF filing system and served via electronic transmission through the Court's CM/ECF system in accordance with Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure and applicable local rules upon the CM/ECF participants:

This the 7th day of June, 2024.

/s/ *Roger A. Askew*
Roger A. Askew, NCSB # 18081
Senior Deputy County Attorney
Wake County Attorney's Office
P.O. Box 500
Raleigh, NC  27602
Telephone:  919-856-5500
Facsimile:  919-856-5504
E-Mail: Roger.askew@wakegov.com
*Attorney for Defendant Wake County Sheriff
  Willie Rowe*