IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:23-cv-00423-WO-JLW

| | |
|---|---|
| TIMIA CHAPLIN, SARAH FIELDS, SAYELINE NUNEZ, THOMAS HAYWARD, KEVIN SPRUILL, ROTESHA MCNEIL, QIANA ROBERTSON, YOUSEF JALLAL, MESSIEJAH BRADLEY, DENNIS KEITH LASSITER, ROBERT LEWIS AND ALLEN SIFFORD, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> GARRY L. MCFADDEN, officially as the Sheriff of Mecklenburg County; TYLER TECHNOLOGIES, INC., <br><br> Defendants. | Joint Rule 26(f) Report |

1. **Rule 26(f) Meeting.** Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1(b), a telephonic meeting was held on July 28, 2025. In attendance were: Gagan Gupta, Abraham Rubert-Schewel, Zachary Ezor, Dami Animashaun, and Margaret Teich for Plaintiffs; Michael Ingersoll for Defendant Garry L. McFadden; and Patrick Hill and Garrett Steadman for Defendant Tyler Technologies, Inc.

1

2. **Discovery Plan**. The parties propose the following discovery plan:

   a. The "commencement date" of fact discovery will be **September 1, 2025.**

   b. Disclosures required by Fed. R. Civ. P. 26(a)(1) are due by **September 15, 2025.**

   c. Discovery will be needed on the following subjects: (1) Plaintiffs' legal claims and the factual allegations in the operative complaint; (2) the defenses to Plaintiffs' legal claims; and (3) issues relevant to Plaintiffs' motion for class certification.

   d. The parties agree that the appropriate plan for this case (with stipulated modifications by the parties as set out below) is that designated in LR 26.1 as Exceptional.

   e. The date for completing fact discovery is **July 1, 2026.**

   f. The parties agree to the following limits on written fact discovery:

      i. Plaintiffs collectively may serve up to 50 interrogatories on each Defendant;

ii. Each Defendant may serve up to 30 interrogatories on each Plaintiff;

iii. Plaintiffs collectively may serve up to 50 requests for production on each Defendant;

iv. Each Defendant may serve up to 30 requests for production on each Plaintiff;

v. Plaintiffs collectively may serve up to 50 requests for admission on each Defendant;

vi. Each Defendant may serve up to 30 requests for admission on each Plaintiff.

g. The parties agree to the following limits regarding fact depositions:

i. Plaintiffs collectively may take up to 18 fact depositions;

ii. Defendants collectively may take up to 18 fact depositions;

h. If, during the course of fact discovery, it appears that any party will need to serve written discovery or take depositions that would exceed the limits set forth above, the parties agree to meet and

confer in good faith regarding modifications to such limits.

i. The parties will endeavor to substantially complete written discovery and document productions on all fact issues no later than **March 1, 2026.**

j. After the completion of fact discovery, the parties will brief the issue of class certification as follows:

   i. Plaintiffs shall file their motion for class certification by **August 31, 2026;**

   ii. Defendants shall respond to Plaintiffs' motion for class certification by **October 29, 2026;**

   iii. Plaintiffs shall file their reply in support of class certification by **November 20, 2026.**

k. Within 30 days after the ruling on Plaintiffs' motion for class certification, the parties shall meet and confer and submit to the court a proposal addressing the remaining schedule in light of the court's ruling, including (as appropriate) for expert disclosures and reports required by Rule 26(a)(2)(B) and Rule

4

26(a)(2)(C), expert depositions, mediation, and dispositive motions.

    l.    Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the Court.

    m.    Stipulated modifications to the case management track include, as set forth above: extending the presumptive discovery period and increasing the presumptive limits on written discovery and depositions.

3.    **Mediation.** Mediation should be conducted during the expert discovery phase, following a ruling on Plaintiffs' motion for class certification, with the exact date to be set by the mediator after consultation with the parties. Following a ruling on class certification, the parties will meet and confer to discuss the date for mediation and selection of a mutually agreeable mediator.

4.    **Preliminary Deposition Schedule.** Preliminarily, the parties agree to the following schedule for depositions:

    a.    The parties agree to work cooperatively to schedule depositions at convenient times and locations.

b. The parties will confer regarding the schedule for expert depositions following a ruling on class certification, as set forth above.

**5. Other Items.** The parties discussed the additional items set forth below:

a. The parties will be allowed until **March 1, 2026** to request leave to join additional parties or amend pleadings. After this date, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

b. The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. § 636(c), or appointment of a master. The parties do not consent to any assignment.

c. Trial of the action is expected to take approximately fifteen days. A jury trial has been demanded.

d. The parties have conferred with regard to discovery of electronically stored information ("ESI"). The parties agree to take reasonable steps to preserve

this information. No later than **October 16, 2025,** the parties will submit to the Court a joint proposed order addressing the protocol for production of ESI, or, if necessary, competing proposed orders.

    e.   The parties agree that service by email to counsel of record will be sufficient for service of discovery requests and responses, and that no paper copies need to be mailed.

    f.   The basis for federal subject matter jurisdiction is federal question.

6. **Confidentiality and Sealing**. Pursuant to LR 5.4 and 5.5, the parties have discussed the issues of confidentiality raised in this case and the potential need for filing documents under seal.

   a. That discussion included the nature of any confidential documents that may be involved in the case, the possibility of using stipulations to avoid the need to file certain documents, and the possibility of agreed-upon redactions of immaterial confidential information in filings to avoid the need for filing documents under seal.

b. Because a non-party may claim confidentiality over documents that may be filed in this case, the parties conferred with counsel for the North Carolina Administrative Office of the Courts.

c. The parties believe that some documents will need to be filed under seal but agree that the default procedures of LR 5.4(c) should apply. In addition, if the party filing the motion to seal is not the party claiming confidentiality, the filing party must meet and confer with the party claiming confidentiality as soon as practicable, but at least two (2) days before filing the documents, to discuss narrowing the claim of confidentiality. The motion to seal must certify that the required conference has occurred, and the party claiming confidentiality must file supporting materials required by LR 5.4(c)(3) within 14 days of the motion to seal.

d. No later than **October 16, 2025,** the parties will submit to the Court a joint proposed protective order addressing additional issues relating to

8

confidentiality and sealing, or, if necessary, competing proposed orders.

This 7th day of August, 2025.

| | |
|---|---|
| /s/ Gagan Gupta | /s/ Gregory L. Skidmore |
| Gagan Gupta | Gregory L. Skidmore |
| N.C. Bar No. 53119 | N.C. Bar No. 35571 |
| ggupta@tinfulton.com | gskidmore@robinsonbradshaw.com |
| Abraham Rubert-Schewel | Patrick H. Hill |
| N.C. Bar No. 56863 | N.C. Bar No. 57755 |
| schewel@tinfulton.com | phill@robinsonbradshaw.com |
| Zachary William Ezor | Garrett A. Steadman |
| N.C. Bar No. 55070 | N.C. Bar No. 55449 |
| zezor@tinfulton.com | gsteadman@robinsonbradshaw.com |
| **TIN FULTON WALKER & OWEN PLLC** | **ROBINSON, BRADSHAW & HINSON, P.A.** |
| 119 Orange Street | 600 South Tryon Street |
| Durham, NC 27701 | Suite 2300 |
| Telephone: (919) 307-8400 | Charlotte, North Carolina 28202 |
| | Telephone: (704) 377-2536 |
| Akeeb Dami Animashaun | Facsimile: (704) 378-4000 |
| 355 S Grand Avenue | |
| Suite 2450 | |
| Los Angeles, CA 90071 | *Attorneys for Defendant Tyler Technologies, Inc.* |
| Telephone: (929) 266-3971 | |
| dami@animashaun.me | |

*Attorneys for Plaintiffs*

**\* \* \* Additional Signature Blocks on Next Page \* \* \***

/s/ Sean F. Perrin
Sean F. Perrin
N.C. Bar No. 22253
Michael A. Ingersoll
N.C. Bar No. 52217
**Womble Bond Dickinson (US) LLP**
301 S. College Street
Suite 3500
Charlotte, NC 28202
Telephone No. (704) 331-4900
Fax No. (704) 338-7814
Sean.perrin@wbd-us.com
Mike.ingersoll@wbd-us.com

J. George Guise
N.C. Bar No. 22090
George.Guise@mecklenburgcountync.gov
**Mecklenburg County Sheriff's Office**
801 East Fourth St.
Charlotte, NC 28202
Telephone: 704- 336-8100

*Attorneys for Defendant Garry McFadden*