IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **TIMIA CHAPLIN, SARAH FIELDS, SAYELINE NUNEZ, THOMAS HAYWARD, KEVIN SPRUILL, ROTESHA MCNEIL, QIANA ROBERTSON, YOUSEF JALLAL, MESSIEJAH BRADLEY, DENNIS KEITH LASSITER, ROBERT LEWIS and ALLEN SIFFORD,** on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br> v.<br><br>**GARRY L. MCFADDEN,** officially as the Sheriff of Mecklenburg County; **TYLER TECHNOLOGIES, INC.,**<br><br>    Defendants. | 1:23CV423 |

## STIPULATED PROTECTIVE ORDER

By stipulation of Plaintiffs Timia Chaplin, Sarah Fields, Sayeline Nunez, Thomas Hayward, Kevin Spruill, Rotesha McNeil, Quiana Robertson, Yousef Jallal, Messiejah Bradley, Dennis Keith Lassiter, Robert Lewis, and Allen Sifford, and Defendants Garry L. McFadden and Tyler Technologies, Inc. (each a "Party," and collectively, the "Parties") in the above-titled action ("Action"), and pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure and LR 26.2, the Court enters this Protective Order regarding confidential

information obtained from or disclosed by the respective Parties or non-parties in connection with the Action.

The Court finds that good cause supports entry of this Protective Order and that justice so requires. Now, therefore, **IT IS ORDERED** as follows:

## I. PURPOSES AND LIMITATIONS

1. As part of the discovery in this Action, the Parties anticipate the disclosure of various discovery information, including but not limited to, documents, electronically stored information, responses to discovery, and transcripts (collectively, "Discovery Material").

2. Disclosure of Discovery Material in this Action is likely to involve production of trade secrets, confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action would be warranted. The unrestricted disclosure of such Discovery Material could cause undue damage to the Parties and their businesses or to third parties. The disclosure of trade secrets, proprietary information, and confidential business, personal, and financial information would harm the disclosing Party if it was made known to the disclosing Party's competitors, and in some cases, could violate confidentiality agreements between the disclosing Party and third parties or parties to those agreements. Disclosure of private information is also governed by federal and state statutes and other laws such that disclosure of that information may be inconsistent with those statutes and other laws. Accordingly, the Parties in this Action hereby stipulate to and petition the Court to enter the following Protective Order.

3. The Parties acknowledge that this Protective Order does not confer blanket protections on all Discovery Material, and that the protections outlined herein extend only to the limited information or items that are entitled to treatment as confidential under applicable legal principles. This Protective Order is, therefore, entered into pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and LR 26.2 to protect information entitled to be kept confidential.

4. Subject to the terms of this Order, including Paragraph 3, the Parties envision that Discovery Material produced in connection with this Action shall be used solely for purposes of prosecuting, defending, or attempting to settle this Action.

5. The Parties acknowledge that this Protective Order creates no entitlement to file any Discovery Material under seal. LR 5.4 sets forth the procedures that must be followed, and reflects the standards that will be applied, when a Party seeks permission from the Court to file material under seal. *See* ECF No. 124 (adopting the default procedures of LR 5.4).

## II. DESIGNATION OF DOCUMENTS AND NONDISCLOSURE OF CONFIDENTIAL INFORMATION

6. Except with the prior written consent of the Party or non-party originally designating a document, discovery response, or transcript (the "Designating Party"), information designated as Confidential may not be disclosed to any person except as specifically authorized herein.

7. Any Designating Party may designate as Confidential any Discovery Material that the Designating Party considers in good faith to contain information involving trade secrets, proprietary information, confidential business information, confidential financial

information, personally identifiable information, or other information subject to protection under applicable law, rules, or agreements ("Confidential Information"). Confidential Information may only be disclosed to those persons set forth in Paragraph 21 below.

8. A Designating Party desiring to designate Discovery Material as Confidential shall place or affix on such Discovery Material a "CONFIDENTIAL" notice or the equivalent. Where practicable, such notice shall be placed near the Bates number of each page of a document. For Discovery Material produced in native format, the designation shall be included in the file name of the Discovery Material. In the case of computer, audiovisual, or other electronic or magnetic media, such notice shall be placed on the media and their protective cover, if any. If, due to the nature of the Discovery Material in question, and/or the manner in which it is produced, it is impossible or impractical to physically affix a designation on the Discovery Material itself, the Designating Party shall specifically identify in a contemporaneous companion written communication the Discovery Material so designated.

9. A Designating Party may designate information disclosed during a deposition or other similar proceeding as Confidential Information by so indicating on the record. In addition, a Designating Party may designate in writing, within 30 days after receipt of a transcript, the specific portions of the transcript that contain Confidential Information. All transcripts shall be treated as Confidential Information until the expiration of this 30-day period.

10. A Designating Party may designate Discovery Material produced by any other Party or third party as Confidential Information by so designating in writing, within 30 days after receipt of such Discovery Material, the portions of such Discovery Material that contain

4

Confidential Information. All Discovery Material shall be treated as Confidential Information until the expiration of this 30-day period.

11. The failure to designate Discovery Material as Confidential Information shall be without prejudice to any subsequent claim by the Designating Party that such Discovery Material is Confidential Information and shall not waive the Designating Party's right to secure protection under this Protective Order for such Confidential Information. In the event a Designating Party designates Discovery Material as Confidential Information after it has been disclosed, the other Parties will treat such Discovery Material as Confidential Information from the point at which the designation is made and shall cooperate with efforts by the Designating Party to have the Confidential Information, including copies, marked "Confidential."

12. If it comes to a Designating Party's attention that information or items that it designated as Confidential do not qualify as Confidential Information, the Designating Party must promptly notify all other Parties that it is withdrawing the designation.

13. Documents already in the possession of a Party shall not be deemed Confidential if a different Party discloses the same Documents as Discovery Material and designates them as Confidential, provided, however, that the receiving Party shall give the Designating Party notice that the receiving Party was already in possession of Documents that the Designating Party designated as Confidential. The receiving Party shall give such notice as soon as practicable after learning that it was already in possession of Documents that another Party designated as Confidential.

## III. APPLICATION TO NON-PARTIES

14. Any Party issuing a subpoena, request, or other directive to a non-party seeking the production of information in this Action shall simultaneously provide the non-party with a copy of this Protective Order to ensure that the non-party is aware of its rights to seek protection of information pursuant to the terms of this Protective Order.

15. Information produced by non-parties in this Action may be designated under this Protective Order by such non-party or by a Party as Confidential Information by following the procedures set forth herein. Confidential Information so designated and produced by non-parties shall thereafter be treated by the Parties in the same manner as if produced with such designation by a Party. A producing non-party shall have all the rights of a producing Party with respect to protection of information under the terms of this Protective Order, including, but not limited to, the right to present argument to the Court regarding the sealing of documents filed with the Court.

16. The provisions of this Protective Order for challenging any Party's designation of Confidential Information also apply to challenges to a non-party's designation of Confidential Information.

## IV. RESOLVING DISPUTED DESIGNATIONS

17. Should a Party object to the designation of Discovery Material as Confidential Information ("Objecting Party"), that Objecting Party shall make a written Designation Objection to the Designating Party, as set forth below:

a. Designation Objection: The Objecting Party shall identify with specificity (i.e., by document control numbers, transcript page and line reference, or other means sufficient to locate such materials) the portion of Discovery Material for which the Objecting Party disputes the designation. A Designation Objection will trigger an obligation on the part of the Designating Party to make a good faith determination of whether the disputed designation is entitled to be treated as Confidential Information. Within 10 days, the Designating Party shall respond in writing to the Designation Objection, either agreeing to remove the disputed designation or maintaining the designation. As necessary, the Parties will meet and confer in good faith to attempt to resolve any Designation Objections.

b. Court Determination: If the Parties are unable to resolve any Designation Objection, the Objecting Party may make a written application to the Court, pursuant to the Court's rules and procedures, challenging the designation of the Discovery Material as Confidential Information. Pending a Court ruling, all Parties shall continue to treat the Discovery Material subject to the Designation Objection as Confidential Information.

## V. FILING DOCUMENTS UNDER SEAL

18. No Confidential Information shall be filed in the public record without the written permission of the Designating Party or a court order.

19. In the event a Party seeks to file, or reference in any filing, Confidential Information for which the filing Party was the Designating Party, and the filing Party seeks to

7

maintain the confidentiality of such information, the filing Party must comply with the default procedures of LR 5.4 regarding filing of Confidential Information under seal. Nothing herein shall be construed to limit a Party's use of its own documents or information.

20. In the event a Party seeks to file, or reference in any filing, Confidential Information for which the filing Party was not the Designating Party, the filing Party shall identify the Confidential Information to the Designating Party at least 5 business days in advance of the filing to determine whether the Designating Party consents to the filing of the document in whole or in part on the public docket. If the Designating Party does not consent, the filing Party and the Designating Party shall comply with LR 5.4(c) regarding filing of the Confidential Information under seal, unless no motion to seal is required pursuant to LR 5.4(d).

## VI. PERMISSIBLE DISCLOSURES

21. Confidential Information that is designated as such in accordance with the terms of this Protective Order shall not be disclosed to any person other than the following, and then only to the extent necessary to litigate this Action:

    a. Counsel for the respective Parties to this Action, including in-house counsel and co-counsel retained for this Action;

    b. Employees of such counsel, including a Party's in-house legal staff;

    c. Plaintiffs in this Action, to the extent deemed necessary by counsel for the prosecution or defense of this Action;

d. Consultants or expert witnesses retained for the prosecution or defense of this Action, provided that each such person shall execute a copy of the certification attached to this Protective Order as Exhibit A before being shown or given any Confidential Information;

e. The original author, addressees, recipients, or custodians of the Confidential Information;

f. The Court, court personnel, and court reporters;

g. Witnesses (other than expert witnesses) who testify at deposition or at trial, provided that such witnesses shall execute a copy of the certification attached to this Protective Order as Exhibit A before being shown or given any Confidential Information; and

h. Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; e-discovery services; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

i. Persons or entities providing any trial preparation or jury consultant services specifically related to the litigation of this Action, including any participants in any jury exercise or mock trial, provided that any such persons or entities shall execute a copy of the certification attached to this Protective Order as Exhibit A before being shown or given any Confidential Information.

22. Counsel for the Parties are responsible for administering and keeping the executed original copies of any certifications required by Paragraph 21.

9

23. No person or entity receiving Confidential Information shall, without written consent from the Designating Party, upload, input, disclose, or otherwise provide Confidential Information to any Artificial Intelligence ("AI") system, including, but not limited to, generative AI ("GAI") platforms such as ChatGPT or Microsoft Azure AI, unless the AI tool: (i) encrypts transmitted data both in transit and at rest; (ii) houses data on secure local servers or private cloud environments that are inaccessible to the public and exclusively viewable by persons authorized to receive Confidential Information; (iii) does not interact with publicly-accessible AI or GAI services; (iv) destroys any record of Confidential Information following the completion of the GAI model's use; (v) implements controls to prevent automated or human monitoring, logging, or alerting from submitting Confidential Information to unauthorized third parties; and (vi) does not use inputs to train or improve any publicly accessible GAI models. Confidential Information shall not be used to train, develop, fine-tune, or otherwise enhance any publicly available AI model or dataset. The restrictions of this paragraph apply even where the Confidential Information has been redacted, anonymized, or otherwise altered. The receiving person or entity further agrees to implement technical and procedural safeguards to ensure compliance with this provision and to prevent inadvertent or unauthorized use of such data for artificial intelligence training purposes.

24. Any person or entity receiving Confidential Information shall establish reasonable internal procedures designed to ensure that such Confidential Information is not accessed by or disseminated to unauthorized individuals.

## VII. CONFIDENTIAL INFORMATION AT HEARINGS AND TRIAL

25. Subject to the Federal Rules of Evidence, Confidential Information may be offered at any court hearing (including trial) provided that the Party seeking to offer the Confidential Information into evidence ("Offering Party") confers in good faith with the Designating Party over the proposed use of that information 3 business days prior to the anticipated use. If it is not practicable for the Offering Party to provide the Designating Party with 3 business days' notice, the Offering Party must provide the Designating Party with as much notice as practicable. Regardless of the notice provided, the Offering Party must take all reasonable steps to ensure that the Designating Party is provided a meaningful opportunity to be heard by the Court regarding the proposed use of Confidential Information at any public court hearing or trial and may not offer such information until the Designating Party has been given an opportunity to provide an objection on the record.

26. Any Party or interested non-party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the hearing or trial.

## VIII. CONFIDENTIAL INFORMATION SUBPOENAED OR PRODUCED IN OTHER LITIGATION

27. If at any time Confidential Information is subpoenaed by a court, administrative or legislative body, or by any other person or entity purporting to have authority to require

11

the production of such information, the person to whom the subpoena or similar request is directed shall give written notice thereof to the Designating Party as soon as reasonably practicable but in no event more than 7 days after receipt of the subpoena or similar request. After receipt of the notice specified under this paragraph, the Designating Party shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the Confidential Information that has been subpoenaed or otherwise requested. If the Designating Party does not move for or obtain a court order prohibiting such production or disclosure within the time allowed for production by the subpoena or similar request (or within such time as a court may direct or as may be agreed upon between the Designating Party and the subpoenaing or requesting party) and give written notice of such motion to the subpoenaing or requesting party and the person to whom the subpoena or similar request is directed, the person to whom the subpoena or similar request is directed may commence production in response thereto. The person to whom the subpoena or similar request is directed shall not produce any Confidential Information while a motion for a protective order brought pursuant to this paragraph is pending or while any appeal from or request for appellate review of such motion is pending, unless ordered by a court to do so.

## IX. NON-TERMINATION

28. All provisions of this Protective Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this Action unless otherwise agreed or ordered. In addition, the Court retains jurisdiction to resolve any dispute concerning the disclosure of Confidential Information in violation of the terms of this Protective Order, unless otherwise agreed or ordered.

29. Unless otherwise ordered or agreed to in writing by the Designating Party, within 60 days after the final termination of this Action by settlement or final judgment, all persons or entities in receipt of Confidential Information shall use reasonable efforts to either return such materials and copies thereof to the Designating Party or destroy such Confidential Information and certify that fact in writing to the extent such action complies with professional rules of responsibility. The receiving person or entity's reasonable efforts shall not require the return or destruction of Confidential Information that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Information, but such retained information shall continue to be treated in accordance with the Protective Order. Counsel for the Parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, transcripts (and exhibits thereto), expert reports, and attorney work product that contain or refer to Confidential Information, provided that such counsel and employees of such counsel shall not disclose such Confidential Information to any person, except with permission of the Designating Party or pursuant to a court order.

30. Nothing in this Protective Order shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

## X. MODIFICATION PERMITTED

31. Nothing in this Protective Order shall prevent any Party or other person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

## XII. RESERVATION OF RIGHTS

32. By entering into this stipulated Protective Order, no Party or non-party concedes or agrees, or otherwise compromises its position, concerning whether any documents are (i) discoverable, relevant, or admissible in evidence; or (ii) properly deemed to be confidential.

## XII. NO WAIVER

33. Some of the Discovery Material produced in this Action may contain attorney-client privileged communications or other information protected as "privileged" under applicable law ("Privileged Material") and/or protected attorney work-product material prepared or compiled in anticipation of litigation ("Work-Product Material") (collectively, "Protected Material") not subject to discovery or disclosure under the Federal Rules of Civil Procedure or the Federal Rules of Evidence. The disclosure of any document or material that is subject to a legitimate claim that the document should have been withheld from disclosure as Protected Material shall not waive any privilege or other applicable protective doctrine for that Protected Material or for the subject matter of the disclosed Protected Material if the producing Party, upon becoming aware of the disclosure, promptly requests its return and has taken reasonable precautions to avoid such inadvertent disclosure.

34. After being notified to return Protected Material, a receiving Party must follow the provisions of the Federal Rules of Civil Procedure (including Rules 26(b)(5) and 45(e)(2)(B)) and the North Carolina Rules of Professional Conduct relating to claims of inadvertent production of Protected Information. The producing Party must preserve the information until the claim is resolved.

*****

**IT IS SO STIPULATED**, through counsel of record, this 16th day of October, 2025.

| | |
|---|---|
| /s/ Gagan Gupta (with permission) | /s/ Gregory L. Skidmore |
| Gagan Gupta | Gregory L. Skidmore |
| N.C. Bar No. 53119 | N.C. Bar No. 35571 |
| ggupta@tinfulton.com | gskidmore@rbh.com |
| Abraham Rubert-Schewel | Patrick H. Hill |
| N.C. Bar No. 56863 | N.C. Bar No. 57755 |
| schewel@tinfulton.com | phill@rbh.com |
| Zachary William Ezor | Garrett A. Steadman |
| N.C. Bar No. 55070 | N.C. Bar No. 55449 |
| zezor@tinfulton.com | gsteadman@rbh.com |

**TIN FULTON WALKER & OWEN PLLC**
119 Orange Street
Durham, NC 27701
Telephone: (919) 307-8400

Akeeb Dami Animashaun
355 S Grand Avenue
Suite 2450
Los Angeles, CA 90071
Telephone: (929) 266-3971
dami@animashaun.me

**ROBINSON, BRADSHAW & HINSON, P.A.**
600 South Tryon Street
Suite 2300
Charlotte, North Carolina 28202
Telephone: (704) 377-2536
Facsimile: (704) 378-4000

*Attorneys for Defendant Tyler Technologies, Inc.*

15

*Attorneys for Plaintiffs*


/s/ Sean F. Perrin (with permission)
Sean F. Perrin
N.C. Bar No. 22253
Michael A. Ingersoll
N.C. Bar No. 52217
**Womble Bond Dickinson (US) LLP**
301 S. College Street
Suite 3500
Charlotte, NC 28202
Telephone No. (704) 331-4900
Fax No. (704) 338-7814
Sean.perrin@wbd-us.com
Mike.ingersoll@wbd-us.com

J. George Guise
N.C. Bar No. 22090
George.Guise@mecklenburgcountync.gov
**Mecklenburg County Sheriff's Office**
801 East Fourth St.
Charlotte, NC 28202
Telephone: 704- 336-8100

*Attorneys for Defendant Garry McFadden*


      **SO ORDERED**, this the 30th day of October 2025.


/s/  Joe L. Webster
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:23-cv-00423-WO-JLW

| | |
|---|---|
| TIMIA CHAPLIN, SARAH FIELDS, SAYELINE NUNEZ, THOMAS HAYWARD, KEVIN SPRUILL, ROTESHA MCNEIL, QIANA ROBERTSON, YOUSEF JALLAL, MESSIEJAH BRADLEY, DENNIS KEITH LASSITER, ROBERT LEWIS and ALLEN SIFFORD, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>   v.<br><br>GARRY L. MCFADDEN, officially as the Sheriff of Mecklenburg County; TYLER TECHNOLOGIES, INC.,<br><br>        Defendants. | **EXHIBIT A TO PROTECTIVE ORDER**<br><br>**ACKOWLEDGEMENT AND CERTIFICATION** |

      I acknowledge that I have read and understand the stipulated Protective Order (the "Order") entered by the Court in the above-captioned Action and agree to abide by its terms and conditions. I further agree that I will hold in confidence and will not disclose to anyone not qualified under the Protective Order any information designated as Confidential information and will use such Confidential Information only for the allowed purposes stated in the Order. I subject myself to the jurisdiction and venue of the United States District Court for the Middle District of North Carolina for purposes of enforcement of this Order.

      I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Signature

_____
Printed Name

_____
Address (Line 1)

_____
Address (Line 2)

_____
Telephone

_____
Present Employer

_____
Employer's Address (Line 1)

_____
Employer's Address (Line 2)

2