IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

**TIMIA CHAPLIN, SARAH FIELDS, SAYELINE NUNEZ, THOMAS HAYWARD, KEVIN SPRUILL, ROTESHA MCNEIL, QIANA ROBERTSON, YOUSEF JALLAL, MESSIEJAH BRADLEY, DENNIS KEITH LASSITER, ROBERT LEWIS and ALLEN SIFFORD,** on behalf of themselves and all others similarly situated,

        Plaintiffs,

v.

**GARRY L. MCFADDEN,** officially as the Sheriff of Mecklenburg County; **TYLER TECHNOLOGIES, INC.,**

        Defendants.

1:23CV423

## ESI ORDER

By stipulation of Plaintiffs Timia Chaplin, Sarah Fields, Sayeline Nunez, Thomas Hayward, Kevin Spruill, Rotesha McNeil, Quiana Robertson, Yousef Jallal, Messiejah Bradley, Dennis Keith Lassiter, Robert Lewis, and Allen Sifford, and Defendants Garry L. McFadden and Tyler Technologies, Inc. (each a "Party," and collectively, the "Parties"), the Court enters this Order regarding the production of hard copy documents and electronically-stored information ("ESI Order") in the above-captioned action ("Action").

The Court finds that good cause supports entry of this ESI Order and that justice so requires. Now, therefore, **IT IS ORDERED** as follows:

### I. DEFINITIONS

The following definitions will apply in this ESI Order:

1

1. "**Document**" or "**Documents**" means anything subject to production or inspection under Rule 34(a) of the Federal Rules of Civil Procedure, including (1) any document or ESI—including writings, drawings, graphs, charts, photographs, calendars, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form; or (2) any tangible thing.

2. "**ESI**" means any electronically stored file or information created and/or kept as such in the ordinary course, consistent with Rule 34 of the Federal Rules of Civil Procedure. The Parties understand that an exhaustive list of ESI types is impossible. Some types that may be produced include: (1) email messages; (2) word processing documents, spreadsheets, and presentations; (3) text messages; (4) files formatted for display in a web browser, for example, files with an .htm, .html, .php, or .cfm extension; (5) Portable Document Format (PDF) files; and (6) databases.

## II. GENERAL PROVISIONS

3. This ESI Order extends to all Documents and ESI produced during discovery in this Action, except as set forth in subparagraphs (a) through (c) below:

   a. Any Party who will produce 250 or fewer Documents during discovery in this Action is not required to identify Named Custodians or use search terms to identify responsive Documents and ESI, provided, however, that such Party shall review and produce responsive Documents and ESI from all reasonably accessible sources, including (but not limited to) text messages and emails.

   b. Any Party who will produce 250 or fewer Documents during discovery in this Action is not required to comply with the requirements of Paragraphs 14(a), 14(c)(i), 16, 18(b), 19 & 21 or the requirements of Table 1, provided, however, that such Party shall produce all responsive Documents and ESI in a reasonably usable form.

c. Nothing in this ESI Order shall be construed to preclude a Party from requesting metadata associated with specific Documents or ESI that were produced without metadata pursuant to Paragraph 3(b).

4. Nothing in this ESI Order alters a Party's rights, obligations, or responsibilities under the applicable Federal Rules of Civil Procedure (the "Federal Rules"), Local Civil Rules of the Middle District of North Carolina ("Local Rules" or "LR"), or any other Court order.

5. This ESI Order does not imply that Documents or ESI produced under its terms are relevant or admissible in this Action or in any other litigation. The Parties have reserved all rights to object to admission into evidence of any Documents or ESI produced under this ESI Order.

6. This ESI Order does not alter or expand the preservation obligations of any Party.

7. Nothing in this ESI Order shall be interpreted to require the disclosure of any Document or ESI that a Party contends is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.

8. Nothing in this ESI Order alters a Party's obligation to produce known or specifically identified Documents or ESI that are non-privileged and responsive to a valid discovery request, notwithstanding whether such Documents or ESI are captured by the procedures detailed herein.

9. The Parties shall confer in good faith as to the discovery of Documents and ESI as necessary and may, by mutual agreement, deviate from the provisions of this ESI Order. Additionally, the Parties have reserved the right, for good cause shown, to move the Court for an amendment to this ESI Order.

10. If this ESI Order is silent on any issue addressed in the Federal Rules or Local Rules, those rules shall govern the Parties' conduct with respect to such issue. The Parties have reserved all

3

objections relating to the production of Documents and ESI that are not specifically addressed in this ESI Order.

## III. COLLECTION OF DOCUMENTS AND ESI

11. The Parties shall meet and confer to identify the individuals most likely to maintain discoverable ESI and Documents in the Party's possession, custody, or control (the "Named Custodians"). If the Parties are unable to reach agreement on a list of Named Custodians after good faith discussions, either Party may seek resolution from the court. For the initial production of Documents and ESI, only the Documents and ESI of the Named Custodians must be searched for responsive information. The Named Custodians shall be identified by name and title.

12. Each Party shall initially design and implement the methods it uses to identify, cull, and review its potentially responsive ESI based on its knowledge and understanding of its own data, the facts and issues involved in this Action, and the receiving Party's discovery requests. A producing Party may apply search terms, predictive coding, technology assisted review, or other advanced analytics to appropriate sources and may also conduct a targeted collection of sources likely to contain responsive materials. The Parties agree to disclose search terms and other methodologies used to identify and cull potentially responsive ESI. The receiving Party shall have the right to object to the producing Party's proposed search terms or methodologies and may request reasonable modifications. If the Parties are unable to reach agreement after good faith discussions, either Party may seek resolution from the court. The Parties further agree that simply because ESI or Documents hit upon a search term or are otherwise identified by technological tools as potentially responsive does not mean that such ESI or Documents are in fact responsive, and the Parties may conduct further review and/or analysis to determine responsiveness and privilege.

4

13. Should any receiving party desire additional ESI or Documents beyond discovery from the Named Custodians, the Parties shall meet and confer in good faith, provided, however, that no Party shall be required to produce additional ESI or Documents beyond discovery from the Named Custodians unless doing so would be consistent with Rule 26 of the Federal Rules of Civil Procedure. If, after good faith discussions, the Parties are unable to reach agreement on additional ESI or Documents beyond discovery from the Named Custodians, either Party may seek resolution from the court.

## IV. PRODUCTION OF HARD COPY DOCUMENTS

14. Except as otherwise set forth in this ESI Order, responsive hard copy Documents shall be produced in accordance with the following:

    a. Hard copy Documents shall be converted to single-page TIFF files and produced following the same protocols as set forth in Section V below, including the production of OCR text that is generated to make such Documents searchable.

    b. Hard copy Documents shall be scanned and produced electronically, unless a Party establishes good cause for making such Documents available via paper and reasonable access is provided to the opposing Party to review and copy the Documents directly.

    c. Hard copy Documents will be logically unitized. Accordingly, distinct Documents shall not be merged into a single record, and single Documents shall not be split into multiple records.

        i. In the case of an organized compilation of separate Documents (for example, a binder containing several separate Documents behind numbered tabs), each of the paper Documents shall be separately scanned, but the relationship among

5

the Documents in the compilation shall be reflected in the proper coding of the beginning and ending Documents and attachment fields.

  ii. The Parties shall make their best efforts to unitize Documents correctly.

 d. Producing hard copy Documents as provided herein does not change their character from hard copy Documents into ESI.

15. If any original hard copy Document has notes affixed thereto or attachments, the Parties shall produce copies of those Documents with the accompanying notes and attachments unless privileged or subject to another valid discovery objection. If the notes obscure part of the text of a Document, the Document will be scanned with the note intact and then again with the note removed to reveal the text obscured by the note.

## V. PRODUCTION OF ESI

Parties will produce ESI, as far as reasonably possible, as specified below and in Table 1.

16. The Parties shall produce ESI as follows:

 a. **E-mails**. E-mails shall be produced as single-page TIFF images and corresponding Document-level text files. The images shall be produced with an Opticon .opt load file and a Concordance .dat file for the metadata. E-mail attachments shall be handled according to the provisions below applicable to loose electronic Documents; provided that associations between attachments and e-mails shall be preserved in the load file. See Table 1 for metadata fields to provide. The load file shall indicate any confidentiality designation applicable to the e-mail pursuant to the Protective Order in this Action. Confidentiality designations should be stamped onto images. The load file

6

Case 1:23-cv-00423-WO-JLW Document 128 Filed 10/30/25 Page 6 of 15

must contain a link or path/filename to the location of the OCR or extracted text as well the as native file, if applicable.

b. **Loose ESI.** Word, PDF, and other electronic Documents shall be produced as single-page TIFF images and corresponding Document-level text files with an Opticon .opt load file and Concordance .dat file for the metadata. PowerPoint files shall be produced with all "Notes" for each slide visible in the TIFF images. See Table 1 for metadata fields to provide. If a Document does not contain extractable text, the producing Party shall provide OCR for that Document.

c. **Production of ESI in Native Format.** All Excel and multimedia (i.e. audio and video) files shall be produced as native files unless the file contains redactions. Native files shall be produced with a unique file name that corresponds with the Bates number of the associated Document. The native file shall also be produced with a placeholder TIFF image, an Opticon .opt load file, and Concordance .dat file for accompanying metadata and placeholder image links. Load files shall include metadata consistent with Loose ESI. The load file and the file name of the native file should also include any applicable confidentiality designation pursuant to the Protective Order in this Action. The placeholder image should be labeled with the Bates number and any confidentiality designation. The presumption is that other files will not be produced in native format, unless the requesting Party shows good cause.

d. **Other ESI.** For any other forms of ESI to be produced in this Action that are not specifically addressed in this Section V, in Table 1, or otherwise in this ESI

7

Order, the Parties will meet and confer regarding the appropriate format for production of such information.

17. The Parties will take reasonable steps to preserve metadata associated with ESI even if such metadata is not specified. However, the Parties shall have no obligation to create or to manually code fields that are not automatically generated by the processing of ESI or that do not exist as part of the original metadata of the ESI.

18. If any original ESI has attachments, the Parties shall produce copies of that ESI with the attachments unless privileged or subject to another valid discovery objection.

    a. To the extent a family member is being withheld, it shall be produced with a placeholder with language indicating the reason it has been withheld.

    b. To the extent a family member is being withheld, it shall also be produced with a placeholder TIFF image, an Opticon .opt load file, and Concordance .dat file for accompanying metadata and placeholder image links.

19. The Parties shall make reasonable attempts so that ESI will be de-duplicated at the custodian level by family, provided, however, that only exact duplicates (based on MD5 or SHA-1 hash values) may be omitted from production. The Parties may use e-mail threading software to limit the production to e-mails reflecting a complete thread and e-mails with a unique attachment and any unique fragment of such e-mail thread.

## VI. BATES LABELING, CONFIDENTIALITY DESIGNATIONS, AND REDACTIONS

20. Each page of all images produced (whether originally maintained as hard copy or as ESI) will be clearly labeled with an indelible, legible, unique Bates number identifier electronically

8

"burned" onto the image. In addition, to the extent any image or file is to be marked "Confidential," the Party shall make such marking in the manner provided in the Protective Order in this Action.

21. If native files are produced, the Party producing such native file shall include a single-image placeholder TIFF with a single Bates number and any confidentiality designation on the image itself. The native file shall be linked to the placeholder TIFF and the Bates number assigned thereto. There shall be no Bates numbering of native files at the page level.

22. To the extent that any Document or ESI is produced in redacted form, any redactions shall be clearly indicated on the face of the Document or ESI, and the basis for redaction (e.g., privilege) shall be clearly stated on the face of the redacted image. Documents or ESI that are to be produced in native format shall be redacted natively with the relevant portions replaced with "[REDACTED]" or a similar mark. If modification of a native file is required for redaction purposes, metadata information associated with that file should, to the extent possible, remain unchanged unless it also requires redaction. A party producing redacted Documents or ESI shall indicate in an appropriate metadata field in the load file that the Document or ESI contains redactions.

## VII. AGREEMENTS RELATED TO PRIVILEGE LOGS

23. Documents or ESI withheld on the basis of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection shall be logged with the following information about each item: the date, the type of Document or ESI, a description of the general subject matter, the author, the recipients (including people or entities receiving carbon copies), and the basis for the privilege asserted. Privilege logs shall be produced within a reasonable period after production of documents for which privileged claims are made.

24. Documents or ESI withheld on the basis of attorney-client privilege or the work-product doctrine that are dated on or after May 23, 2023, the date the original Complaint was filed in this Action, need not be included on a privilege log.

25. If a Party withholds emails that are included within one chain, and each email is subject to the same claim of privilege, the Party may include only a single privilege log entry for the multiple messages in the same thread. The Party must log the most inclusive thread. If the most inclusive email is redacted in its entirety for privilege, but earlier emails are responsive and not privileged, then unredacted portions must be produced. Unique communications must be logged separately or produced.

26. Documents produced with privilege redactions need to be recorded on the privilege log, with a general description of the redacted content sufficient to allow the receiving Party to assess the claim of privilege.

27. If a Party serves amended privilege logs, the Party shall serve an accompanying letter detailing the amendments and/or a tracked changes version of the privilege log.

28. The receiving Party of a privilege log can contest the privilege log and claims of privilege. The contesting Party must put in writing its contests and asserted deficiencies and identify the Documents or entries contested and reasons. The Parties shall meet and confer on any contests. If a dispute remains, either Party may pursue relief under LR 37.1.

### VIII. PROTECTIVE ORDER

29. Nothing in this ESI Order shall be deemed to limit, modify, or override any provision of the Protective Order in this Action.

***** 

**IT IS SO STIPULATED**, through counsel of record, this 16th day of October, 2025.

/s/ Gagan Gupta (with permission)
Gagan Gupta
N.C. Bar No. 53119
ggupta@tinfulton.com
Abraham Rubert-Schewel
N.C. Bar No. 56863
schewel@tinfulton.com
Zachary William Ezor
N.C. Bar No. 55070
zezor@tinfulton.com
**TIN FULTON WALKER & OWEN PLLC**
119 Orange Street
Durham, NC 27701
Telephone: (919) 307-8400

Akeeb Dami Animashaun
355 S Grand Avenue
Suite 2450
Los Angeles, CA 90071
Telephone: (929) 266-3971
dami@animashaun.me

*Attorneys for Plaintiffs*

/s/ Gregory L. Skidmore
Gregory L. Skidmore
N.C. Bar No. 35571
gskidmore@rbh.com
Patrick H. Hill
N.C. Bar No. 57755
phill@rbh.com
Garrett A. Steadman
N.C. Bar No. 55449
gsteadman@rbh.com
**ROBINSON, BRADSHAW & HINSON, P.A.**
600 South Tryon Street
Suite 2300
Charlotte, North Carolina 28202
Telephone: (704) 377-2536
Facsimile: (704) 378-4000

*Attorneys for Defendant Tyler Technologies, Inc.*

/s/ Sean F. Perrin (with permission)
Sean F. Perrin
N.C. Bar No. 22253
Michael A. Ingersoll
N.C. Bar No. 52217
**Womble Bond Dickinson (US) LLP**
301 S. College Street
Suite 3500
Charlotte, NC 28202
Telephone No. (704) 331-4900
Fax No. (704) 338-7814
Sean.perrin@wbd-us.com
Mike.ingersoll@wbd-us.com

J. George Guise
N.C. Bar No. 22090
George.Guise@mecklenburgcountync.gov
**Mecklenburg County Sheriff's Office**
801 East Fourth St.
Charlotte, NC 28202
Telephone: 704- 336-8100

*Attorneys for Defendant Garry McFadden*

 

**SO ORDERED**, this the 30th day of October, 2025.

/s/ Joe L. Webster
United States Magistrate Judge

# TABLE 1: SPECIFICATIONS FOR THE PRODUCTION OF ESI

**Production Folders**

Production data should be organized in the folders listed below. Load files should be in the root folder of the production. There should be no more than 2,000 files per subfolder.

- IMAGES
- NATIVES
- TEXT
- DATA

**Required Metadata and Database Fields**

- Metadata load file should be encoded in Unicode and provided in Concordance delimiters and format (.DAT):

| Value | Character | ASCII Number |
|---|---|---|
| Column | ¶ | 20 |
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value (Do not follow with space) | ; | 59 |
| Nested Value | \ | 92 |

- The first row of each metadata load file should contain the field names requested in the attached table or as specified in the ESI Protocol. **All requested fields should be present in the metadata load file regardless of whether data exists.** Field order must remain consistent in subsequent productions.
- Date format should be MM/DD/YYYY (06/30/2019).
- All attachments should sequentially follow the parent document/email.

**Images**

- Single-Page images should be provided with an Opticon Image load file (.OPT).
- Format should be Black-and-white Group IV Single-Page TIFFs (at least 300 DPI, 1 bit).
- If color images are required, they must be provided in single-page .JPG format.
- TIFF/JPG images should be provided for all documents.
- Images should be processed with all hidden text (e.g., track changes, hidden columns, comments, markups, notes, etc.) expanded, extracted, and rendered in the TIFF/JPG file.
- When a file is provided natively, a slip sheet must be supplied in the appropriate IMAGES folder and must contain BEGBATES, Confidentiality Designation, and "File Produced Natively" or similarly descriptive language.
- Image file names should match the page identifier for that specific image and end with the appropriate extension.
- File names cannot have embedded commas, ampersands, slashes, back slashes, hash marks, plus signs, percent signs, exclamation marks, any character used as a delimiter in the metadata

13

load files, or any character not allowed in Windows file-naming convention (, & \ / # + % ! : * ? " < > | ~ @ ^).

**Native Documents**

Native file names should be named for the BEGBATES entry followed by the confidentiality designation (if any) for that specific record.

**Text**

- Text should be provided for each file in separate text file (.txt) with document level text and a relative link to the file in the DAT load file. Extracted text or OCR text should not be contained directly within the DAT file.
- Text files should be named for the BEGBATES entry for that specific record.
- All text should be processed and delivered in Unicode. If any other text encoding is present in the deliverable, please indicate that in separate communication. Text files for redacted documents should be the OCR text of the document as redacted.

The following metadata fields shall be produced if reasonably available. The parties understand that they are under no obligation to manually compile or otherwise create the content described in the listed fields for email and non-email ESI. For hard copy documents, only the following accompanying metadata fields need to be produced: BegBates, EndBates, BegAttach, EndAttach, Confidentiality, Redactions, and all custodian fields. If a date field listed below doesn't include time, a separate related field including time shall be produced as well.

| Field Name | Field Description | Email | Non-Email ESI | Hard Copy |
|---|---|---|---|---|
| BegBates | Beginning Bates Number | Y | Y | Y |
| EndBates | Ending Bates Number | Y | Y | Y |
| BegAttach | Beginning Bates Number of the first document in an attachment range | Y | Y | Y |
| EndAttach | Ending Bates Number of the last document in an attachment range | Y | Y | Y |
| Custodian | Name of the primary custodian the file was sourced from; this field populated only for the "primary" custodian | Y | Y | Y |
| All Custodians | Name(s) of any custodians of any de-duplicated version(s) of the document. | Y | Y | |
| FileName | Name of the original file | Y | Y | |
| FileExt | Native File extension | Y | Y | |
| Author | Author field extracted from the metadata of a non-email document | | Y | |
| Title | Title field extracted from the metadata of a non-email document | | Y | |

| Field Name | Field Description | Email | Non-Email ESI | Hard Copy |
| --- | --- | --- | --- | --- |
| Email Subject | Subject line extracted from an email message | Y | | |
| Email From | From field extracted from an email message | Y | | |
| Email To | To field extracted from an email message | Y | | |
| Email CC | CC field extracted from an email message | Y | | |
| Email BCC | BCC field extracted from an email message | Y | | |
| Email Sent Date/Time | Sent date and time of an email message | Y | | |
| Email Received Date/Time | Received date and time of an email message | Y | | |
| Sort Date/Time | Email sent date/time for an email and any attachments | Y | | |
| Date/timeLastMod | Date and time that a file was last modified | Y | Y | |
| Date Created | Date that a non-email file was created | | Y | |
| MD5Hash | Hash value used to deduplicate the data | Y | Y | |
| Confidentiality | Confidentiality Designation for produced documents | Y | Y | Y |
| Redaction | Identifies if a document has been redacted | Y | Y | Y |
| Time Zone | Time Zone used to process data | | | |
| Native Link | Path to native file as produced | Y | Y | |
| Text Link | Path to the full extracted text of the document | Y | Y | Y |