IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:23-cv-00423-WO-JLW

TIMIA CHAPLIN *et al.*,

        *Plaintiffs*,

v.

GARY L. MCFADDEN *et al.*,

        *Defendants*.

**PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER**

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully seek modification of the deadline to "request leave to join additional parties or amend pleadings" provided in the Court's August 20th, 2025 Scheduling Order. (ECF 123-124.)

In support, Plaintiffs show as follows:

1. On August 8, 2025, the parties filed a Joint Rule 26(f) Report. (ECF 123.)

2. On August 20, 2025, the Court adopted the Rule 26(f) Report (with one clarification) as the Scheduling Order in this matter. (*See* Minute Entry 8/20/25; ECF 124.)

3. Relevant to this Motion, the Scheduling Order provides:

    a. That the parties "will endeavor to substantially complete written discovery and document productions on all fact issues no later than March 1, 2026." (ECF 123 ¶ 2(f)(i).)

    b. And that the parties "will be allowed until March 2, 2026 to request leave to join additional parties of amend pleadings"  (ECF 124.)

4. Fact discovery commenced on September 1, 2025. (ECF 123 ¶ 2(a).)

**Defendant Tyler Technologies, Inc.'s production to date.**

5. On September 12, 2025, Plaintiffs served a First Set of Interrogatories and Requests for Production ("RFPs") on Defendant Tyler Technologies, Inc. ("Tyler"). The response deadline was October 13, 2025.

6. Tyler's counsel requested a 30-day extension of time to respond—from October 13, 2025, to November 12, 2025. Plaintiffs consented to that extension.

7. On October 30, 2025, the Court entered an order governing the production of electronically stored information ("ESI Order"). (ECF 128.)

8. On November 12, 2025—sixty days after Plaintiffs served the RFPs—Tyler served written responses to the RFPs. (*See* ECF 129-3.) In its response, Tyler stated that it would produce documents responsive to five of the twelve requests. However, Tyler did not produce a single document responsive to those requests or provide a timeline for production.

9. On November 13, 2025, Plaintiffs wrote to Tyler and requested an immediate meet-and-confer on "the estimated number of potentially responsive documents . . . as well as a production schedule." (Ex. 1.)

10. The parties held a meet-and-confer on November 18, 2025. At the meeting, Tyler Stated that it would not provide any documents (or even a production timeline) until (a) all disputes regarding *all* RFPs were resolved and (b) the parties agreed on electronic search terms for *all* RFPs.

11. After the meeting, Plaintiffs advised Tyler in writing that its refusal to produce any documents until the parties reached complete agreement on every RFP was in violation of the Federal Rules and would unduly delay discovery. Plaintiffs then requested that Tyler immediately begin producing responsive documents.

2

12. On November 21, 2025, the parties held a follow-up meet-and-confer. At that meeting, Tyler stated that it could not commit to producing any documents before December 19, 2025, and, even then, would only begin producing non-ESI documents. Tyler also stated that it could not provide an estimate of the number of documents (whether ESI or non-ESI) it intended to produce.

13. On November 25, 2025, Plaintiffs filed a motion to compel production of responsive documents. (ECF 129.)

14. On December 11, 2025, the parties held another meet-and-confer and agreed to the following:

    a. Tyler would commence production of responsive ESI material on December 12, 2025.

    b. Tyler would continue to make rolling productions of responsive documents, with the goal of completing multiple productions each month.

15. Tyler has since produced four sets of responsive documents:

    a. A First Production on December 12, 2025 (1.34 gigabytes in size).

    b. A Second Production on January 9, 2026 (1.81 gigabytes in size).

    c. A Third Production on February 6, 2026 (37.3 gigabytes in size).

    d. A Fourth Production on February 20, 2026 (Plaintiffs are still reviewing this production, but it is approximately 50 gigabytes in size).

16. On February 6, 2026, Plaintiffs reminded Tyler of the Scheduling Order's March 2, 2026 substantial-completion deadline and asked whether Tyler anticipated being able to comply. (Ex. 2 at 1.) On February 10, 2026, Tyler stated that it anticipated that it "will

substantially complete written discovery and document production by March 2," in line with the Scheduling Order. (Ex. 2 at 1.)

17. Plaintiffs believe that the productions thus far may represent just a small fraction of the responsive material in Tyler's possession. (*See* ECF 131 at 4 n.2 ("ESI collected from only five custodians was more than one terabyte of data."))

**Defendant Sheriff McFadden's production to date.**

18. On September 12, 2025, Plaintiffs also served a First Set of Interrogatories and Requests for Production ("RFPs") on Defendant Sheriff Gary L. McFadden. The response deadline was October 13, 2025.

19. Sheriff McFadden's counsel requested a 31-day extension of time to respond—from October 13, 2025, to November 13, 2025. Plaintiffs consented to that extension.

20. On November 14, 2025, Sheriff McFadden served a First Production of 537 documents.

21. On December 2, 2025, Plaintiffs informed Sheriff McFadden that his production was deficient and likely did not account for more than a fraction of the responsive ESI in his possession. (Ex. 3.) At Sheriff McFadden's request, Plaintiffs then provided a set of search terms to be used to identify responsive ESI.

22. On December 9, 2025, Sheriff McFadden agreed to review and produce all documents that hit on those search terms. (Ex. 4.)

23. On February 12, 2026, Sheriff McFadden's counsel wrote that they were in the process of reviewing a large data set on a "1 TB hard drive provided by the Sheriff's Office" and "expect[ed] to begin producing out of this new data set next week." (Ex. 5 at 3.)

24. On February 18, 2026, Sheriff McFadden's counsel wrote that the aforementioned data set contained "approximately 956,000 documents" and that he would "aim to begin

4

producing out of this set"—for the first time—"on Friday [February 20, 2026]." (Ex. 5 at 1-2.)

25. As of the filing of this motion, Sheriff McFadden has not begun producing these documents. His counsel has stated that the production will being today, February 24, 2026.

**There is "good cause" to extend the deadline to join parties or amend the pleadings.**

26. In light of the above, Plaintiffs respectfully request that the Court amend the Scheduling Order to allow an additional 60 days—up to and including May 1, 2026—to request leave to join additional parties or amend the pleadings.

27. The Court may modify the Scheduling Order "for good cause." Fed. R. Civ. P. 16(b)(4).

28. Under the Scheduling Order, the deadlines for (a) substantial completion of discovery *and* (b) seeking leave to add parties or amend the pleadings are both less than two weeks away (March 1 and March 2, 2026, respectively).

29. Defendants will almost certainly fail to meet the substantial-completion deadline.

30. But regardless, should the need arise to amend the pleadings or join additional parties, the present deadline to do so "cannot be reasonably met despite [Plaintiffs'] diligence." *See* Fed. R. Civ. P. 16 advisory committee's note, 1983 Amendment, Discussion, Subdivision (b); *Halpern v. Wake Forest University Health Sciences*, 268 F.R.D. 264, 272 (M.D.N.C. 2010) ("'Good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.").

31. According to Defendants, the number of yet-to-be-produced—but potentially responsive—documents dwarfs the limited productions made thus far:

5

a. Tyler's four productions total roughly 90 gigabytes of data. But over half of this data was produced just four days ago and it remains to be seen how much more of the *terabyte* of potentially relevant data Tyler will produce.

b. Likewise, Sheriff McFadden has produced just 537 documents. Sheriff McFadden represents that approximately 956,000 other potentially relevant documents are presently under review.

32. Even if Defendants were to substantially complete their respective productions in line with the Scheduling Order, Plaintiffs would have just days to process and review hundreds of thousands (if not millions) of documents in order to determine whether joinder or further amendment were necessary.

33. Plaintiffs are cognizant of the Court's warning that they "should not anticipate extensions of the deadlines set out in the [Scheduling Order.]" (ECF 124 at 2.)

34. Accordingly, Plaintiffs are seeking the requested extension only after diligently working to obtain responsive discovery material from Defendants over many months, but still receiving only a small fraction of that material.

35. Pursuant to Local Rule 6.1(b), Plaintiffs sought defense counsel's views on this motion. Specifically, undersigned counsel wrote to counsel for both Defendants on February 20, 2026, asking for their views by 5:00 PM on February 23, 2026. Yesterday, Plaintiffs met and conferred with counsel for Tyler on this issue, but Tyler did not provide its position on this motion.

36. As of the filing of this motion, Plaintiffs have received no response on whether they consent or object to this motion, from Tyler or Sheriff McFadden.

6

Case 1:23-cv-00423-WO-JLW     Document 133     Filed 02/24/26     Page 6 of 7

Wherefore, Plaintiffs respectfully request that the Court amend the Scheduling Order allow an additional 60 days—up to and including May 1, 2026—to request leave to join additional parties or amend the pleadings.

This the 24th Day of February 2026.

*/s/* Zachary Ezor
Zachary Ezor (NCSB #: 55070)
Email: zezor@tinfulton.com
Gagan Gupta (NCSB #: 53119)
Email: ggupta@tinfulton.com
Abraham Rubert-Schewel (NCSB #: 56863)
Email: schewel@tinfulton.com
TIN FULTON WALKER & OWEN PLLC
119 Orange Street, Floor 2
Durham, NC 27701
Telephone: (919) 307-8400

A. Dami Animashuan
Email: dami@animashuan.me
355 S. Grand Ave, Ste. 2450
Los Angeles, CA 90071
Telephone: (929) 266-3971

*Counsel for Plaintiffs on behalf of themselves and all others similarly situated*