IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TIMIA CHAPLIN *et al.*,

Plaintiffs,

v.

GARY L. MCFADDEN *et al.*,

Defendants.

1:23CV423

## <u>ORDER OF UNITED STATES MAGISTRATE JUDGE</u>

This matter comes before the Court on the plaintiffs' motion to compel discovery from the defendant Gary McFadden. Docket Entry 139. The Court held a hearing on the same on May 18, 2026. *See* Minute Entry 05/18/2026. Having now heard from the parties and reviewed the filings related thereto, the Court grants the plaintiffs' motion and orders production of materials as set forth in detail below no later than <u>ten days</u> from the entry of this Order.

### I.    BACKGROUND

Throughout 2023 and 2024, North Carolina courts began using a new case management software: eCourts. Docket Entry 77 (Compl.) ¶¶ 70–71. Errors in eCourts allegedly resulted in many pretrials detainees being released hours or days later than they should have been. *See id.* ¶¶ 101–25, 229.

This suit, in relevant part, seeks redress for those delays. *See id.* ¶¶ 101–25, 229. The plaintiffs seek to represent the class of North Carolina detainees released more than two hours after their detention ended from February 13, 2023 onward. *Id.* at 229. The defendants include both the developer of eCourts and various North Carolina officials such as Gary McFadden, the Sheriff of Mecklenburg County. *Id.* ¶¶ 12–37.

The plaintiffs' Request for Production No. 5 (RFP 5) requests that McFadden produce:

Documents or a spreadsheet sufficient to show the following for every detainee released from the [Mecklenburg County Detention Center ("the Jail")] between October 9, 2023, and the date of the trial in this matter:

a.  The Name of the Detainee.
b.  The Date and Time the Detainee Was Booked into the Jail.

c. The Release-Triggering Event Entitling the Detainee to Release.
d. The Date and Time of the Release-Triggering Event.
e. The Date and Time the Release-Triggering Event Was Entered into Any Computer System to Which Defendant Has Access.
f. The Date and Time the Detainee Was Released from the Jail.

Docket Entry 140-1 at 5.

The plaintiffs sent this request to McFadden on September 12, 2025. *Id.* at 9. On November 18, 2025, McFadden responded that RFP 5 was overly broad because it requested information on every detainee. Docket Entry 140-2 at 2. McFadden also claimed that the requested information was "not maintained by Defendant in the ordinary course of daily operations." *Id.*

The parties discussed RFP 5 many times over the next few months, and the plaintiffs came to believe that McFadden did, in fact, have access to the requested information. *See* Docket Entry 140 at 3–6. This

conclusion was the result of the plaintiffs' counsel's research on the database used by the sheriff's office, the presence of spreadsheets containing some of the information plaintiffs sought in McFadden's existing production, and the fact that the Sheriff's Office had produced similar information in spreadsheet form in response to journalists' requests for publicly available information in the past. *See* Docket Entries 140-3 through 140-12[1] (correspondence between the parties); Docket Entries 140-14, 140-15 (emails between journalists and the Sheriff's Office).

After repeated emails seeking the data responsive to RFP 5, on April 3, 2026, the plaintiffs filed the motion to compel discovery that is now before the Court. *See* Docket Entry 140 at 7. Five days later, McFadden produced approximately 4,500 pages of documents responsive to RFP 5. Docket Entry 143 at 1–2.[2]

McFadden argued in his response that this production mooted the plaintiffs' motion. *Id.* at 1. The plaintiffs argue, however, that two deficiencies remain. *See* Docket Entry 147.

---

[1] In emails between the parties, plaintiffs' counsel sometimes refers to "RFP 7" where they likely intended to refer to "Interrogatory 7." *See* Docket Entries 140-8 through 140-10. Interrogatory 7 sought additional information on a database that the plaintiffs' counsel believed contained the information

sought by RFP 5. *See* Docket Entries 140-6, 140-7.

[2] McFadden's counsel states that their earlier insistence that McFadden did not have access to the data sought by RFP 5 was the result of a "miscommunication" with Sheriff's Office staff. Docket Entry 143 at 2.

First, the newly-produced documents are missing three of the data requested by RFP 5:

> (1) the release-triggering event[3] entitling the detainee to release—such as the posting of bond or a court-ordered release; (2) the date and time of that release-triggering event; and (3) the date and time the release-triggering event was entered into any computer system accessible to McFadden.

*Id.* at 2; *see also* Docket Entry 147-1 (example .tif file).

Second, McFadden produced the data in the form of thousands of static .tif files, "which are essentially images." Docket Entry 147 at 3; *see also* Docket Entry 147-1 (example .tif file). The plaintiffs argue that McFadden can and should have produced the data as an Excel file, because Excel files can be searched and manipulated much more easily. Docket Entry 147 at 2–3.

During the May 18, 2026 conference, counsel for McFadden clarified the following:

- McFadden is able to produce the date and time of the release-triggering event;
- McFadden is able to produce the date and time that the release-triggering event was entered into the sheriff's office computer system;[4]
- McFadden is able to produce this information in an Excel spreadsheet format; and
- McFadden is working towards producing this information as soon as possible.

## II. DISCUSSION

Rule 26 allows parties to discover "any nonprivileged matter" so long as that matter is (1) "relevant to any party's claim or defense," and (2) "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "District courts generally have broad discretion in managing discovery, including whether to grant or deny a motion to compel." *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D.

---

[3] The parties have differing definitions of this term. At the May 18, 2026 hearing, the plaintiffs' counsel clarified that they are seeking the disposition of the matter giving rise to the sheriff's jurisdiction to detain a person. For ease of reading, the Court will refer to this event as "the release-triggering event."

[4] Specifically, counsel stated that the information he was reviewing

contemporaneous to the telephone conference included "the booking time, …. the release time … the reason for the release … it does not have a column for when that was entered into the system." Counsel for McFadden indicated he was "waiting to hear" if they had access to internal sheriff's office time entries for when the detainee was released.

Va. 2016) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Generally, the party "resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); *accord. Carlton & Harris Chiropractic Inc. v. PDR Network, LLC*, No. 3:15-CV-14887, 2024 WL 1451124, at *2 (S.D.W. Va. Apr. 3, 2024).

For the reasons discussed below, McFadden has not carried that burden. The Court therefore orders McFadden to produce all of the data requested by RFP 5 in the form of an Excel file or other easily manipulatable file by no later than <u>ten days</u> from the entry of this Order.

### A. RFP 5 Seeks Relevant Information.

The plaintiffs now have data on every detainee in their requested time period, including the date and time of each detainee's release. But the plaintiffs are still missing three data requested by RFP 5: the release-triggering event, its date and time, and the date and time it was logged in the computer system.

This missing information will help the plaintiffs to establish which detainees are members of the class that the plaintiffs seek to represent—i.e., detainees whose released occurred too late—by comparing the time each detainee was actually released to the release-triggering event time and time when that event was logged. The missing data will also help the plaintiffs determine the degree to which eCourts caused more delays than occurred under the previous system by allowing the plaintiffs to compare the frequency of delays before and after the eCourts rollout.

McFadden makes no argument to the contrary in his response brief, nor did he do so at the May 18, 2026 hearing. *See generally* Docket Entry 143; Minute Entry dated 05/18/2026. McFadden has therefore not carried his burden on the issue of relevancy.

### B. RFP 5 Is Proportional to the Needs of the Case.

The plaintiffs seek to represent not only themselves but the entire class of detainees whose release was delayed by eCourts. The plaintiffs are therefore entitled to seek data on every detainee within the relevant time span.

Again, McFadden makes no argument to the contrary. *See generally* Docket Entry 143; Minute Entry dated 05/18/2026. McFadden has therefore not carried his burden on the issue of proportionality.

### C. RFP 5's Request for a Spreadsheet Is Not Unduly Burdensome.

Rule 34 allows a party to request ESI "stored in any medium from which information can be obtained either directly or, if necessary, after

translation by the responding party into a *reasonably usable form*." Fed. R. Civ. P. 34(a)(1)(A) (emphasis added). The rule also allows a requesting party to "specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 34(b)(1)(C).

Rule 34 does not, however, allow parties to force production costs on their opponents without limit. The rule only requires parties to produce documents in response to requests for production that the party keeps "in the usual course of business." Fed. R. Civ. P. 34(b)(2)(E). Rule 26 further exempts ESI from production when it is "not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B).

Here, counsel for McFadden confirmed during the May 18, 2026 conference that McFadden could produce the information sought in Excel spreadsheet format. Further, the plaintiffs have shown that the Sheriff's Office previously produced similar data in the form of Excel spreadsheets. *See* Docket Entries 140-14, 140-15.

## III. CONCLUSION

The plaintiffs correctly note in the motion that RFP 5 has been outstanding for over eight months. *See* Docket Entry 139, at 1. The information sought therein is plainly relevant and proportional to the matters at issue. In its motion, the plaintiffs represent that counsel for McFadden has, at varying times,

requested an extension by which to produce this information, objected to the request as "overbroad," claimed lack of administrative access to the information, cited turnover in the information technology department as grounds for noncompliance, and produced incomplete information in a non-useable format. *See id*. at 1-4. Whether intentionally obstructive or not, this pattern ends now.

**IT IS ORDERED** that the plaintiffs' motion to compel discovery, Docket Entry 139, is **GRANTED**, and that, within ten days of entry of this Order, McFadden **SHALL** produce the full data requested by RTP 5 as an Excel spreadsheet(s) or in another easily manipulatable form. This includes producing, in such format, the same data previously produced in the .tif format.

If McFadden does not provide any category of information requested in RFP 5 as a part of that production, then McFadden's counsel **SHALL**, within ten days of the entry of this Order, submit an affidavit under penalty of perjury containing specific and detailed facts describing the steps taken to ascertain whether the Sheriff's Office could produce the requested data and why that has not been done per the terms of this Order.

_____
JoAnna Gibson McFadden
United States Magistrate Judge

May 18, 2026
Durham, NC

5