IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:23-cv-00423-WO-JLW

TIMIA CHAPLIN *et al*.,

                              *Plaintiffs*,

        v.

GARY L. MCFADDEN *et al*.,

                              *Defendants*.

**PLAINTIFFS' MOTION
TO AMEND SCHEDULING ORDER
AND
STAY DISCOVERY WITH DEFENDANT
TYLER TECHNOLOGIES, INC.**

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully seek a ninety-day (90) extension of time to complete fact discovery as to Defendant Gary L. McFadden, up to and including September 29, 2026.  (ECF 123-124.)  Defendant McFadden does not oppose this request, and Defendant Tyler Technologies, Inc. takes no position on this request.

Plaintiffs separately request that the Court stay discovery between Plaintiffs and Defendant Tyler Technologies, as those parties are in the process of finalizing the material terms of a proposed settlement to avoid the costs and uncertainty of future litigation and are working towards execution of a settlement agreement in the near future.  Defendant Tyler Technologies consents to this request, and Defendant McFadden does not oppose this request.

In support, Plaintiffs show as follows:

1.  On August 8, 2025, the parties filed a Joint Rule 26(f) Report.  (ECF 123.)

2.  On August 20, 2025, the Court adopted the Rule 26(f) Report (with one clarification) as the Scheduling Order in this matter.  (*See* Minute Entry 8/20/25; ECF 124.)

3.  The Scheduling Order provides that the "date for completing fact discovery is July 1, 2026."  (ECF 123.)

4. Fact discovery commenced on September 1, 2025. (ECF 123 ¶ 2(a).)

5. On April 10, 2026, this Court amended the Scheduling Order to allow additional time to move for leave to amend or join parties. (Text Order, 4/10/2026.)

**<u>An extension of time to complete fact discovery as to Defendant McFadden is warranted.</u>**

6. The requested extension is necessary to allow for the discovery and analysis of information that is "plainly relevant and proportional to the matters at issue." (ECF 149.)

7. As addressed in prior briefings and at the recent hearing before this Court, Defendant McFadden's discovery productions have been voluminous, encompassing hundreds of thousands of pages of records. (*See*, *e.g.*, ECF 136 at 2–3.) Defendant McFadden has previously represented that he produced the majority of the productions prior to the Scheduling Order's substantial-completion date of March 1, 2026. (ECF 123 ¶ 2(i).)

8. As a result, Plaintiffs are only now nearing completion of their document review, have only recently been able to propound a second set of discovery requests to address missing and additional pertinent information, and are just beginning to conduct depositions.

9. Additionally, Plaintiffs must review and analyze data recently produced by Defendant McFadden, (*see, e.g.*, May 28, 2026 Affidavit of Michael A. Ingersoll ¶¶ 8-10), and will likely need to conduct further non-party discovery to obtain pertinent information that Defendant McFadden could not produce—for example, "the date and time of the release-triggering event[s]" for relevant pretrial detainees, (*id.* ¶ 11).

10. The requested extension is therefore necessary to enable Plaintiffs and Defendant McFadden to:

    (a) produce and receive all relevant information;

    (b) conduct informed depositions;

    (c) digest and analyze the recent data productions; and

    (d) obtain the missing data described above.

11. These items cannot reasonably be completed under the current July 1, 2026, deadline, which leaves only one month to complete fact discovery.

12. Plaintiffs have conferred with both Defendants. Defendant McFadden does not oppose the requested extension. Defendant Tyler Technologies takes no position on the requested extension. LR 61(b).

**Discovery as to Tyler Technologies should be stayed.**

13. In addition, discovery between Plaintiffs and Tyler Technologies should be stayed.

14. Plaintiffs and Tyler Technologies have been engaged in settlement discussions for months and are finalizing the terms of a proposed settlement, which would avoid the costs and uncertainty of future litigation and contain no admission of liability by either Plaintiffs or Tyler Technologies.

15. Plaintiffs and Tyler Technologies anticipate executing a settlement agreement in the near future.

16. Discovery in this matter has already been extensive and costly, and those costs will only continue to escalate as Plaintiffs are just beginning to take depositions of Tyler Technologies employees.

17. In light of the parties' substantial progress toward a potential settlement, continuing discovery at this stage would unnecessarily expend resources that would be better directed toward devising a full and final resolution.

18. The parties endeavor to finalize a settlement agreement in the next 30 days, which will be followed by a motion for preliminary approval.

19. In the event a settlement between Plaintiffs and Tyler Technologies is not approved or otherwise finalized, Plaintiffs and Tyler Technologies will meet and confer regarding a schedule for completion of any remaining discovery.

20. Plaintiffs have conferred with Tyler Technologies, who consents to the requested stay. LR 61(b).

## **Good cause exists to modify the scheduling order.**

21. Good cause therefore exists to modify the scheduling order. Fed. R. Civ. P. 16(b)(4).

22. As explained, the present fact-discovery deadline "cannot be reasonably met despite [Plaintiffs'] diligence." *See* Fed. R. Civ. P. 16 advisory committee's note, 1983 Amendment, Discussion, Subdivision (b); *Halpern v. Wake Forest University Health Sciences*, 268 F.R.D. 264, 272 (M.D.N.C. 2010) ("'Good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.").

23. The requested stay of discovery between Plaintiffs and Tyler Technologies will also "alleviate" the need to "spend time and resources . . . that would be better directed towards settlement efforts." *Farley v. Eye Care Leaders Holdings, LLC*, No. 1:22-CV-468, 2023 WL 12236874, at *7 (M.D.N.C. Aug. 23, 2023).

WHEREFORE, Plaintiffs respectfully request that this Court:

- Amend the Scheduling Order to allow an additional ninety (90) days—up to and including September 29, 2026—to complete fact discovery between Plaintiffs and Defendant McFadden; and

- Stay discovery between Plaintiffs and Defendant Tyler Technologies pending finalization of the proposed settlement agreement.

This the 3rd day of June 2026.

*/s/* Zachary Ezor
Zachary Ezor (NCSB #: 55070)
Email: zezor@tinfulton.com
Gagan Gupta (NCSB #: 53119)
Email: ggupta@tinfulton.com
Abraham Rubert-Schewel (NCSB #: 56863)
Email: schewel@tinfulton.com
TIN FULTON WALKER & OWEN PLLC
119 Orange Street, Floor 2
Durham, NC 27701
Telephone: (919) 307-8400

A. Dami Animashuan
Email: dami@animashuan.me
355 S. Grand Ave, Ste. 2450
Los Angeles, CA 90071

Telephone: (929) 266-3971
*Counsel for Plaintiffs on
behalf of themselves and all
others similarly situated*