IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:23-cv-00423-WO-JLW

TIMIA CHAPLIN *et al.*,

*Plaintiffs*,

v.

GARY L. MCFADDEN *et al.*,

*Defendants*.

**PLAINTIFFS' UNOPPOSED MOTION TO AMEND SCHEDULING ORDER**

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully seek to modify the Scheduling Order in this matter as follows:

- Extending the time to move for class certification by ninety (90) days, up to and including November 29, 2026.
- Extending the time for Plaintiffs and Defendant Sheriff McFadden to complete discovery by twenty (20) days, up to and including October 19, 2026.

Sheriff McFadden does not oppose the relief requested.

Defendant Tyler Technologies does not oppose extending the time to move for class certification, and takes no position on the requested discovery extension.

In support of this motion, Plaintiffs show as follows:

**Background.**

1. On August 8, 2025, the parties filed a Joint Rule 26(f) Report. (ECF 123.)
2. On August 20, 2025, the Court adopted the Rule 26(f) Report (with one clarification) as the Scheduling Order in this matter. (*See* Minute Entry 8/20/25; ECF 124.)

3. The Scheduling Order provides that, "After the completion of fact discovery, the parties will brief the issue of class certification[.]" (ECF 123 ¶ 2(j)(i) (emphasis added).)

4. Under the Scheduling Order, the original deadline to complete fact discovery was July 1, 2026. (ECF 123 ¶ 2(e).) The deadline for Plaintiffs to move for class certification was set for sixty days later—August 31, 2026. (ECF 123 ¶ (j)(i).)

5. Recently, this Court extended the time to complete fact discovery by ninety (90) days—up to and including September 29, 2026. (*See* ECF 150; Text Order June 24, 2026.)

**Update on settlement negotiations between Plaintiffs and Tyler Technologies.**

6. On June 3, 2026, Plaintiffs and Tyler Technologies also sought a stay of discovery between them in order to facilitate settlement negotiations. (*See* ECF 150.)

7. In doing so, Plaintiffs and Tyler Technologies notified the Court that they had "been engaged in settlement discussions" and "anticipated executing a settlement agreement in the near future." (*Id.* ¶¶ 14-15.)

8. On June 24, 2026, the Court entered a stay of discovery between Plaintiffs and Tyler Technologies for thirty (30) days. (*See* Text Order June 24, 2026.)

9. Since that time, Plaintiffs and Tyler Technologies have reached agreement on substantially all material terms and are working diligently to finalize a settlement agreement.

10. Plaintiffs and Tyler Technologies endeavor to finalize a settlement in short order, and to move for preliminary approval soon thereafter.

11. In the event a settlement agreement between Plaintiffs and Tyler Technologies is not approved or otherwise finalized, those parties will meet and confer regarding a schedule for completing discovery.

**The class-certification deadline should be extended until after the close of fact discovery, as agreed to by the parties and the Court in the Scheduling Order.**

12. As noted above, the Scheduling Order envisions that the time for Plaintiffs to move for class certification will be "<u>[a]fter the completion of fact discovery.</u>" (ECF 123 ¶ 2(j)(i) (emphasis added).)

13. This Court has extended the time to complete fact discovery by ninety (90) days—up to and including September 29, 2026. (*See* ECF 150; Text Order June 24, 2026.)

14. However, Plaintiffs did not request a corresponding extension of time to move for class certification. (*See* ECF 150.) This was an oversight.

15. The requested extension—which is unopposed—would realign the fact-discovery period with the deadline to move for class certification, as initially agreed to by the parties and approved by this Court in the Scheduling Order.

16. "Good cause" also supports extending the deadline to move for class certification. Fed. R. Civ. P. 16(b)(4).

17. The deadline has not yet passed.

18. As explained in more detail below, Plaintiffs and Sheriff McFadden remain engaged in active discovery, and the present deadline to move for class certification "cannot be reasonably met despite [Plaintiffs'] diligence." *See* Fed. R. Civ. P. 16 advisory committee's note, 1983 Amendment, Discussion, Subdivision (b).

19. Meanwhile, Plaintiffs and Defendant Tyler Technologies are in end-stage settlement negotiations and intend to finalize a proposed settlement soon. Adjusting the deadline to move for class certification would "alleviate" the need to "spend time and

resources . . . that would be better directed towards settlement efforts." *Farley v. Eye Care Leaders Holdings, LLC*, No. 1:22-CV-468, 2023 WL 12236874, at *7 (M.D.N.C. Aug. 23, 2023).

**"Good cause" also supports extending fact discovery between Plaintiffs and Sheriff McFadden by twenty (20) days.**

20. "Good cause" also supports extending the fact-discovery period as to Plaintiffs and Sheriff McFadden by an additional twenty (20) days. Fed. R. Civ. P. 16(b)(4).

21. Sheriff McFadden does not oppose this request.

22. The deadline to complete fact discovery has not yet passed.

23. As the Court is aware, this is a complex case involving a large volume of electronic discovery. Plaintiffs are working diligently to review Defendant McFadden's production but will require additional time to review materials and complete the remaining depositions. *See* Fed. R. Civ. P. 16 advisory committee's note, 1983 Amendment, Discussion, Subdivision (b).

24. Plaintiffs have completed several depositions of Defendant McFadden's agents and employees, which have yielded new information and the need for additional discovery. As a result, Plaintiffs recently served an additional set of discovery requests on Defendant McFadden and intend to issue further subpoenas to non-parties seeking documents, data, and deposition testimony. Plaintiffs will require additional time to obtain, review, and analyze those materials and to complete the related discovery.

25. In short, the requested extension will enable the parties to complete fulsome discovery in an efficient manner.

26. The extension will not materially alter the contemplated schedule. Rather than providing Plaintiffs with sixty (60) days between the close of fact discovery and the

deadline to file their motion for class certification, the proposed extension would give Plaintiffs forty (40) days, with the remaining twenty (20) days accounting for the modest extension of the fact discovery deadline.

27. The requested extension thus preserves the overall case schedule while ensuring that the Parties have sufficient time to complete the outstanding discovery.

WHEREFORE, Plaintiffs respectfully request that this Court amend the Scheduling Order to (1) extend the time to move for class certification by ninety (90) days—up to and including November 29, 2026—and (2) extend the time for Plaintiffs and Sheriff McFadden to complete fact discovery by twenty (20) days—up to and including October 19, 2026.

This the 25th day of August, 2026.

*/s/* Zachary Ezor
Zachary Ezor (NCSB #: 55070)
Email: zezor@tinfulton.com
Gagan Gupta (NCSB #: 53119)
Email: ggupta@tinfulton.com
Abraham Rubert-Schewel (NCSB #: 56863)
Email: schewel@tinfulton.com
TIN FULTON WALKER & OWEN PLLC
119 Orange Street, Floor 2
Durham, NC 27701
Telephone: (919) 307-8400

A. Dami Animashuan
Email: dami@animashuan.me
355 S. Grand Ave, Ste. 2450
Los Angeles, CA 90071
Telephone: (929) 266-3971

*Counsel for Plaintiffs on Behalf of themselves and all Others similarly situated.*