**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**Civil Action No. 1:23-cv-00423-WO-JGM**

| | |
|---|---|
| **TIMIA CHAPLIN, SARAH FIELDS, THOMAS HAYWARD, KEVIN SPRUILL, ROTESHA MCNEIL, YOUSEF JALLAL, MESSIEJAH BRADLEY, DENNIS KEITH LASSITER, AND ALLEN SIFFORD, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**GARRY L. MCFADDEN, officially as the Sheriff of Mecklenburg County; TYLER TECHNOLOGIES, INC.,**<br><br>**Defendants.** | **CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE** |

**This Class Action Settlement Agreement and Release ("Settlement Agreement") is entered into by and between Plaintiffs Timia Chaplin, Sarah Fields, Thomas Hayward, Kevin Spruill, Rotesha McNeil, Yousef Jallal, Messiejah Bradley, Dennis Keith Lassiter, and Allen Sifford (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendant Tyler Technologies, Inc. ("Defendant" or "Tyler"). Plaintiffs and Defendant may be referred to individually as a "Settling Party" or collectively as the "Settling Parties." The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally,**

**and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.**

## I. BACKGROUND

### A. The Litigation

**On May 23, 2023, Plaintiffs commenced this action, Case No. 1:23-cv-00423-WO-JGM (the "Litigation"), by filing a complaint in the United States District Court for the Middle District of North Carolina.**

**Tyler is a software provider that develops, configures, and licenses software for governmental entities. The Litigation relates to the implementation and operation of software systems that Tyler developed and licensed for electronic legal and court record-keeping throughout the state of North Carolina pursuant to a contract with the North Carolina Administrative Office of the Courts. Plaintiffs allege that errors in the software developed by Tyler for use in North Carolina harmed them by either: (1) causing them to be wrongfully arrested based on invalid arrest warrants ("Wrongful Arrest"); or (2) causing them to remain in a jail or other detention facility after they should have been released ("Overdetention"). Plaintiffs, on behalf of themselves and putative classes of similarly situated individuals, have asserted legal claims against Tyler.**

### B. Claims of Plaintiffs and Benefits of Settling

**Plaintiffs believe that the claims asserted in the Litigation have merit. Plaintiffs and Settlement Class Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to proceed with the Litigation**

**against Tyler through the end of discovery, motion practice, trial, and potential appeals. Plaintiffs and Settlement Class Counsel have also considered the uncertain outcome and risk of continued litigation, as well as the difficulties and delays inherent in such litigation. Settlement Class Counsel is experienced in class action litigation and knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Litigation. They have determined that the agreement set forth herein (the "Settlement") is fair, reasonable, and adequate, and in the best interests of the Settlement Class.**

### C. Denial of Wrongdoing and Liability

**Tyler denies any and all claims, causes of action, and contentions alleged against it, individually and collectively, in the Litigation. Tyler denies all charges of wrongdoing or liability as alleged, or that could be alleged, in the Litigation. Tyler likewise denies all claims for damages alleged, or that could be alleged, in the Litigation. Nonetheless, it recognizes the expense and protracted nature of litigation such as this and the uncertainty and risks inherent in any litigation and has therefore concluded that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.**

## II. DEFINITIONS

**As used in this Settlement Agreement, and for purposes of the Settlement only, the following terms have the meanings specified below. The plural of any defined term includes the singular thereof, and the singular of any defined term includes the plural thereof, as the context may require.**

**1. "Alleged Overdetention Period" means a delay in release from pretrial detention after satisfying all conditions required for release.**

**a. The Alleged Overdetention Period begins at the time the Overdetention Settlement Class Member satisfied all conditions of release as set forth in § 3.8.1.**

**b. The Alleged Overdetention Period ends at the time the Overdetention Settlement Class Member was released from pretrial detention, as established by documentation or information provided with the Overdetention Claim Form or otherwise provided to the Claims Administrator.**

**2. "Aggregate Cap" means $1,500,000.00.**

**3. "Case Summary" means the document generated by Enterprise Justice showing general case information, including judicial assignments, parties, case events, hearings, dispositions, bond settings, and financial information.**

**4. "Claimant" means a Person submitting a Settlement Claim.**

**5. "Claimant Identification Date" means seven (7) days after the Claims Date.**

**6. "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Claims Administrator.**

**7. "Claims Administrator" means Kroll Settlement Administration LLC, a company experienced in administering class action claims generally and specifically of the type provided for in this Settlement Agreement.**

8. "Claims Date" means one hundred and twenty (120) days after the Notice Date.

9. "Claim Form" means the form used by the Settlement Class Members to submit a Settlement Claim for compensation. "Claim Form" includes both the Overdetention Claim Form and the Wrongful Arrest Claim Form.

10. "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration.

11. "Court" means the United States District Court for the Middle District of North Carolina.

12. "Defendant's Counsel" means Greg Skidmore, Demi Bostian, Patrick Hill, and Garrett Steadman of Robinson, Bradshaw & Hinson, P.A.

13. "Detention Hold" means any additional condition or order that would prevent a detainee from being released from a detention facility or jail despite satisfying all conditions for pretrial release as set forth in the detainee's release order.

14. "Effective Date" means the first day by which all of the events and conditions specified in § 8.1 have occurred and been met.

15. "Electronic Warrants" or "eWarrants" means the statewide software application developed by Tyler and used for management of criminal processes by North Carolina state courts and law enforcement.

16. "Enterprise Justice" means the statewide electronic integrated case management system developed and licensed by Tyler, formerly known as "Odyssey,"

**and used for case management, electronic filing, and document management in North Carolina state courts.**

**17. "Final" means the occurrence of all of the following events: (i) the Settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered the Judgment; and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any appeal of an order governing the attorneys' fees and expenses award or the Service Award to the Settlement Class Representatives, or any order modifying or reversing any attorneys' fees and expenses award or Service Award to the Settlement Class Representatives made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.**

**18. "Final Approval Hearing" means a hearing to be scheduled by the Court for determining whether the Settlement Agreement should be finally approved.**

**19. "Hourly Overdetention Amount" means $350.00.**

**20. "Individual Cap" means $5,000.00.**

**21. "Initial Overdetention Amount" means $500.00.**

**22. "Judgment" means the order by the Court granting final approval of the Settlement set forth herein, substantially in the form shown in Exhibit E.**

**23. "Long Notice" means the long-form notice of Settlement posted on the Settlement Website, substantially in the form shown in Exhibit B.**

**24. "Notice Date" means fourteen (14) days following the entry of the Preliminary Approval Order.**

**25. "Objection Date" means the date by which Settlement Class Members must mail their written objection to the Settlement for that objection to be effective, as defined in § 5.1. The postmark date shall constitute evidence of the date of mailing for these purposes.**

**26. "Opt-Out Date" means the date by which Settlement Class Members must mail their written requests to be excluded from the Settlement Class for that request to be effective, as defined in §4.1. The postmark date shall constitute evidence of the date of mailing for these purposes.**

**27. "Overdetention Claim Form" means the form used by an Overdetention Settlement Class Member to submit a Settlement Claim for compensation. The Overdetention Claim Form will be substantially in a form as shown in Exhibit C, which will be available on the Settlement Website and, if specifically requested by Overdetention Settlement Class Members, in paper format.**

**28. "Overdetention Settlement Class" means, subject to the exceptions provided below, all individuals subject to pretrial detention in a North Carolina criminal detention facility who, on or after February 13, 2023, experienced an Alleged Overdetention Period of more than six (6) hours. Excluded from the Overdetention Settlement Class are:**

**a. Individuals who were detained because of a criminal charge under federal law or who were detained in a detention facility owned or operated by the United States government;**

**b. Individuals who allege a delay in their release from criminal detention following entry of judgment in their criminal case;**

**c. Individuals who allege a delay in their release from pretrial detention pursuant to a type of release other than a secured bond, unsecured bond, written promise to appear, or dismissal of all criminal charges.**

**d. Individuals who, at the time they allege they should have been released, were subject to continued detention based on (i) outstanding warrants or (ii) other charges for which the individual had not yet satisfied all conditions of pretrial release;**

**e. Individuals who were released from detention before Enterprise Justice (also known as Odyssey) went live in the county adjudicating the criminal case at issue;**

**f. Individuals who were charged as juveniles in connection with the offense(s) that gave rise to the alleged delay in their release;**

**g. Tyler and its parents, subsidiaries, affiliates, officers, directors, legal representatives, successors, and assigns;**

**h. All Overdetention Settlement Class Members who timely and validly request exclusion from the Overdetention Settlement Class, along with their legal representatives, agents, heirs, successors, or assigns; and**

**i. Members of the judiciary who have presided or are presiding over the Litigation, their staff, and members of their immediate family.**

**29. "Overdetention Settlement Class Member" means a Person who meets the requirements for membership in the Overdetention Settlement Class and is not subject to any exceptions thereto.**

**30. "Overdetention Settlement Class Representatives" means Sarah Fields and Thomas Hayward.**

**31. "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.**

**32. "Personal Representative" means the administrator or executor of the estate of a deceased Settlement Class Member.**

**33. "Preliminary Approval Order" means the order from the Court preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class. The Settling Parties will submit to the Court a proposed Preliminary Approval Order in a form to be mutually agreed upon by the Settling Parties after execution of the Settlement Agreement.**

**34. "Released Claims" shall collectively mean any and all claims and causes of action including, but not limited to, any individual, representative, or class-wide**

**causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs and expenses, pre-judgment interest, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Entities based on, relating to, concerning, or arising out of alleged errors, defects, or other issues with the development, design, operation, functionality, implementation, or use of software developed, sold, or licensed by Tyler in North Carolina. Released Claims shall not include the right of any Settlement Class Member or any of the Released Entities to enforce the terms of the Settlement contained in this Settlement Agreement and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class. For the avoidance of doubt, Released Claims includes only those claims or causes of action arising from injuries that occur before the Effective Date.**

**35. "Released Entities" means Tyler, its parents, subsidiaries, divisions, and affiliates, and each of its and their respective representatives, officers, principals, agents, directors, employees, insurers, reinsurers, attorneys, predecessors,**

**successors, and assigns, and includes, without limitation, any Person related to any such entity who is, was, or could have been named as a defendant in the Litigation or any other action related to alleged errors, defects, or other issues with the development, design, operation, functionality, implementation, or use of software developed, sold, or licensed by Tyler. For clarity, the term "Released Entities" does not include Gary L. McFadden (the Sheriff of Mecklenburg County, North Carolina) nor any governmental actor or entity.**

**36. "Settlement Benefits" means the compensation made by Tyler to Settlement Class Members submitting Valid Claims, as set forth in §§ 1.1 and 1.2, and subject to the limitations set forth in §§ 1.3, 1.4, and 1.5.**

**37. "Settlement Claim" or "Claim" means a claim for Settlement Benefits made under the terms of this Settlement Agreement.**

**38. "Settlement Class" means all Persons who are members of the Overdetention Settlement Class or the Wrongful Arrest Settlement Class.**

**39. "Settlement Class Counsel" means Gagan Gupta, Abraham Rubert-Schewel, and Zachary Ezor of Tin Fulton Walker & Owen PLLC and Akeeb Dami Animashaun.**

**40. "Settlement Class Member" means an Overdetention Settlement Class Member or a Wrongful Arrest Settlement Class Member.**

**41. "Settlement Class Representatives" means the Overdetention Settlement Class Representatives and the Wrongful Arrest Settlement Class Representatives.**

**42. "Settlement Website" means the website described in § 2.4.**

**43. "Short Notice" means the content of short form notice to the Settlement Class Members, substantially in the form as shown in Exhibit A. The Short Notice will direct recipients to the Settlement Website and inform potential Settlement Class Members of, among other things, the Claims Date, the Opt-Out Date, the Objection Date, the requested attorneys' fees and expenses and Service Award, and the date of the Final Approval Hearing.**

**44. "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including Plaintiffs, does not know or suspect to exist in his or her favor at the time of the release of the Released Entities that, if known by him or her, might have affected his or her Settlement with, and release of, the Released Entities, or might have affected his or her decision not to object and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other Settlement Class Members intend to and shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code § 1542, which provides that:**

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

**Settlement Class Members, including Plaintiffs, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have and by operation of the Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.**

**45. "Valid Claim" means a Settlement Claim in an amount approved by the Claims Administrator or otherwise found to be valid through Claims Administration.**

**46. "Wrongful Arrest Amount" means $2,800.00.**

**47. "Wrongful Arrest Claim Form" means the form used by the Wrongful Arrest Settlement Class Members to submit a Settlement Claim for compensation. The Wrongful Arrest Claim Form will be substantially in a form as shown in Exhibit D, which will be available on the Settlement Website and, if specifically requested by Wrongful Arrest Settlement Class Members, in paper format.**

**48. "Wrongful Arrest Settlement Class" means, subject to the exceptions provided below, all individuals arrested in North Carolina on or after July 22, 2022, pursuant to a warrant for arrest or order for arrest issued by (i) the State of North Carolina or (ii) a county, municipality, or local law-enforcement agency in the State of North Carolina, who were detained and booked or processed into a detention or processing facility or jail prior to being released, and whose arrest or detention resulted from an error in software licensed by Tyler. Excluded from the Wrongful Arrest Settlement Class are:**

**a. Individuals who were arrested or detained because of a criminal charge or warrant under federal law or who were detained in a detention facility owned or operated by the United States government;**

**b. Individuals for whom the relevant detention or arrest was made without a warrant for arrest or order for arrest;**

**c. Individuals who do not allege they were arrested or detained due to an error in software licensed by Tyler or who do not have a good-faith basis to believe that the arrest or detention was caused by an error in software licensed by Tyler;**

**d. Individuals whose Wrongful Arrest occurred before Electronic Warrants went live in the county adjudicating the criminal case at issue;**

**e. Individuals who were charged as juveniles in connection with the offense(s) that gave rise to the Wrongful Arrest;**

**f. Tyler and its parents, subsidiaries, affiliates, officers, directors, legal representatives, successors, and assigns;**

**g. All Wrongful Arrest Settlement Class Members who timely and validly request exclusion from the Wrongful Arrest Settlement Class, along with their legal representatives, agents, heirs, successors, or assigns; and**

**h. Members of the judiciary who have presided or are presiding over this matter, their staff, and members of their immediate family.**

**49. "Wrongful Arrest Settlement Class Member" means a Person who meets the requirements for membership in the Wrongful Arrest Settlement Class and is not subject to any exceptions thereto.**

**50. "Wrongful Arrest Settlement Class Representatives" means Kevin Spruill, Timia Chaplin, Rotesha McNeil, Yousef Jallal, Messiejah Bradley, Dennis Keith Lassiter, and Allen Sifford.**

## III. TERMS OF SETTLEMENT

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by Plaintiffs, individually and on behalf of the Settlement Class, and Tyler that, subject to the approval of the Court, the Released Claims (including Unknown Claims) shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties, the Settlement Class, and the Settlement Class Members, except those Settlement Class Members who lawfully opt out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement as follows:**

**1. Settlement Benefits.**

**Subject to (i) the Settlement Agreement becoming Final, (ii) the Aggregate Cap, and (iii) the Individual Cap, Tyler will agree to make the following compensation available to Settlement Class Members pursuant to the terms and conditions set out below:**

**1.1. Compensation for Overdetention Claims. Claimants who submit a Valid Claim for compensation as part of the Overdetention Settlement Class will be entitled to receive the compensation set forth below:**

**1.1.1. Claimants released from pretrial detention pursuant to a secured bond, unsecured bond, or a written promise to appear will be entitled to:**

**(a) If the Alleged Overdetention Period is between six (6) hours and up to and including thirteen (13) hours, a payment equal to the Initial Overdetention Amount; or**

**(b) If the Alleged Overdetention Period is more than thirteen (13) hours, a payment equal to (i) the Initial Overdetention Amount plus (ii) the Hourly Overdetention Amount for each additional hour of detention over and above thirteen (13) hours.**

**1.1.2. Claimants released from pretrial detention pursuant to the dismissal of all criminal charges will be entitled to:**

**(a) If the Alleged Overdetention Period is between six (6) hours and up to and including twenty (20) hours, a payment equal to the Initial Overdetention Amount; or**

**(b) If the Alleged Overdetention Period is more than twenty (20) hours, a payment equal to (i) the Initial Overdetention Amount plus (ii) the Hourly Overdetention Amount for each additional hour of detention over and above twenty (20) hours.**

**1.1.3. If a Claimant is entitled to hourly compensation as set forth in Paragraph 1.1.1(b) or 1.1.2(b), the Claimant will receive compensation only for full hours or half hours, rounded down to the nearest half- or full-hour increment. For example, a Claimant with 12.8 hours of detention subject to hourly compensation would receive compensation for 12.5 hours.**

**1.2. Compensation for Wrongful Arrest Claims. Claimants who submit a Valid Claim for compensation as part of the Wrongful Arrest Settlement Class will be entitled to receive a payment equal to the Wrongful Arrest Amount for each distinct Wrongful Arrest.**

**1.3. Claims-Made Settlement. Settlement Benefits will be paid on a claims-made or reversionary basis. To receive Settlement Benefits, Settlement Class Members must submit a Valid Claim. The amount of the Aggregate Cap will be available to fund Valid Claims. If, after all Valid Claims are paid, the total amount paid to Settlement Class Members is less than the Aggregate Cap, then the excess funds shall be refunded to Tyler.**

**1.4. Aggregate Cap. Tyler's obligation to reimburse Valid Claims by paying Settlement Benefits shall not exceed the Aggregate Cap, in the total aggregate, for all payments to all Claimants. If the total amount of Valid Claims exceeds the**

**Aggregate Cap, all Valid Claims shall be reduced *pro rata*. With the exception of the amounts described in §§ 1.6, 7.2 & 7.3, Tyler's total financial obligation as part of the Settlement Agreement shall not exceed the Aggregate Cap.**

**1.5. Individual Cap. No individual Settlement Class Member may receive total Settlement Benefits in excess of the Individual Cap, in the total aggregate, regardless of the number of Settlement Claims submitted. For clarity, the Individual Cap applies to the total compensation owed to any individual Settlement Class Member, even if the Settlement Class Member is a member of both the Overdetention Settlement Class and the Wrongful Arrest Settlement Class; provided, however, that a Service Award does not count towards the Individual Cap.**

**1.6. Settlement Expenses. Tyler will pay the Settlement administration fees and expenses, including the cost of notice.**

**2. Procedure for Notice and Approval of Settlement**

**2.1. Motion for Preliminary Approval. Settlement Class Counsel will file with the Court a motion for preliminary approval of the Settlement Agreement requesting entry of the Preliminary Approval Order or an order substantially like such form in both terms and cost, requesting, among other things:**

**2.1.1. Certification of the Overdetention Settlement Class and the Wrongful Arrest Settlement Class for Settlement purposes only pursuant to § 2.2;**

**2.1.2. Preliminary approval of the Settlement Agreement as set forth herein;**

**2.1.3. Appointment of Gagan Gupta, Abraham Rubert-Schewel, and Zachary Ezor of Tin Fulton Walker & Owen PLLC and Akeeb Dami Animashaun as Settlement Class Counsel;**

**2.1.4. Appointment of Plaintiffs as Settlement Class Representatives;**

**2.1.5. Approval of the Short Notice to be distributed via publication as set forth in § 2.5, in a form substantially similar to Exhibit A;**

**2.1.6. Approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to Exhibit B, which, together with the Short Notice, shall include a fair summary of the Settling Parties' respective litigation positions, the general terms of the Settlement set forth in the Settlement Agreement, instructions for how to object to or opt out of the Settlement, the process and instructions for making Claims to the extent contemplated herein, the requested attorneys' fees and expenses, the requested Service Awards to Settlement Class Representatives, and the date, time, and place of the Final Approval Hearing;**

**2.1.7. Approval of the Overdetention Claim Form to be available on the Settlement Website for submitting claims and available in paper format, upon request, in a form substantially similar to Exhibit C;**

**2.1.8. Approval of the Wrongful Arrest Claim Form to be available on the Settlement Website for submitting Claims and available in paper format, upon request, in a form substantially similar to Exhibit D; and**

**2.1.9. Appointment of Kroll Settlement Administration LLC as the Claims Administrator.**

**2.2. Settlement Class Certification. The Settling Parties agree, for purposes of this Settlement only, to the certification of the Settlement Class. If the Settlement as set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, the certification of the Settlement Class provided for herein will be vacated, and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue. The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case, or action, as to which all of their rights are specifically preserved.**

**2.3. CAFA. Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, et seq. ("CAFA"), within ten (10) days after filing of the motion for preliminary approval, Tyler shall cause written notice of the Settlement to be sent to the Attorney General of the United States, the Attorney General of the State of North Carolina, and any other appropriate governmental agencies. The Settling Parties agree that the foregoing notices will satisfy the obligations of CAFA.**

**2.4. Settlement Website. Prior to the publication of notice to Settlement Class Members, the Claims Administrator shall establish the Settlement Website, which will inform Settlement Class Members of the terms of the Settlement**

**Agreement, their rights, dates and deadlines, and related information. The Settlement Website shall include, in PDF format, and made available for download, the Short Notice, Long Notice, Claim Forms, Preliminary Approval Order, Settlement Agreement, operative complaint filed in the Litigation, and any other materials agreed upon by the Settling Parties and/or required by the Court. The Settlement Website shall provide Settlement Class Members with the ability to complete and submit the Claim Form and supporting documentation electronically. The Settlement Website shall use a Uniform Resource Locator (URL) that identifies the internet address agreed upon by counsel for the Settling Parties. The Settlement Website shall not include any advertising and shall not bear or include any logos or trademarks of Tyler other than those appearing in the Settlement Agreement. The Claims Administrator will maintain and update the Settlement Website through the Claims Date.**

**2.5. Notice to Settlement Class Members. As soon as practicable after entry of the Preliminary Approval Order, but in any event no more than fourteen (14) days after entry of the Preliminary Approval Order, the Claims Administrator shall publish notice of the Settlement to potential Settlement Class Members in all publications in which such notice shall be published. Notice of the Settlement shall be made as set forth below.**

**2.5.1. Publication of the Short Notice in the *Asheville Citizen Times, Charlotte Observer, Fayetteville Observer, Greensboro News & Record, Raleigh News & Observer, Wilmington Star News,* and *Winston-Salem Journal.***

**2.5.2. Publication of the Short Notice and Long Notice on the Settlement Website.**

**2.5.3. Placement of internet advertising through inventory exchanges, Google channels, and Meta social media platforms. The advertisements will allow individuals who view them to self-identify as potential Settlement Class Members and access a link that will take them directly to the Settlement Website.**

**2.5.4. Distribution of a press release over Cision PR Newswire's North Carolina Newsline. This press release shall not be issued without approval from counsel for the Settling Parties.**

**2.5.5. The Claims Administrator will also mail copies of the Short Notice, Long Notice, and Claim Forms to Settlement Class Members who request such mailing and provide their direct mailing address.**

**2.5.6. The notice plan contemplated above and in the Settling Parties' agreement with the Claims Administrator is designed to achieve at least seventy percent (70%) reach. The Settling Parties recognize that direct mail notice is not practical under the circumstances and agree that publication notice is reasonably calculated under all the circumstances to apprise interested parties of the Settlement in compliance with due process requirements.**

**2.5.7. The Settling Parties also agree to implement any additional notice measures that they mutually agree upon after execution of this Settlement Agreement.**

**2.6. Toll-Free Number. No later than the publication of notice to Settlement Class Members, the Claims Administrator shall establish a toll-free phone number to provide Settlement Class Members with additional information about the Settlement and to respond to Settlement Class Members' questions. The Claims Administrator will maintain this toll-free number through the Claims Date.**

**2.7. Final Approval Motion. Settlement Class Counsel shall file a motion for final approval of the Settlement. Contemporaneously with the motion for final approval of the Settlement, counsel for the Settling Parties shall cause to be filed with the Court an appropriate affidavit or declaration demonstrating compliance with the requirements for notice to Settlement Class Members. The motion for final approval of the Settlement shall request that the Court enter an order:**

**2.7.1. Approving the Settlement Agreement;**

**2.7.2. Certifying the Settlement Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for Settlement purposes only;**

**2.7.3. Finding that the terms of the Settlement Agreement are fair, reasonable, and adequate to the Settlement Class;**

**2.7.4. Providing that each member of the Settlement Class who does not opt out shall be bound by the Settlement Agreement, including the Release;**

**2.7.5. Approving any timely and complete opt-out requests;**

**2.7.6. Finding that the notice to Settlement Class Members satisfies the requirements of due process;**

**2.7.7. Approving the Service Awards to Settlement Class Representatives;**

**2.7.8. Dismissing all claims made in the Litigation by Plaintiffs and the Settlement Class against Tyler on the merits and with prejudice, and entering final judgment thereon; and**

**2.7.9. Retaining jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement Agreement.**

## 3. Submission and Administration of Claims

**3.1. Deadline for Submission of Claims. Settlement Class Members seeking compensation under this Settlement Agreement must submit a Claim Form to the Claims Administrator, postmarked or submitted online, on or before the Claims Date. All Settlement Class Members who fail to timely submit a Claim for any Settlement Benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court or otherwise expressly agreed to by the Settling Parties in a written agreement, shall be forever barred from receiving any payment pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein, and the Judgment.**

**3.2. Process for Submitting Overdetention Claims. Claimants seeking compensation as part of the Overdetention Settlement Class must timely submit the following information:**

**3.2.1. An Overdetention Claim Form, submitted under penalty of perjury, containing:**

**(a) All of the Settlement Class Member's personal identifying information and contact information, as set forth in Section II of Exhibit C;**

**(b) If the Claimant is submitting a Claim on behalf of a deceased Settlement Class Member, all of the Claimant's personal identifying information and contact information, as set forth in Section III of Exhibit C;**

**(c) Responses to all questions included in Section IV of Exhibit C;**

**(d) Certification that the Claimant has a good faith basis to believe that the Settlement Class Member was subjected to an Overdetention, as set forth in Section 4.1 of Exhibit C;**

**(e) Certification that the Settlement Class Member was charged as an adult (not a juvenile) in connection with the criminal charge(s) that gave rise to the alleged Overdetention, as set forth in Section 4.9 of Exhibit C; and**

**(f) The Claimant's signature, under penalty of perjury, as requested in Section VI of Exhibit C. A Claimant may provide this signature electronically if the Claim Form is completed on the Settlement Website.**

**3.2.2. With the Overdetention Claim Form, the Claimant must provide the following documentation:**

**(a) If the Claimant is submitting the claim on his or her own behalf, a copy of the Claimant's driver's license or state ID card, provided, however, that if the Claimant does not have a driver's license or state ID card, he or she may (i) submit a copy of an alternative form of identification or (ii) provide his or her social security number;**

**(b) If the Claimant is submitting the Overdetention Claim Form on behalf of a deceased Settlement Class Member, (i) documentation sufficient to establish the Claimant's legal status as Personal Representative and (ii) a copy of the Claimant's driver's license or state ID card;**

**(c) Documentation or information sufficient to show the date and time the Settlement Class Member was released from pretrial detention in the relevant criminal case, provided however, that Settlement Class Counsel may submit such documentation or information to the Claims Administrator on the Claimant's behalf if the Claimant is unable to secure such documentation; and**

**(d) A completed Expunged Record Request Form attached to Exhibit C.**

**3.2.3.If a Claimant seeks compensation for multiple alleged Overdetention events, the Claimant must submit a separate Overdetention Claim Form and all required documentation for each alleged Overdetention event.**

**3.3. <u>Process for Submitting Wrongful Arrest Claims</u>. Claimants seeking compensation as part of the Wrongful Arrest Settlement Class must timely submit the following information:**

**3.3.1. A Wrongful Arrest Claim Form, submitted under penalty of perjury, containing:**

**(a) All of the Settlement Class Member's personal identifying information and contact information, as set forth in in Section II of Exhibit D;**

**(b) If the Claimant is submitting a Settlement Claim on behalf of a deceased Settlement Class Member, all of the Claimant's personal identifying information and contact information, as set forth in Section III of Exhibit D;**

**(c) Responses to all questions included in Section IV of Exhibit D;**

**(d) Certification that the Claimant has a good faith basis to believe he or she was subjected to a Wrongful Arrest, as set forth in Section 4.1 of Exhibit D;**

**(e) Certification that the Claimant has a good faith basis to believe that an error in software licensed by Tyler caused the Wrongful Arrest, as set forth in Section 4.8 of Exhibit D;**

**(f) An explanation sufficient to allow the Claims Administrator to determine whether the alleged Wrongful Arrest is fairly traceable to an error in software licensed by Tyler, as set forth in Section 4.9 of Exhibit D;**

**(g) Certification that the alleged Wrongful Arrest was made pursuant to a warrant for arrest or an order for arrest (not a warrantless arrest), as set forth in Section 4.10 of Exhibit D;**

**(h) Certification that the Settlement Class Member was charged as an adult (not a juvenile) in connection with the criminal charge(s) that gave rise to the alleged Wrongful Arrest, as set forth in Section 4.11 of Exhibit D; and**

**(i) The Claimant's signature, under penalty of perjury, as requested in Section VI of Exhibit D. A Claimant may provide this signature electronically if the Claim Form is completed on the Settlement Website.**

**3.3.2. With the Wrongful Arrest Claim Form, the Claimant must provide the following documentation:**

**(a) If the Claimant is submitting the claim on his or her own behalf, a copy of the Claimant's driver's license or state ID card, provided, however, that if the Claimant does not have a driver's license or state ID card, he or she may (i) submit a copy of an alternative form of identification or (ii) provide his or her social security number;**

**(b) If the Claimant is submitting the Claim Form on behalf of a deceased Settlement Class Member, (i) documentation sufficient to establish the Claimant's legal status as Personal Representative and (ii) a copy of the Claimant's driver's license or state ID card;**

**(c) Documentation sufficient to show that the Settlement Class Member was held at a detention facility, processing facility, or jail after their alleged Wrongful Arrest, provided, however, that Settlement Class Counsel may submit such documentation to the Claims Administrator on the Claimant's behalf if the Claimant is unable to secure such documentation; and**

**(d) A completed Expunged Record Request Form attached to Exhibit D.**

**3.3.3. If a Claimant seeks compensation for multiple alleged Wrongful Arrests, the Claimant must submit a separate Wrongful Arrest Claim Form and all required documentation for each alleged Wrongful Arrest.**

**3.4. Claimant Identification. No later than the Claimant Identification Date, the Claims Administrator will provide to counsel for the Settling Parties a list of all individuals who submitted Claim Forms on or before the Claims Date, along with copies of the submitted Claim Forms and accompanying documentation.**

**3.5. Submission of Criminal Case Records and Other Information. Pursuant to the process set forth below, the Settling Parties will submit to the Claims Administrator relevant criminal case records from Enterprise Justice and/or Electronic Warrants necessary to determine whether a submission qualifies as a Valid Claim and to calculate the amount of any compensation to be paid.**

**3.5.1. If necessary to satisfy any documentation requirements set forth herein for any Claimant who timely submits a completed Claim Form, and if criminal case records from Enterprise Justice or Electronic Warrants relevant to the Claim are publicly available, Tyler will obtain such records and submit them to the Claims Administrator.**

**3.5.2. If necessary to satisfy any documentation requirements set forth herein for any Claimant who timely submits a completed Claim Form, and if criminal cases relevant to the Claim have been expunged, Settlement Class Counsel will request the expunged records from the Clerk of Superior Court (the "Clerk") in the counties where the relevant criminal cases were adjudicated using the completed Expunged Record Request Forms attached to the Claim Form. Settlement Class Counsel and the Claimants will undertake a good faith effort to obtain necessary records from expunged criminal cases**

**relevant to any Claim, including but not limited to providing any additional documentation required by the Clerk to facilitate a request for expunged records. Settlement Class Counsel and the Claimants shall submit all requests for necessary records from expunged criminal cases no later than sixty (60) days after the Claimant Identification Date. Settlement Class Counsel shall ensure that all records received from the Clerk are delivered to the Claims Administrator (with a copy to Defendant's Counsel).**

**3.5.3. Counsel for the Settling Parties may submit to the Claims Administrator (with a copy to opposing counsel) any additional documents or information that they believe to be relevant to the Claims Administrator's administration of a Settlement Claim.**

**3.6. Claim Supplementation. If the Claims Administrator determines that a Claim is incomplete, unsigned, or does not contain all required documentation, the Claims Administrator shall request additional information ("Claim Supplementation") necessary to address such deficiencies. The Claims Administrator shall submit all requests for Claim Supplementation to the relevant Claimants, with a copy to counsel for the Settling Parties, no later than sixty (60) days after the Claimant Identification Date. All requests for Claim Supplementation must be resolved, and all Claim deficiencies cured, no later than one hundred and twenty (120) days after the Claimant Identification Date. If all defects are not timely cured, the Claim will be deemed incomplete and thus invalid, and Tyler shall bear no obligation to pay the Claim.**

**3.7. Authority to Administer Claims. The Claims Administrator shall administer and calculate submitted Claims. In its sole discretion, the Claims Administrator will determine: (i) whether the Claimant is a Settlement Class Member; (ii) whether the Claimant has submitted a complete Claim Form with all the necessary information, including any required documentation; (iii) whether the information submitted is sufficient to lead a reasonable person to believe that the Claimant is entitled to compensation; and (iv) the amount of compensation to which the Claimant is entitled.**

**3.8. Parameters for Overdetention Claims. In determining whether to accept or reject an Overdetention Claim and the amount of appropriate compensation, the Claims Administrator shall abide by the following parameters:**

**3.8.1. Solely for purposes of Settlement, an Overdetention Settlement Class Member will be considered to have satisfied all conditions for release at the following times:**

**(a) If the Overdetention Settlement Class Member was released from pretrial detention pursuant to a secured bond, the later of: (i) the time the Enterprise Justice system data shows that a "bond posted" event was "created" (*i.e.*, when the payment of a monetary bond was entered), or (ii) the time at which the Claimant was no longer subject to any detention holds. The "created" time is reflected in the "Case Summary" or other documentation provided to the Claims Administrator.**

**(b) If the Overdetention Settlement Class Member was released from pretrial detention pursuant to an unsecured bond or written promise to appear, the later of: (i) the time the Enterprise Justice system data shows that the release order granting an unsecured bond or written promise to appear was "created" (*i.e.*, the time the operative release order was entered), or (ii) the time at which the Claimant was no longer subject to any detention holds. The "created" time is reflected in the "Case Summary" or other documentation provided to the Claims Administrator.**

**(c) For releases pursuant to the dismissal of all criminal charges, the later of: (i) the time the Enterprise Justice system data shows that the dismissal of criminal charges was "created" (*i.e.*, the time the dismissal event was entered), or (ii) the time at which the Claimant was no longer subject to any detention holds. The "created" time is reflected in the "Case Summary" or other documentation provided to the Claims Administrator.**

**(d) In cases where the court entered multiple release orders, the Claims Administrator must review the release orders entered in the case to determine which release order was the operative order pursuant to which the Claimant was released from pretrial detention. The Claims Administrator will be provided with copies of release orders for purposes of making this determination.**

**3.8.2.The Claims Administrator shall review documentation or information provided by the Claimant and the Settling Parties to establish the time the Claimant was released from pretrial detention.**

**3.8.3. The Claims Administrator must confirm, based on information provided by the Claimant and Settling Parties, that the Claimant falls within the Overdetention Settlement Class definition and is not subject to any exceptions.**

**3.9. <u>Parameters for Wrongful Arrest Claims</u>. In determining whether to accept or reject a Wrongful Arrest Claim, the Claims Administrator shall abide by the following parameters:**

**3.9.1. All Claims must be fairly traceable to an error in software licensed by Tyler. No Wrongful Arrest Claim will be considered fairly traceable to an error in software licensed by Tyler unless the Claimant certifies under penalty of perjury that he or she has a good faith basis to believe that such an error caused their Wrongful Arrest. To determine whether the Wrongful Arrest Claim is fairly traceable to an error in software licensed by Tyler, the Claims Administrator shall consider the explanation provided on the Claim Form and whether it is sufficient to lead a reasonable person to believe that there is a plausible link between the Claimant's arrest and an error in software licensed by Tyler.**

**3.9.2. For purposes of determining whether a Claimant was held at a detention facility, processing facility, or jail after the arrest for which the**

**Claimant seeks Settlement Benefits, the Claims Administrator shall review documentation or information provided by the Claimant or the Settling Parties.**

**3.9.3. For purposes of determining whether a Claimant was arrested pursuant to a warrant for arrest or order for arrest, the Claims Administrator shall review the Case Summary document and any other documentation provided by the Claimant or the Settling Parties.**

**3.9.4. The Claims Administrator must confirm, based on information provided in the Claim Form and accompanying documentation, that the Claimant falls within the Wrongful Arrest Settlement Class definition and is not subject to any exceptions.**

**3.10. Claimant Identification. The Claims Administrator shall not accept a Claim as valid unless the Claimant or Personal Representative provides a copy of a driver's license, state ID card, or other information sufficient to verify the Claimant's identity and authority to submit the Claim.**

**3.11. Challenges and Rebuttals. Defendant's Counsel may submit documentation or information challenging whether a Claimant is entitled to receive compensation and/or the amount of compensation the Claimant should receive. If Defendant's Counsel chooses to submit such documentation or information, it must do so by the later of (1) sixty (60) days after the Claimant Identification Date or (2) twenty (20) days after receiving all information related to the claim. Settlement Class Counsel may submit documentation or information rebutting a challenge submitted**

**by Defendant's Counsel. If Settlement Class Counsel chooses to submit such documentation or information, it must do so by the later of (1) 120 days after the Claimant Identification Date or (2) within twenty (20) days of the date that Defendant's Counsel submits documentation or information challenging the Claim. All submissions under this Paragraph shall be sent to the Claims Administrator with a copy to opposing counsel.**

**3.12. <u>Final Claim Decisions</u>. After receiving and considering all submitted Claims and documentation (including expunged case information, additional information received in response to Claim Supplementation requests, and information in connection with challenges and rebuttals), the Claims Administrator shall render a final decision on each Claim. The Claims Administrator shall endeavor to render final claim decisions as soon as practicable, and in any event no later than one hundred and eighty (180) days after the Claimant Identification Date. Before rendering a final decision on any Claim, the Claims Administrator shall confirm whether counsel for the Settling Parties intend to submit documentation or information challenging the Claim (if Defendant's Counsel has not done so already) or rebutting the claim (if Settlement Class Counsel has not done so already). The Claims Administrator's final decision of whether a Settlement Claim is a Valid Claim and the appropriate amount of compensation shall be binding, provided, however, that all Claims agreed to be paid by Tyler shall be deemed a Valid Claim.**

**3.13. <u>Reporting Requirements</u>. Between the Notice Date and the time that all Claimants with Valid Claims have received payment, the Claims Administrator will**

**provide bi-weekly reports to Defendant's Counsel and Settlement Class Counsel regarding Claims submitted, the Claims Administrator's final decisions on each Claim, and the appropriate amount of compensation to each Claimant (if any). The Claims Administrator shall also provide Defendant's Counsel and Settlement Class Counsel with access to all Claim Forms and documentation submitted with the Claims. Within fourteen (14) days after rendering final determinations on all timely Claims, the Claims Administrator shall issue a report containing the names of all Claimants with Valid Claims, the amount of compensation due to each, and the total amount of compensation due to Settlement Class Members ("Final Report").**

**3.14. <u>Payment</u>. Within thirty (30) days of the Effective Date or within thirty (30) days after receipt of the Final Report, whichever is later, Tyler shall remit to the Claims Administrator funds equal to the total amount of compensation due to Settlement Class Members as reported in the Final Report. The Claims Administrator will submit payment to Claimants for Valid Claims within thirty (30) days after receipt of funds from Tyler. Claimants with Valid Claims can elect their preferred method of payment, including ACH, prepaid card, Venmo, Paypal, Zelle, or check. If a Claimant elects to be paid via check, the payment will be considered to have been submitted to the Claimant on the date that the mailing containing the check is postmarked.**

**3.15. <u>Payment via Check</u>. For all payments issued via check, such checks shall be void one-hundred and eighty (180) days after issuance and shall bear the language: "This check must be cashed within one-hundred and eighty (180) days, after which**

**time it is void." If a check becomes void, the Settlement Class Member shall have until the later of the following two dates to request re-issuance: (i) six (6) months after the Effective Date, or (ii) nine (9) months after the Claims Administrator's deadline to submit payment to Claimants for Valid Claims set forth in § 3.14. If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of Settlement Benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and Tyler shall have no obligation to make payments to the Settlement Class Member for any type of monetary relief. The same provisions shall apply to any re-issued check. For any checks that are issued or re-issued for any reason more than one hundred and eighty (180) days from the Effective Date, requests for re-issuance need not be honored after such checks become void. All other provisions of this Settlement Agreement remain in full force and effect.**

**3.16. Final Accounting. Within thirty (30) days after all payments to Settlement Class Members are completed and the time for re-issuance of any checks has passed, the Claims Administrator shall provide to the Settling Parties a final accounting reporting all payments made to Settlement Class Members and, within ten (10) days after providing such final accounting, shall ensure that any excess funds paid pursuant to § 3.14 are returned to Tyler.**

**3.17. Limitation of Claims. No Person shall have any claim against the Claims Administrator, Tyler, the Released Entities, Settlement Class Counsel, Plaintiffs, and/or Defendant's Counsel based on determinations or distributions of Settlement**

**Benefits to Settlement Class Members or any other matters related to Claims Administration.**

**3.18. Confidentiality. Information submitted by Claimants, the Settling Parties, or their counsel in connection with submitted Claims under this Settlement Agreement shall be treated as "Confidential" under the Stipulated Protective Order entered in the Litigation (ECF No. 127) and protected as such by the Claims Administrator, Settlement Class Counsel, and Defendant's Counsel. Before receiving information submitted by Settlement Class Members, the Claims Administrator will execute a copy of the Acknowledgement and Certification and thus agree to be bound by the Stipulated Protective Order.**

**4. Opt-Out Procedures**

**4.1. Each Person wishing to opt out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated address established by the Claims Administrator. The written notice must clearly indicate the Person's intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than sixty (60) days after the Notice Date ("Opt-Out Date").**

**4.2. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in § 4.1 above, referred to herein as "Opt-Outs," shall not receive any cash benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set**

**forth in § 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon, including the release set forth in § 6.**

**4.3. Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to counsel for the Settling Parties a complete list of all timely and valid requests for exclusion.**

**4.4. Tyler may, in its discretion, terminate this Settlement Agreement in accordance with the termination provisions set forth in § 8 if the percentage of Settlement Class Members who request exclusion from the Settlement Class exceeds a number that has been confidentially agreed among the Settling Parties. The Settling Parties agree that this number shall remain confidential and shall not be disclosed in any public filings with the Court.**

**5. Objection Procedures**

**5.1. Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection no later than sixty (60) days after the Notice Date ("Objection Date"). Such objection notice shall state: (i) the case name and number of the Litigation (*Chaplin et al. v. Tyler Technologies, Inc., et al.*, Case No. 1:23-cv-00423-WO-JGM (United States District Court for the Middle District of North Carolina)); (ii) the objector's full name, address, telephone number, and e-mail address (if any); (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;**

**(v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement as to whether the objector and/or his or her counsel wish to appear at the Final Approval Hearing; (vii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (viii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years. To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court, located at L. Richardson Preyer Courthouse, 324 Market Street, Greensboro, North Carolina 27401, under the caption *Chaplin et al. v. Tyler Technologies, Inc., et al.*, Case No. 1:23-cv-00423-WO-JGM, no later than sixty (60) days after the Notice Date, and served concurrently therewith upon Settlement Class Counsel (Gagan Gupta, Tin Fulton Walker & Owen PLLC, 119 Orange Street, Floor 2, Durham, NC 27701) and Defendant's Counsel (Patrick Hill, Robinson, Bradshaw & Hinson, 600 S. Tryon Street, Suite 2300, Charlotte, North Carolina 28246).**

**5.2. Any Settlement Class Member who fails to comply with the requirements for objecting in § 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation, including the Judgment and the release set forth in § 6. The exclusive means for any challenge to the Settlement Agreement shall be**

**through the provisions of § 5.1. Without limiting the foregoing, any challenge to the Settlement Agreement or the Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.**

**6. <u>Release</u>**

**6.1. Settlement Class Members who do not opt out of the Settlement in accordance with the Court-approved opt-out procedures and deadlines, as set forth in § 4, are bound by this release set forth in this § 6.**

**6.2. The obligations incurred under this Settlement Agreement shall be in full and final disposition of the Litigation and of any and all Released Claims (including Unknown Claims) against all Released Entities.**

**6.3. Upon the Effective Date, each Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims). Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the Settlement as provided herein) in which any of the Released Claims (including Unknown Claims) is asserted.**

**6.4. The Settling Parties agree that the provisions of this Section 6 of the Settlement Agreement are material and indispensable terms of the Settlement.**

**7. <u>Attorneys' Fees, Expenses, and Service Awards to Plaintiffs</u>**

**7.1. To facilitate the Settling Parties' agreement, Plaintiffs and Settlement Class Counsel agree not to seek attorneys' fees and expenses in an amount greater than $503,500.00. Tyler agrees not to oppose a motion for fees and expenses in this Litigation in accordance with this limit. The Settling Parties did not discuss or agree upon payment of attorneys' fees and expenses until after they agreed on all material terms of relief to the Settlement Class Members.**

**7.2. Tyler shall pay such attorneys' fees and expenses of Settlement Class Counsel in the Litigation as may be approved by the Court, provided that Tyler shall have no obligation to pay a total amount of attorneys' fees and expenses that exceed $503,500.00.**

**7.3. Tyler also agrees not to contest a request for a service award up to $5,000.00 to each Settlement Class Representative (for a maximum total amount of $45,000.00), subject to Court approval ("Service Award"). Tyler shall pay any Service Award to Settlement Class Representatives in addition to any Settlement Benefits provided to Settlement Class Members to which the Settlement Class Representatives may be entitled. The Settling Parties did not discuss or agree upon payment of a Service Award to Settlement Class Representatives until after they agreed on all material terms of relief to the Settlement Class Members.**

**7.4. Tyler shall pay attorneys' fees and expenses and any Service Award to Settlement Class Representatives, as set forth above in this § 7, to Gagan Gupta of Tin Fulton Walker & Owen, PLLC, care of its IOLTA account, who shall distribute (i)**

**the award of attorneys' fees and expenses among Settlement Class Counsel, and (ii) the Service Award to Settlement Class Representatives. This payment shall be made no later than thirty (30) days after the later of (i) the date the Judgment becomes Final, (ii) the Court's entry of an order awarding attorneys' fees and expenses and a Service Award, if any, if after the date the Judgment becomes Final, or (iii) the provision of account information and wiring instructions for the Tin Fulton Walker & Owen, PLLC IOLTA account.**

**7.5. The amount(s) of any award of attorneys' fees and expenses, and the Service Award to Settlement Class Representatives, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. These payments will not in any way reduce the consideration being made available to the Settlement Class as described herein. No order of the Court or modification or reversal or appeal of any order of the Court concerning the amount(s) of any attorneys' fees and expenses awarded by the Court to Settlement Class Counsel and Service Award to Settlement Class Representatives shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.**

## 8. Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

**8.1. The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:**

**8.1.1. The Court has entered the Preliminary Approval Order as described in § 2.1;**

**8.1.2. Tyler has not exercised its option to terminate the Settlement Agreement pursuant to § 4.4;**

**8.1.3. The Court has entered the Judgment; and**

**8.1.4. The Judgment becomes Final.**

**8.2. If any of the conditions specified in § 8.1 is not satisfied, the Settlement Agreement shall be cancelled and terminated subject to § 8.3 unless Settlement Class Counsel and Defendant's Counsel mutually agree in writing to proceed with the Settlement Agreement.**

**8.3. In the event that the Settlement Agreement or the releases set forth in § 6 above are not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms: (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled deadlines in the Litigation be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel; and (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, nunc pro tunc; provided that, if the Settlement Agreement or the releases set forth in § 6 above are not approved by the Court, or if the Court otherwise**

**identifies deficiencies in the Settlement, the Settling Parties shall first meet and confer in good faith and use their best efforts to address the Court's concerns, revise the Settlement Agreement as necessary, and seek approval of a modified settlement on terms mutually acceptable to the Settling Parties. Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, expenses, and/or Service Award shall constitute grounds for cancellation or termination of the Settlement Agreement.**

**9. Miscellaneous Provisions**

**9.1. The Settling Parties (i) acknowledge that it is their intent to consummate this Settlement Agreement; and (ii) agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.**

**9.2. The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement resolves all claims in the Litigation and shall not be deemed an admission of liability by Tyler or the Released Entities and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the Settlement was negotiated in good faith by the Settling Parties and reflects an agreement that was reached voluntarily after consultation with competent legal counsel. It is agreed that no Settling Party shall have any liability to any other**

**Settling Party as it relates to the Litigation, except as set forth in the Settlement Agreement.**

**9.3. Neither the Settlement Agreement, nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Entities; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, liability, or omission of any of the Released Entities in any civil, criminal, regulatory, or administrative inquiry or proceeding in any court, administrative agency, or other tribunal. Any of the Released Entities may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or any similar defense or counterclaim.**

**9.4. The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.**

**9.5. This Settlement Agreement, along with the Confidential Supplemental Agreement Regarding Opt-Out Termination Right referenced in § 4.4 and entered separately by the Settling Parties, contains the entire understanding between Tyler and Plaintiffs regarding the Settlement of the Litigation and supersedes all previous**

**negotiations, agreements, commitments, understandings, and writings between Tyler and Plaintiffs in connection with the Settlement.**

**9.6. Except as otherwise provided herein, each Settling Party shall bear its own costs.**

**9.7. Settlement Class Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class that Plaintiffs deem appropriate to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.**

**9.8. The Settling Parties and their counsel agree not to disparage or otherwise make negative statements concerning any other Settling Party or Released Entity in any manner that is likely to be harmful to the Settling Parties or Released Entities or their business, business reputation, professional reputation, or personal reputation. The Settling Parties further agree that they shall not encourage, request, or direct any third party to engage in any such disparagement or to make any such statement. Notwithstanding the foregoing, the Settling Parties may provide truthful statements: (a) made in confidence to a law enforcement agency for the purpose of participating in the investigation of an alleged violation of law; (b) to the extent required in response to any lawful requests of a government agency or legal process; or (c) for legitimate business purposes.**

**9.9. Except for the information provided in filings with and statements to the Court, no Settling Party or their counsel shall make any public statement concerning the Settlement that discusses the operation, design, functionality, or allegations about any software developed, sold, or licensed by Tyler.**

**9.10. Each Person executing the Settlement Agreement on behalf of any Settling Party warrants that such Person has the full authority to do so.**

**9.11. The Settlement Agreement may be executed in one or more counterparts. All executed counterparts shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.**

**9.12. The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties. No assignment of this Settlement Agreement will be valid without the other Settling Party's prior written permission.**

**9.13. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Settlement Agreement.**

**9.14. The Settling Parties, Settlement Class Counsel, and Defendant's Counsel have made no representation or warranty with respect to any tax treatment by any Settlement Class Member of any payment or transfer made pursuant to this Settlement Agreement. Each Settlement Class Member shall be solely responsible for**

**the federal, state, and local tax consequences of the receipt of funds pursuant to this Settlement Agreement. Settlement Class Counsel will act as they determine is required by the Internal Revenue Code in reporting any Settlement Benefit, Service Award, or attorneys' fees or expenses received pursuant to the Settlement Agreement.**

**9.15. All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.**

**9.16. The Settling Parties agree and stipulate that this Settlement Agreement was negotiated on an "arms-length" basis between parties of equal bargaining power. Also, the Settlement Agreement has been drafted jointly by the Settling Parties' respective counsel. Accordingly, this Settlement Agreement shall be neutral, and no ambiguity shall be construed in favor of or against any of the Settling Parties.**

**9.17. In the event that one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect the other provisions of the Settlement Agreement, which shall remain in full force and effect as though the invalid, illegal, or unenforceable provision(s) had never been a part of this Settlement Agreement, as long as the benefits of this Settlement Agreement to Defendant or the Class Members are not materially altered, positively or negatively, as a result of the invalid, illegal, or unenforceable provision(s).**

**9.18. There shall be no waiver of any term or condition in this Settlement Agreement absent an express writing to that effect by the waiving Party. No waiver of any term or condition in this Settlement Agreement shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Settlement Agreement.**

**9.19. This Settlement Agreement shall be construed under and governed by the laws of the State of North Carolina, without regard to applicable choice of law rules.**

**9.20. The headings used in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.**

**9.21. All time periods provided for in this Settlement Agreement are in calendar days, inclusive of weekends and holidays. Should any deadline fall on a weekend or federal holiday, the deadline will be moved to the first day thereafter that is not a weekend or federal holiday.**

**9.22. All monetary amounts in this Settlement Agreement are listed in United States Dollars.**

**SIGNATURE PAGE FOLLOWS**

IN WITNESS WHEREOF, the parties hereto, and intending to be legally bound hereby, have duly executed this Settlement Agreement as of the _____ day of ______________________, 2026.

**AGREED TO BY:**

| | |
|---|---|
| [signature] | [signature] |
| **Signature** | **Signature** |
| GAGAN GUPTA | Abby Diaz |
| **Name** | **Name** |
| OCTOBER 9, 2026 | October 11, 2026 |
| **Date** | **Date** |
| ***For Plaintiffs, individually and on behalf of the Settlement Classes*** | ***For Tyler Technologies, Inc.*** |